THE HONORABLE THOMAS S. ZILLY

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

9

10  | KEVIN PINE, individually and on behalf of all others similarly situated, | Case No. 17-cv-1826

11  | Plaintiff,

12  | v. | **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS (DKT. 50)**

13  | A PLACE FOR MOM, INC., a Delaware corporation,

14  | | **Noting Date: February 9, 2018[1]**

15  | Defendant.

16

17

18

19

20

21

22

23

24

25  [1] Under Local Rule 7, Plaintiff's opposition to Defendant's motion to dismiss is due on Monday, February 12, 2018.  Because Plaintiff's motion to strike would also provide relief from the

26  February 12 opposition deadline, Plaintiff set a two-week noting date applicable to motions for relief from a deadline.  *See* L.R. 7(d)(2)(A).

27

28  PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S MOTION TO DISMISS                    - 1 -
Case No. 17-cv-1826
1498606.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA  98121
Tel: (206) 739-9059

1

## I.      **INTRODUCTION**

2

3       Plaintiff respectfully moves the Court to strike Defendant A Place for Mom, Inc.'s Motion

4  to Dismiss (Dkt. No. 50) as untimely and improper under the Federal Rules of Civil Procedure.

## II.     **LEGAL STANDARD**

5       Rule 12 provides that "[a] defendant must serve an answer within 21 days after being

6  served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i).  The filing of a Rule 12

7  motion tolls that deadline.  Fed. R. Civ. P. 12(a)(4).  However, once a court issues an order

8  resolving a Rule 12 motion, the tolling period ends and an answer must be filed **within 14 days**.

9  Fed. R. Civ. P. 12(a)(4)(A) ("If the court denies the motion or postpones its disposition until trial,

10 the responsive pleading must be served within 14 days after notice of the court's action"); *see also*

11 *Morrison v. Mahoney*, 399 F.3d 1042, 1047 (9th Cir. 2005) ("[A] motion to dismiss is not

12 a responsive pleading within the meaning of the Federal Rules of Civil Procedure."); *Shaver v.*

13 *Operating Eng'rs Local 428 Pension Tr. Fund*, 332 F.3d 1198, 1201 (9th Cir. 2003) ("the motion

14 to dismiss was not a responsive pleading"); *Stejic v. Aurora Loan Servs., LLC*, No. 09-819-PHX-

15 GMS, 2009 WL 2970497, at *1 (D. Ariz. Sept. 11, 2009) ("a responsive pleading includes an

16 answer, or a reply to an answer, but not a motion").

17       The Court has inherent authority to strike any kind of document.  *See, e.g.*, *Ready Transp.,*

18 *Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Iota Xi Chapter of Sigma Chi*

19 *Fraternity v. Patterson*, 566 F.3d 138, 150 (4th Cir. 2007).  These "powers are governed not by

20 rule or statute but by the control necessarily vested in courts to manage their own affairs so as to

21 achieve the orderly and expeditious disposition of cases."  *Chambers v. NASCO, Inc.*, 501 U.S. 32

22 at 43 (1991) (internal quotation marks omitted).  And "Courts of justice are universally

23 acknowledged to be vested, by their very creation, with power to impose silence, respect, and

24 decorum, in their presence, and submission to their lawful mandates."  *Id.* (internal quotation

25 marks omitted).

26

27

28

1

### III.   <u>ARGUMENT</u>

2   Defendant's Motion to Dismiss is untimely and should be stricken.

3   This class action lawsuit was filed in the United States District Court for the Northern

4   District of Illinois on August 7, 2017.  *See* Dkt. 1.  On September 16, 2017, Defendant filed a

5   motion to stay proceedings in lieu of filing a responsive pleading to Plaintiff's class action

6   complaint.  *See* Dkt. 14.  That motion tolled the deadline to answer Plaintiff's class action

7   complaint. *See* Fed. R. Civ. P. 12(a)(4).  On October 17, 2017, the court granted Plaintiff's

8   motion to file an amended complaint, Dkt. 28, and Plaintiff Kevin Pine filed a First Amended

9   Class Action Complaint.  Dkts. 30-31.

10   On November 3, 2017, the parties filed a stipulation resolving Defendant's motion to stay.

11   Dkt. 32.  Specifically, Plaintiff agreed to Defendant's request to transfer this action to the

12   Western District of Washington.  *Id.*  In exchange, Defendant explicitly agreed that "Defendant

13   APFM withdraws its Motion to Stay and hereby represents that it will not . . . file a motion to stay

14   this case based on the pendency of the D.C. Circuit appeal should the Court transfer this action to

15   [the] Western District of Washington."  *Id.* at 3.  On November 6, 2017, the court entered an

16   order withdrawing Defendant's motion to stay and transferring the action to this District.  *See*

17   Dkt. 33.

18   That order triggered Defendant's obligation to file a responsive pleading by November 20,

19   2017.  *See* Fed. R. Civ. P. 12(a)(4)(A) ("[T]he responsive pleading must be served within 14 days

20   after notice of the court's action.").  Because that deadline passed without Defendant filing any

21   Rule 12 motion, Defendant is required to file an answer.

22   On or about December 12, 2017 – *after* the deadline passed – Plaintiff's counsel reached

23   out to Defendant's counsel to inquire when Defendant would file a response to the First Amended

24   Class Action Complaint.  *See* the Declaration of Gary M. Klinger attached hereto as Exhibit A

25   ("Klinger Decl."), ¶ 3.  On or about December 19, 2017, Plaintiff's counsel again reached out to

26   Defendant's counsel to inquire when Defendant would file a "responsive pleading" to the

27

28

PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S MOTION TO DISMISS
Case No. 17-cv-1826
1498606.2

- 3 -

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA  98121
Tel: (206) 739-9059

1  Complaint.[2]  *Id.* at ¶ 4.  On or about December 28, 2017, Plaintiff's counsel reached out to

2  Defendant's counsel for the third time to inquire when Defendant would file a response to the

3  Complaint.  *Id.* at ¶ 5.

4        After several weeks, on December 29, 2017, Defendant's counsel finally responded with

5  an email stating "I will get back to you with a proposed response date by Tuesday of next week."

6  *Id*. at ¶ 6.  On January 2, 2018, Defendant's counsel requested an additional 30 days to file a

7  response.  *Id.* at ¶ 7.  After a period of meeting and conferring, Plaintiff confirmed the parties'

8  agreement with an email stating:  "Plaintiff is agreeable with a deadline of January 25th for

9  APFM to file its response."  *Id.* at ¶ 8.

10        On January 25, 2018, Defendant filed a motion to dismiss rather than an answer.  Dkt. 50.

11  Confused, Plaintiff's counsel immediately contacted Defendant's counsel.  *See* email

12  correspondence dated January 25, 2018 attached hereto as Exhibit B.  Defendant's counsel claims

13  that he recalled mentioning a motion to dismiss in his phone calls with Plaintiff's counsel in

14  January 2018.  *Id.*; *see also* Klinger Decl., ¶¶ 9-10.  Plaintiff's counsel, however, has no such

15  recollection – and the parties' written correspondence makes no mention of a motion to dismiss.

16  *Id*. at ¶ 11.

17        Based on this record, Rule 12 precludes any motion to dismiss by Defendant.  Plaintiff

18  specifically negotiated with Defendant for it to withdraw its motion to stay.  Based on the parties'

19  stipulation, the court in the Northern District of Illinois withdrew Defendant's motion to stay.

20  The result of that court-ordered withdrawal is that Defendant's deadline to file any Rule 12

21  motion was November 20, 2017.  That deadline passed without Defendant filing any motion.

22  Having missed that deadline, Defendant was left only with the option of filing an answer.  When

23  Defendant's counsel reached out about an extension, it never specified that it was requesting an

24  extension to file an already untimely motion to dismiss; it asked only for more time to file a

25

26  [2] *See Morrison*, 399 F.3d at 1047 ("[A] motion to dismiss is not a responsive pleading within the meaning of the Federal Rules of Civil Procedure.").

27

28  PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S MOTION TO DISMISS
Case No. 17-cv-1826
1498606.2

- 4 -

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA  98121
Tel: (206) 739-9059

1    "response."  Plaintiff's counsel only ever understood that to be the nature of the request and their

2    agreement:  as a courtesy, they were allowing Defendant to file a late answer, not reviving a

3    passed deadline to move to dismiss.  Represented by able and well-qualified counsel, Defendant

4    should be held to the straightforward mandate of Rule 12 and its own stipulation, which dictate

5    that its deadline to file any Rule 12 motion passed on November 20, 2017.

6            There was no agreement or stipulation to revive that deadline.  Indeed, any discussions in

7    January 2018 could not have revived – and did not revive – a deadline that passed two months

8    ago.

9
10   **IV.    <u>CONCLUSION</u>**

            For the foregoing reasons, Plaintiff respectfully requests that the Court strike Defendant's
11
12   motion to dismiss and require it to file an answer to Plaintiff's class action complaint.

13                                                  Respectfully submitted,

14
15   Dated: January 26, 2018                 By:___*/s/ Sharon M. Lee*_____
                                                 Sharon M. Lee, WA Bar No. 37170
16                                               LIEFF CABRASER HEIMANN &
                                                 BERNSTEIN, LLP
17                                               2101 Fourth Avenue, Suite 1900
                                                 Seattle, WA  98121
18                                               Telephone:  (206) 739-9059
                                                 Facsimile:  (415) 956-1008
19                                               E-mail:  slee@lchb.com

20                                               LIEFF CABRASER HEIMANN &
                                                 BERNSTEIN, LLP
21                                               Daniel M. Hutchinson
                                                 275 Battery Street, 29th Floor
22                                               San Francisco, CA  94111-3339
                                                 Telephone:  (415) 956-1000
23                                               Facsimile:  (415) 956-1008
                                                 E-mail: dhutchinson@lchb.com
24
25
26
27
28   PLAINTIFF'S MOTION TO STRIKE              LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
     DEFENDANT'S MOTION TO DISMISS                            2101 Fourth Avenue, Suite 1900
     Case No. 17-cv-1826              - 5 -                          Seattle, WA  98121
     1498606.2                                                      Tel: (206) 739-9059

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Jonathan D. Selbin
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592
E-mail:  jselbin@lchb.com

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
John T. Spragens
222 2nd Ave S, Suite 1640
Nashville, TN 37201
Telephone:  (615)313-9000
Facsimile:   (615) 313-9965
E-mail:  jspragens@lchb.com

KOZONIS LAW, LTD.
Gary M. Klinger
Ryan F. Sullivan
4849 N. Milwaukee Ave., Ste. 300
Chicago, Illinois 60630
Telephone: (773) 545-9607
Facsimile: (773) 496-8617
E-mail:  gklinger@kozonislaw.com
E-mail:  rsullivan@kozonislaw.com

*Counsel for Plaintiffs and the Proposed
Classes*

PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S MOTION TO DISMISS
Case No. 17-cv-1826
1498606.2

- 6 -

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA  98121
Tel: (206) 739-9059

1

**<u>CERTIFICATE OF SERVICE</u>**

2          I hereby certify that on January 26, 2017, a copy of the foregoing was filed electronically.

3    Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

4    indicated on the electronic filing receipt. Parties may access this filing through the Court's

5    electronic filing system.

6                                                        /s/ *Sharon M. Lee*
                                                         Sharon M. Lee
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   PLAINTIFF'S MOTION TO STRIKE
     DEFENDANT'S MOTION TO DISMISS                - 7 -
     Case No. 17-cv-1826
     1498606.2

                                                         LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                                         2101 Fourth Avenue, Suite 1900
                                                         Seattle, WA  98121
                                                         Tel: (206) 739-9059