THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN PINE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>A PLACE FOR MOM, INC., a Delaware corporation,<br><br>Defendant. | No.  C17-01826 TSZ<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Note on Motion Calendar: February 16, 2018<br><br>*Oral Argument Requested* |

### I.   INTRODUCTION

The facts of this case are straightforward and the deficiencies with Plaintiff's First Amended Complaint ("FAC" or "Complaint") are clear. Plaintiff provided his phone number to A Place For Mom in connection with a request for information about senior living facilities, FAC ¶¶ 41, 42, and A Place For Mom, in response, called Plaintiff about his senior living needs, *id. ¶* 44. Now, Plaintiff is attempting to drum up a lawsuit based on the alleged technicality that when A Place For Mom's live representative called him, A Place For Mom used an autodialer to place the call. To be clear, had Plaintiff not alleged use of an autodialer, the Telephone

DEFENDANT'S REPLY ISO
MOTION TO DISMISS FAC
(No. C17-01826 TSZ)–1

138623272.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, would not apply at all—regardless of the subject matter of A Place For Mom's calls. But *even if* A Place For Mom used an autodialer to place calls to Plaintiff, it obtained Plaintiff's consent to place those calls: *Plaintiff himself* provided A Place For Mom with his phone number, and *Plaintiff himself* requested the information that A Place For Mom provided him. Calls from referral services simply do not automatically trigger heightened consent requirements, as Plaintiff alleges, and Plaintiff can cite no case to the contrary.

In opposition, Plaintiff attempts to distract the Court with numerous allegations that are not in his Complaint and which have little bearing on the legal issues raised in A Place For Mom's motion. When stripped of this extraneous material, Plaintiff's opposition consists of little more than strained argument that two distinguishable district court decisions from the Northern District of Illinois, *Sullivan* and *Barrera*, should control the outcome of this case. Those two cases have little in common with this case, other than the fact that the plaintiffs involved were represented by the same counsel as here. Based on the Complaint and the law—not the opposition's hyperbole—Plaintiff's Complaint should be dismissed with prejudice.

## II.     ARGUMENT

### A.     A Place For Mom's Motion to Dismiss Was Timely

Plaintiff's untimeliness argument fails for the plain reason that Plaintiff stipulated to the date on which A Place For Mom responded (and for all of the other reasons stated in A Place For Mom's opposition to Plaintiff's motion to strike). *See* Dkt. 53. A Place For Mom rests on that briefing, other than to point out that *Contour IP Holding, LLC v. GoPro, Inc.*, which Plaintiff cites in his opposition, supports A Place For Mom's position, not Plaintiff's. No. 3:17-cv-04738-WHO, 2017 WL 5525851 (N.D. Cal. Nov. 17, 2017). In that case, "the parties previously stipulated that a *response* was due by December 1, 2016," but, "[i]nstead of filing a responsive pleading *or a motion under Rule 12(b)* by December 1," GoPro filed a renewed motion to stay, which the court concluded did not comply with the parties' stipulation. *Id.* at *5 (emphases

DEFENDANT'S REPLY ISO
MOTION TO DISMISS FAC
(No. C17-01826 TSZ)–2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

138623272.1

added). Here, as in *Contour IP Holding*, the parties stipulated that a "response" was due by a date certain. However, unlike in *Contour IP Holding*, A Place For Mom actually did file a Rule 12(b) motion to dismiss on that date. *See* Dkt. 50. Additionally, in *Contour IP Holding* the court noted that it had been two years since the complaint was filed and that discovery had proceeded while the case was in the transferor court. 2017 WL 5525851, at *5. Here, Plaintiff's FAC was filed only three months ago and discovery was only served this month. The Court should decide A Place For Mom's motion on the merits, rather than allowing the case to proceed when no claim can be stated as a matter of law.

### B. A Place For Mom's Informational Calls to Plaintiff Did Not Require Heightened Consent

Plaintiff takes two primary tacks to try to convince the Court that A Place For Mom needed more than prior express consent when it called Plaintiff. One involves an improper attempt to change the facts alleged in his Complaint, and the other involves asking the Court to make new law. Both tacks fail.

#### 1. Plaintiff Is Bound by the Admissions in His Complaint, Which Require Dismissal with Prejudice

Plaintiff's opposition is replete with arguments based on allegations that are not in his Complaint. For example, Plaintiff argues that A Place For Mom was engaged in telemarketing because, when it called him, it "attempted to persuade him to purchase senior housing through one of APFM's clients." *See* Opp. at 9. This is not what the Complaint alleges. The Complaint alleges that when A Place For Mom called Plaintiff, the parties engaged in "a brief conversation during which Plaintiff was asked about his senior living needs," after which time "Plaintiff terminated the phone call." FAC ¶ 44. Similarly, Plaintiff argues that he did not request calls from A Place For Mom because when he entered his phone number on A Place For Mom's website, he did so for the purpose of obtaining information *online*, not by telephone. *See, e.g.*, Opp. at 8, 12. This allegation appears nowhere in the Complaint and, indeed, it is implausible based on the facts alleged, which are that Plaintiff voluntarily provided the phone number to A

DEFENDANT'S REPLY ISO
MOTION TO DISMISS FAC
(No. C17-01826 TSZ)–3

138623272.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Place For Mom. FAC ¶ 42. Plaintiff does not explain in his Opposition or elsewhere why he would have provided his number if not to receive a call at that number.[1]

Plaintiff cannot amend his Complaint through an opposition brief. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); *see also Merriman v. Neuman*, No. 14-CV-4130 YGR, 2015 WL 5970294, at *3 (N.D. Cal. Oct. 14, 2015) ("[T]he facts needed to state the claim must be pleaded in the complaint."); 2 Moore's Federal Practice, § 12.34[2] (3d ed. 1997) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). Moreover, "[w]hether the case can be dismissed on the pleadings depends on what the pleadings say." *Weisbuch v. Cty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997). "[A] plaintiff may plead herself out of court," which, as explained in A Place For Mom's motion, Plaintiff has done here. *Id.* (citation omitted).

### 2. A Place For Mom's Call Did Not Constitute Telemarketing

Even if Plaintiff's new allegations had been pled in the FAC, they would not change the result here. As Plaintiff has admitted, A Place For Mom does not sell products or services to consumers. FAC ¶¶ 22, 23. Instead, A Place For Mom earns revenue by charging a fee to the senior care facilities if someone is placed in that facility. *Id.* Plaintiff can point to no case holding that calling a person to provide them with requested information of the type sought here is

---

[1] These are but two examples. Plaintiff also alleges for the first time in his Opposition that A Place For Mom sold his cell phone number to "third parties," an allegation that is unsubstantiated by the privacy policy he improperly attaches to his brief, and is in any case irrelevant to his claim. *See* Opp. at 1, 2, Ex. A. He claims A Place For Mom promised him "free senior housing pricing quotes," which is nowhere alleged in the Complaint. *Id.* at 1. And he cherry picks and misquotes a New York Times blog article impugning A Place For Mom for its political position with respect to the regulation of senior care referral facilities. *Id.* at 3. This article has nothing to do with the TCPA claims in the Complaint and serves no purpose other than to attempt to malign A Place For Mom's reputation. For purposes of brevity and complying with the rules, A Place For Mom does not muster the individual rebuttals to each improper argument or attach here the many resources that counter and refute them.

DEFENDANT'S REPLY ISO
MOTION TO DISMISS FAC
(No. C17-01826 TSZ)–4

138623272.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

telemarketing merely because of the future possibility that the caller will receive a referral fee, and the Court should not so hold here. To the contrary, even where a caller receives an ancillary financial benefit from making a call, that benefit does not transform an informational call, like the ones involved here, into a call that qualifies as "telemarketing" under the TCPA. *Sandusky Wellness Ctr., LLC v. Medco Health Sols., Inc.*, 788 F.3d 218, 225 (6th Cir. 2015) (fax to healthcare provider listing covered medications not an advertisement); *Leyse v. Clear Channel Broadcasting, Inc.*, 545 F. App'x 444, 449 (6th Cir. 2013) (unpublished) (prerecorded calls from free-to-consumer television and radio stations are not telemarketing); *Dolemba v. Kelly Servs., Inc.,* No. 16 C 4971, 2017 WL 429572, at *3 (N.D. Ill. Jan. 31, 2017) (applying the lower "prior express consent" standard to calls made to a cell phone by an employment agency notifying the consumer of employment opportunities); *Payton v. Kale Realty, LLC,* 164 F. Supp. 3d 1050, 1062-63 (N.D. Ill. 2016) (text message about possibility of becoming an independent contractor); *Lutz Appellate Servs., Inc. v. Curry*, 859 F. Supp. 180, 181 (E.D. Pa. 1994) (fax about job openings); *Friedman v. Torchmark Corp.*, No. 12cv2837-IEG(BGS), 2013 WL 1629084, *5 (S.D. Cal., Apr. 16, 2013) (call about attending recruiting webinar); *Ameriguard, Inc. v. Univ. of Kansas Med. Ctr. Research Inst., Inc.*, 222 F. App'x 530 (8th Cir. 2007) (fax about clinical trials).

      Plaintiff is wrong that *Sullivan v. All Web Leads, Inc.*, No. 17 C 1307, 2017 WL 2378079 (N.D. Ill. June 1, 2017), and *Barrera v. Guaranteed Rate, Inc.*, No. 17-cv-5668, 2017 WL 4837597 (N.D. Ill. Oct. 23, 2017) demand a different result. *See* Opp. at 6. Both of those cases involved a caller attempting to sell its *own* products or services to the plaintiff during the call. In *Sullivan*, All Web Leads asked plaintiff about his insurance needs and then *transferred* the call directly to a third-party insurance agent who "attempted to persuade Sullivan" to buy insurance. 2017 WL 2378079, at *1. In *Barrera*, a mortgage company that originates its own mortgages called plaintiff to sell its own services. 2017 WL 4837597, at *1, *3. Both of those cases therefore are easily distinguishable from this one; unlike the mortgage company in *Barrera* or

DEFENDANT'S REPLY ISO
MOTION TO DISMISS FAC
(No. C17-01826 TSZ)–5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

138623272.1

the salesperson to whom the call was transferred to in *Sullivan*, A Place For Mom does not offer any products or services to consumers for a fee. Indeed, the one distinct commonality between *Sullivan*, *Barrera*, and this case is the Plaintiff's counsel—the same in each of the three cases. (A Place For Mom also contends that those cases were wrongly decided to the extent they sought to impose liability for a party responding to a consumer's request for information.)

Similarly, Plaintiff faults A Place For Mom for not citing *Chesbro v. Best Buy Stores, L.P*, 705 F.3d 913 (9th Cir. 2012), in its motion to dismiss, but that case has no application here. In *Chesbro*, Best Buy called consumers to remind them that their customer rewards points were expiring. *Id.* at 916. The court concluded that the reminder to use the reward points constituted telemarketing because rewards points could only be used to make purchases at Best Buy—so redeeming the points required the consumer to go to a Best Buy store and make further purchases of Best Buy's goods. *Id.* at 918. *Chesbro* is hardly controlling here, where A Place For Mom is offering nothing for sale.[2]

Finally, Plaintiff's contention that he need merely *allege* that A Place For Mom placed calls for the purpose of persuading him to purchase senior housing to survive the motion to dismiss is incorrect. *See* Opp. at 8. A court does not accept as true legal conclusions contained in the complaint. *Saldana v. Occidental Petroleum Corp.*, 774 F.3d 544, 551 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also A.H. Lundberg Assocs., Inc. v. TSI, Inc.*, No. C14-1160JLR, 2016 WL 9226998, at *7 (W.D. Wash. Feb. 18, 2016) ("ignoring the legal conclusions in the amended complaint and the allegations introduced in [Plaintiff]'s opposition" when deciding the defendant's motion to dismiss); *see also Wick v. Twilio Inc.*, No. C16-00914RSL, 2016 WL 6460316, at *2 (W.D. Wash. Nov. 1, 2016) (dismissing complaint under the TCPA because text message providing information about pending expiration of free product offer did

---

[2] Further, contrary to Plaintiff's representation, A Place For Mom's representatives are not "publicly described" as "salespersons." *See* Opp. at 8. Rather, this was how one person who has no relation to the lawsuit described them in a context having nothing to do with telemarketing. *Id.* at 3. This person's choice to use the term is irrelevant to the legal question the Court must consider under the TCPA.

DEFENDANT'S REPLY ISO
MOTION TO DISMISS FAC
(No. C17-01826 TSZ)–6

138623272.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

not constitute telemarketing). A Place For Mom provides a valuable service to consumers to help them identify local resources in their community. *See* FAC ¶¶ 22, 23. That A Place For Mom could ultimately benefit from a call to a consumer if he or she makes a purchase from a facility in its network does not transform what is quintessentially an informational call into one that is covered by the telemarking provisions of the TCPA.

### 3. A Place For Mom Responded to Plaintiff's Request for Information

As a second, independent basis for dismissal, Plaintiff's Complaint establishes that he requested the information that A Place For Mom provided him, which triggers the FCC's exception for communication responding to consumer-initiated requests. The FCC has explicitly ruled that responding to a consumer's request for information is not subject to the TCPA's heightened consent requirements. *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 8015-16,, ¶¶ 103-06 "(2015 FCC Order"). Plaintiff's Complaint squarely falls into this exception: Plaintiff initiated contact with A Place For Mom and provided his phone number along with his request that A Place For Mom respond by providing him with information.

Plaintiff attempts to draw five illusory distinctions to save his Complaint from the application of this exception, but those distinctions defy common sense. First, it is irrelevant that Plaintiff's request for information was initiated online, rather than through text message. As explained in the motion to dismiss, the FCC ruled that responses to consumer-initiated texts were exempt from heightened consent requirements "because the consumer requests the information in the first instance" and as a result, "the potential for consumer harm . . . is substantially mitigated." 2015 FCC Order, 30 FCC Rcd. at 8016, ¶ 106. This logic applies equally to online-initiated requests as it does to text-message-based requests, and Plaintiff offers no reason why the FCC would treat such requests differently.

Second, that A Place For Mom responded to Plaintiff by call rather than text message also makes no difference. The whole of the TCPA and the majority of the FCC's implementing

DEFENDANT'S REPLY ISO
MOTION TO DISMISS FAC
(No. C17-01826 TSZ)–7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

138623272.1

rules refer exclusively to "calls," but the FCC and courts impute that body of law as applying to text messages as well. *See* 2015 FCC Order, 30 FCC Rcd. at 7964, ¶ 1 n.3 ("Except where context requires otherwise, our use of the term 'call' includes text messages."); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("[A] text message is a 'call' within the meaning of the TCPA."). Thus, interpreting an FCC ruling about text messages to *exclude* calls is not supported by precedent and is inconsistent with the language of the statute.

Third, as explained above, Plaintiff argues that he expected to receive senior living care information online, rather than by telephone, *see* Opp. at 10, but this allegation is nowhere in the Complaint. Moreover, Plaintiff's asserted expectation is implausible given his admission that he himself provided his phone number to A Place For Mom. *See Iqbal*, 556 U.S. at 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks and citation omitted). Plaintiff's allegation in his opposition brief that he did not expect a call from A Place For Mom when he voluntarily provided his phone number to A Place For Mom is not plausible on its face.

Fourth, A Place For Mom acknowledged in its motion to dismiss that the Complaint alleged multiple phone calls. Mot. to Dismiss ("Mot.") at 5-6. The first phone call falls within the exception and the subsequent calls were not answered. FAC ¶ 45.[3]

Plaintiff's final argument—that the Court should not dismiss the Complaint because it states the communications "were intended to facilitate commerce," Opp. at 11—is a reiteration

---

[3] Plaintiff's allegation that he requested to be taken off A Place For Mom's marketing list but continued to receive calls from A Place For Mom is irrelevant given that he is not making any claim under the do-not-call provisions of the TCPA. *See* 47 C.F.R. § 64.1200(d). The allegation is also incorrect and A Place For Mom understands it to be nothing more than a scrivener's error, based on the hasty substitution of a new plaintiff before the case was transferred to this Court. *See* Dkt. 1, ¶ 44 (containing the identical allegation). If this case were to survive the motion to dismiss, the evidence would show that, far from complaining or asking to be placed on a do-not-call list, Plaintiff thanked A Place For Mom for its help, writing in an email dated December 14, 2015, "Hello Mark, I would like to thank you for your quick response. . . . As I dive into the search and filter though with my family, I will be in touch with questions [I]'m sure. Thanks for all your team has done for now. . . Thanks again, Kevin Pine."

DEFENDANT'S REPLY ISO
MOTION TO DISMISS FAC
(No. C17-01826 TSZ)–8

138623272.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

of his unfounded claim that A Place For Mom's call constituted telemarketing, which fails for the reasons set forth above. Indeed, *none* of the cases cited by Plaintiff involve the application of the exception for a call or text made in response to a consumer's request. Opp. at 11 & n.6. In fact, five of the nine cited cases were decided *before* July 10, 2015, when the FCC recognized the exception for the first time. *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913 (9th Cir. 2012); *Meyer v. Bebe Stores, Inc.*, No. 14-CV-00267-YGR, 2015 WL 431148 (N.D. Cal. Feb. 2, 2015); *Sherman v. Yahoo! Inc.*, 997 F. Supp. 2d 1129 (S.D. Cal. 2014); *Volpe v. Caribbean Cruise Line, Inc.*, No. 13 C 1646, 2013 WL 3724858 (N.D. Ill. July 16, 2013); *Consumer Prot. Corp. v. Neo–Tech News*, No. CV 08-1983-PHX-JAT, 2009 WL 2132694 (D. Ariz. July 16, 2009). The remaining four cases do not address the exception, but instead determine, on distinguishable facts, that the communication at issue in the case was telemarketing. *Pedro-Salcedo v. Haagen-Dazs Shoppe Co.*, No. 5:17-CV-03504-EJD, 2017 WL 4536422, at *2 (N.D. Cal. Oct. 11, 2017) (text inviting consumer to download app was telemarketing); *Drew v. Lexington Consumer Advocacy, LLC*, No. 16-CV-00200-LB, 2016 WL 1559717, at *6 (N.D. Cal. Apr. 18, 2016) (text messages promoting the sender's payday-loan services was telemarketing); *Larson v. Harman Mgmt. Corp.*, No. 1:16-cv-00219-DAD-SKO, 2016 WL 6298528, at *1, *3–*4 (E.D. Cal. Oct. 27, 2016) (text messages that encouraged the purchase of food at A&W restaurants were telemarketing); *Franklin v. Depaul Univ.*, No. 16 C 8612, 2017 WL 3219253, at *4 (N.D. Ill. July 28, 2017) (plaintiff alleged he had not provided his number nor given *any* form of consent but received text messages from Depaul).

Plaintiff has failed to marshal any persuasive arguments or authority for why the Court should not apply the FCC's exception for consumer-initiated requests to the call at issue here. Thus, in addition to concluding that A Place For Mom's calls do not constitute telemarketing, the Court should dismiss Plaintiff's Complaint on the basis that the calls were responsive to Plaintiff's own request for information, triggering the FCC's 2015 exception for such calls.

DEFENDANT'S REPLY ISO MOTION TO DISMISS FAC (No. C17-01826 TSZ)–9

138623272.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### C. A Place For Mom Obtained Prior Express Consent

Because A Place For Mom did not place telemarketing calls to Plaintiff, it was only required to obtain prior express consent from Plaintiff to place the alleged calls. *See* Mot. at 6, 10. A Place For Mom easily satisfied this standard because Plaintiff provided A Place For Mom with his phone number on a form requesting information about senior living facilities, and A Place For Mom called him to deliver that information.[4] The FCC has specifically ruled that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 7 FCC Rcd. 8752, 8769 (Oct. 16, 1992). As explained in A Place For Mom's motion to dismiss, courts are in agreement that this is the prior express consent standard that applies to non-telemarketing calls. *See Saunders v. NCO Fin. Sys., Inc.*, 910 F. Supp. 2d 464, 467 (E.D.N.Y. 2012) ("[A]uthorities are almost unanimous that voluntarily furnishing a cellphone number to a vendor or other contractual counterparty constitutes express consent."); *see also* Mot. at 10-11 (collecting cases).

Plaintiff makes no effort to distinguish the numerous cases A Place For Mom has cited in its motion that show that A Place For Mom received Plaintiff's consent to call him when Plaintiff provided his phone number. The case Plaintiff does cite, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009), is inapplicable (and to suggest otherwise would be misleading).

---

[4] Plaintiff implies that the Court cannot rule on A Place For Mom's consent defense on a motion to dismiss. *See* Opp. at 18. However, "a court may properly dismiss a claim on the pleadings when an affirmative defense appears on its face." *See In re DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d 497, 508 (S.D.N.Y. 2001) (citing *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)). Here, Plaintiff admits he provided his phone number to A Place For Mom to obtain information about senior living options and that A Place For Mom called him with that information. That is sufficient to establish prior express consent on a motion to dismiss. *See Aderhold v. Car2go N.A., LLC*, No. C13-489RAJ, 2014 WL 794802, at *3 (W.D. Wash. Feb. 27, 2014) (granting motion for judgment on the pleadings, ruling that plaintiff's pleadings established defendant's affirmative defense to plaintiff's TCPA claim), *aff'd,* No. 2-13-cv-00489-RAJ, 2016 WL 4709873 (9th Cir. Sept. 9, 2016).

DEFENDANT'S REPLY ISO
MOTION TO DISMISS FAC
(No. C17-01826 TSZ)–10

138623272.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Satterfield* addressed whether providing a phone number to one party constitutes consent to be called by a third party. *Id.* Here, unlike *Satterfield*, Plaintiff provided his phone number to A Place For Mom and received a call from A Place For Mom. Courts have rejected Plaintiff's interpretation of *Satterfield* time and again, including in the cases that A Place For Mom cited in its brief. For example, in *Reardon v. Uber Technologies, Inc.*, the plaintiffs argued, as Plaintiff does here, that "merely providing one's phone number does not 'clearly and unmistakably' state one's consent" under *Satterfield*. 115 F. Supp. 3d at 1097-98. The court dismissed that argument out of hand:

> In that case, the Ninth Circuit explained that express consent is "consent that is clearly and unmistakably stated." In *Satterfield,* however, the plaintiff *did* provide written consent to receive text messages from a company called Nextones; the question presented was whether she had thereby also agreed to receive messages from an unrelated entity to whom she had never given her number. The *Satterfield* court did not have occasion to consider, much less reject, the FCC's determination that a consumer provides express consent to receive text messages from an entity to which she provides her phone number.

*Id.* at 1098.

The court in *Baird v. Sabre Inc.* reached the same conclusion. 995 F. Supp. 2d 1100, 1103 (C.D. Cal. 2014) ("*Satterfield* did not reject the FCC's determination that express consent can be inferred from the consumer's act of providing a cellphone number."), *aff'd*, 636 F. App'x 715 (9th Cir. 2016). *Kolinek v. Walgreen Co.* is likewise inapposite, as it involved a plaintiff providing his phone number to a pharmacist to verify his identity and instead receiving calls reminding him to pick up his prescription. No. 13 C 4806, 2014 WL 3056813, at *1, *4 (N.D. Ill. July 7, 2014). Here, Plaintiff provided his phone number on a form to receive information about senior living options, and the call he received addressed senior living care. FAC ¶ 44.

Finally, Section 5 of the Plaintiff's opposition—as with several other aspects of Plaintiff's opposition—is irrelevant to the Court's determination of A Place For Mom's motion. Opp. at 15-18. A Place For Mom takes precautions to provide additional notice to consumers

DEFENDANT'S REPLY ISO
MOTION TO DISMISS FAC
(No. C17-01826 TSZ)–11

138623272.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

about autodialed phone calls, as demonstrated in the screenshot in paragraph 28 of Plaintiff's Complaint. But A Place For Mom did not argue in its motion to dismiss that this notice satisfies the higher consent standard (which it does and which A Place For Mom reserves the right to argue in the future should this case persist). Instead, A Place for Mom argued that it was not bound by this higher standard and must only show that Plaintiff provided prior express consent, which Plaintiff admits providing in the Complaint. Because A Place For Mom obtained that consent when Plaintiff admittedly provided it with his phone number in order to receive information about senior living facilities, Plaintiff's claim fails as a matter of law.

### III.   CONCLUSION

For the reasons set forth above, A Place For Mom respectfully requests that the Court dismiss this case with prejudice.

RESPECTFULLY SUBMITTED this 16th day of February, 2018.

*s/ James G. Snell*
James G. Snell, *pro hac vice*
JSnell@perkinscoie.com
**Perkins Coie LLP**
3150 Porter Drive
Palo Alto, CA 94304-1212
650.838.4367

James F. Williams, WSBA #23613
JWilliams@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
206.359.8000

Debra R. Bernard, *pro hac vice*
DBernard@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn St., Suite 1700
Chicago, IL 60603-5559
312.324.8400

Attorneys for Defendant A PLACE FOR MOM, INC.

DEFENDANT'S REPLY ISO
MOTION TO DISMISS FAC
(No. C17-01826 TSZ)–12

138623272.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

CAROL KNESS states as follows:

1. I am a litigation secretary at the law firm of PERKINS COIE LLP, attorneys of record for defendant, have personal knowledge of the facts set forth herein and am competent to testify thereto.

2. On the 16th day of February, 2018, I made arrangements to file the original of the foregoing Reply in Support of Motion to Dismiss First Amended Complaint on Behalf of Defendant A Place For Mom, Inc. with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**ATTORNEYS FOR PLAINTIFFS**

Gary Michael Klinger
Ryan F. Sullivan
Kozonis Law
4849 North Milwaukee Ave., Suite 300
Chicago, IL  60630
gklinger@kozonislaw.com
rsullivan@kozonislaw.com

Daniel M. Hutchinson
Lieff Cabraser Heimann & Bernstein
275 Battery St., 29th Floor
San Francisco, CA  94111
dhutchinson@lchb.com

John Tate Spragens
Lieff Cabraser Heimann & Bernstein
One Nashville Place
150 – 4th Ave. N., Suite 1650
Nashville, TN  37219
jspragens@lchb.com

Jonathan D. Selbin
Lieff Cabraser Heimann & Bernstein
250 Hudson St., 8th Floor
New York, NY  10013-1413
jselbin@lchb.com

DEFENDANT'S REPLY ISO
MOTION TO DISMISS FAC
(No. C17-01826 TSZ)–13

138623272.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Tammy Gruder Hussin
 Law
1596 N. Coast Highway 101
Encinitas, CA  92024
Tammy@HussinLaw.com

I CERTIFY UNDER PENALTY OF PERJURY under the laws of the United States of America that the foregoing is true and correct.

DATED this 16th day of February, 2018.

                *s/Carol Kness*
               Carol Kness, Litigation Secretary

DEFENDANT'S REPLY ISO
MOTION TO DISMISS FAC
(No. C17-01826 TSZ)–14

138623272.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000