THE HONORABLE THOMAS S. ZILLY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| KEVIN PINE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>A PLACE FOR MOM, INC., a Delaware corporation,<br><br>Defendant. | Case No. 17-cv-1826<br><br>**PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE RELEVANT DISCOVERY**<br><br>**Noting Date: August 3, 2018** |

**I.   INTRODUCTION**

Plaintiff Kevin Pine, pursuant to Federal Rule of Civil Procedure 37 and LCR 37, hereby moves the Court for an order compelling Defendant A Place for Mom, Inc. ("APFM") to provide data regarding the calls at issue in this Telephone Consumer Protection Act ("TCPA") class action litigation.

In February 2018, Plaintiff served a routine discovery request seeking a list of the autodialed calls placed to proposed class members' cellular phones ("Call List") and related data ("Call Data")—discovery that is "standard practice" in actions under the TCPA. *See, e.g.*, *Gilman et al. v. ER Solutions*, No. C11-0806-JCC, Order, Dkt. No. 67, at p. 4 (W.D. Wash. Feb. 3, 2012) (attached hereto as Exhibit 1) ("The Court concludes that Plaintiffs are entitled to the

Plaintiff's Motion to Compel Defendant to
Produce Relevant Discovery
Case No. 17-cv-1826
1589312.3

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA 98121
Tel: (206) 739-9059

requested discovery."); *Ossola v. Am. Express Co.,* No. 13 C 4836, 2015 WL 5158712, at *7 (N.D. Ill. Sept. 3, 2015) ("Call data is relevant, and thus produced as standard practice . . . in cases where the defendant is the alleged dialer."). Plaintiff seeks APFM's Call List and Call Data because they are relevant to the class certification issues of numerosity, ascertainability, and commonality. *See* Fed. R. Civ. P. 23(a) & (b). This basic information is necessary for the Court to evaluate the number of allegedly illegal calls at issue in this case and to determine whether class certification is warranted. APFM's Call Data is also potentially relevant on the merits to APFM's proposed affirmative defense of prior express consent.

To date, APFM refuses to identify or produce a Call List or Call Data. APFM has not articulated any specific burden supporting its blanket refusal to do so. Nor has APFM cited a single case supporting its position. By this Motion, Plaintiff merely requests that the Court compel APFM to provide the Call List and Call Data, which is routine in TCPA litigation.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.   Plaintiff's Complaint

APFM is an online senior living referral service that serves as a marketing tool for thousands of senior housing communities and care providers. Dkt. 30 ("Compl."), ¶ 22. Its business model involves making autodialed telemarketing calls to consumers who search for senior housing options online—consumers known to APFM as "leads"—in order to persuade them to purchase a home or lease a unit through a provider within APFM's network. *Id.* ¶¶ 22-25, 32, 44. APFM receives a "referral fee" from the respective senior housing community / care provider whenever a consumer makes a purchase. *Id.* In addition, APFM makes money when it sells consumers' phone numbers to third parties so that they too can place autodialed telemarketing calls to those consumers who use APFM's website.[1] APFM's "clients" are therefore not the consumers who visit its website. Rather, APFM derives its profits from the

---

[1] APFM identifies these third parties in its Privacy Policy as senior housing and care providers as well as any other businesses with whom APFM has contracted. *See* https://www.aplaceformom.com/privacy.

Plaintiff's Motion to Compel Defendant to
Produce Relevant Discovery
Case No. 17-cv-1826
1589312.3

- 2 -

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA  98121
Tel: (206) 739-9059

senior housing communities, care providers and third parties from whom APFM receives its commissions. *Id.* ¶¶ 22-25.

Because APFM generates revenue every time it persuades a senior to move to a provider within its network, APFM is incentivized to call as many consumers as possible as many times as possible. Compl., ¶ 25. In 2010, APFM reported revenues of $50 million, and in 2014 it projected "another year of 40% annual revenue growth."[2] APFM's business model has been described as "unethical" in a New York Times article because APFM only provides consumers with senior housing options in its network—providers that pay APFM a commission—even though there may be better options available for the senior in search of a place to live.[3] "You think you've found an ally when you've really found a **_salesperson_**," said the president of the National Association of Professional Geriatric Care Managers, describing innocent seniors who use APFM's services.[4]

APFM designed its website to give consumers the impression that they will instantly receive quotes for senior housing options *online*—and only *online*—when they complete the requisite form and click "Start Your Search." Compl., ¶¶ 28-29 (screenshot of APFM's website).

Plaintiff Kevin Pine visited APFM's website to view and compare senior living options online for his mother in December of 2015. Compl., ¶ 41. As part of that process, Mr. Pine was required to provide certain personal information, including his phone number. *Id.* ¶ 42. After doing so, Mr. Pine clicked the "Start Your Search" button. *Id.* ¶ 41. Immediately after doing so, he received an autodialed telemarketing call from APFM. *Id.* ¶¶ 42-45. When Mr. Pine answered the phone, he spoke with a representative from APFM who attempted to persuade him to

---

[2] Puget Sound Business Journal, *Seattle's A Place for Mom finds a home with Warburg Pincus*, https://www.bizjournals.com/seattle/blog/techflash/2010/07/seattles_a_place_for_mom_finds_a_home_with_warburg_pincus.html (accessed Feb. 9, 2018); Seattle Business Magazine, *Silver Dollars: Entrepreneurs Seize Opportunities Presented by Aging Boomers*, http://www.seattlebusinessmag.com/article/silver-dollars-entrepreneurs-seize-opportunities-presented-aging-boomers (accessed Feb. 9, 2018).
[3] *See* https://newoldage.blogs.nytimes.com/2011/09/02/a-helping-hand-paid-on-commission/ (describing regulatory legislation enacted by the Washington state legislature after an investigation by the Seattle Times) (accessed Feb. 8, 2018).
[4] https://newoldage.blogs.nytimes.com/2011/09/02/a-helping-hand-paid-on-commission/ (emphasis added).

| Plaintiff's Motion to Compel Defendant to Produce Relevant Discovery<br>Case No. 17-cv-1826<br>1589312.3 | - 3 - | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>2101 Fourth Avenue, Suite 1900<br>Seattle, WA 98121<br>Tel: (206) 739-9059 |

1  purchase senior housing for his mother through one of APFM's in-network senior housing clients.
2  *Id.* ¶¶ 22-25, 32, 44-45.  Mr. Pine was not aware he would be receiving autodialed telemarketing
3  calls as a result of using APFM's website and requested that he be removed from APFM's
4  marketing list.  *Id.* ¶¶ 42-45.  These unconsented calls were annoying, harassing, and invaded his
5  privacy.  *Id.* ¶ 46.
6        Much like Mr. Pine, consumers across the country have lodged complaints about APFM's
7  abusive and deceptive telemarketing practices.  *See* Dkt. 31 at Exhibit B ("this type of high-
8  pressure 'selling' reflects very badly on the company").[5]  In fact, because of complaints like that,
9  the State of Washington became the first state ever to enact legislation to clamp down on abusive
10 senior care referral services like those offered by APFM.[6]
11       By his Complaint, Plaintiff seeks to represent all consumers who, like him, provided their
12 cell phone number to a website owned and operated by APFM and then received a telemarketing
13 call from APFM to their cell phone.  *See* Dkt. 30, ¶¶ 46-48, 51.
14 **B.  Procedural History**
15       On February 2, 2018, after APFM had delayed the case for several months (*see* Dkt. 51 at
16 3-5), Plaintiff timely served his first set of written discovery requests.  *See* Declaration of Gary
17 M. Klinger attached as Exhibit 2 ("Klinger Decl."), ¶ 3 and Exs. A and B attached thereto.
18 Plaintiff requested, *inter alia*, the Call List and Call Data of all persons for whom APFM obtained
19 a cell phone number through the website identified in the Complaint or a substantially similar
20 website (i.e. one that collected users' personal information for the purpose of providing senior
21 living quotes online).  In particular, Interrogatory No. 8 requested the Call List, i.e., the cellular
22 telephone numbers, names, and addresses of each person called.  Klinger Decl. at Ex. A, Int. No.
23 8.  Interrogatory No. 9 and Request Nos. 19-24 requested the Call Data, i.e., related data and

---

[5] Indeed, this is not the first time a class action lawsuit has been filed against APFM over its unlawful telemarketing practices. *See Erickson v. A Place for Mom, Inc.*, No. 2016-cv-742 (W.D. Wash.).
[6] *See* https://www.seattletimes.com/seattle-news/state-gets-tough-on-referrals-for-elder-care/ ("The state ombudsman's office reported last month that executives from A Place for Mom aggressively opposed the legislation, including 'spreading distortions about the bill.'").

Plaintiff's Motion to Compel Defendant to
Produce Relevant Discovery
Case No. 17-cv-1826
1589312.3
- 4 -
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA 98121
Tel: (206) 739-9059

1  documents from APFM's databases regarding each person on the Call List.  Klinger Decl. at Ex.
2  A, Int. 9 and Ex. B, Request Nos. 19-24.

3  On March 12, 2018, APFM served its Answers and Objections to Plaintiff's First Set of
4  Interrogatories and Requests for Production.  Klinger Decl., ¶ 4. and Exs. C and D.  Rather than
5  providing responsive information, however, APFM's responses consisted of nothing but
6  objections. *Id*.  APFM objected primarily on the grounds that Plaintiff "has not demonstrated a
7  need for this information…." *Id*.

8  Thereafter, the parties met and conferred extensively over a two-month period. *See*
9  Klinger Decl., ¶ 5; *see also* LCR 37 (requiring good-faith attempts to resolve differences before
10 filing discovery motions).  During that time period, APFM supplemented its Answers to
11 Plaintiff's Interrogatories in an attempt to cure its deficient discovery responses.  Klinger Decl., ¶
12 6 and Exs. E-G.  However, APFM refused to stipulate that the information it provided was
13 accurate and responsive to Plaintiff's discovery requests.  *Id*. ¶ 7. Moreover, APFM still refused
14 to provide the Call List or Call Data itself to allow Plaintiff's expert to analyze it for, *inter alia*,
15 class certification purposes.  *Id*. ¶ 8.

16 In a final effort to reach agreement without motion practice, Plaintiff offered to accept
17 APFM's representation regarding "the total number of persons who received a cell phone call
18 after visiting APFM's 'locate' websites and the number of calls such persons received."  *Id.* ¶ 9
19 and Ex. H.  Still, APFM provided only a partial response, omitting thousands of calls that it
20 unilaterally deemed non-responsive and failing to disclose the number of calls these phone
21 numbers received.  *Id.* ¶ 10.  Without this information, Plaintiff informed APFM, it would move
22 to compel APFM to produce the call data so that Plaintiff's expert can determine the number of
23 calls at issue in this case.  *Id.* ¶ 11 and Ex. I.

24 Accordingly, despite the lengthy meet and confers, the parties have been unable to break
25 the logjam caused by APFM's blanket refusal to produce any Call List or Call Data.  *Id*. ¶ 12.
26 The fact discovery cut-off related to class certification is August 6, 2018.  Dkt. 83.  Plaintiff seeks

Plaintiff's Motion to Compel Defendant to
Produce Relevant Discovery
Case No. 17-cv-1826
1589312.3

- 5 -

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA  98121
Tel: (206) 739-9059

1  the Court's intervention so that the parties may comply with the Court-ordered discovery
2  deadline.

3  **III.    LEGAL STANDARD**

4  "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper
5  litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Federal Rules of Civil Procedure
6  allow broad discovery, to include "any nonprivileged matter that is relevant to any party's claim
7  or defense," even if not admissible. Fed. R. Civ. P. 26(b)(1). "Relevance . . . is defined very
8  broadly," *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998), and "[d]istrict courts
9  have broad discretion in determining relevancy for discovery purposes." *Rivera v. Gates*, No.
10 C09-5355 RJB, 2010 WL 519819, at *1 (W.D. Wash. Feb. 8, 2010) (citation omitted).

11 A party resisting discovery must show that the information is not reasonably accessible
12 because of undue burden or cost, and even so, the court may order discovery if the requesting
13 party shows good cause. *Moore v. Lowe's Home Centers, LLC*, No. 14-1459 RJB, 2016 WL
14 687111, at *3 (W.D. Wash. Feb. 19, 2016) (citing Fed. R. Civ. P. 26).  The party objecting to the
15 request bears the burden of showing that a particular discovery request is improper. Fed. R. Civ.
16 P. 34(b); *see also, e.g.*, *Cunningham v. Bank One*, No. C05-2104RSM, 2006 WL 3361773, at *1
17 (W.D. Wash. Nov. 20, 2006); *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975)
18 (objecting party "is required to carry a heavy burden of showing" why discovery should be
19 denied); *O'Shea v. Am. Solar Sol., Inc.*, No. 14CV894-L (RBB), 2016 WL 701215, at *2 (S.D.
20 Cal. Feb. 18, 2016) (similar).  Lack of such a foundation is grounds for dismissing the objections
21 and ordering production. *Id.*

22 **IV.    ARGUMENT**

23          **A.    Identification of Persons Who Received Automated Telemarketing Calls from
                    APFM is Relevant to Plaintiff's Burdens on Class Certification.**
24
25 Requesting a list of persons called via automated means is a standard practice in TCPA
26 class litigation. "[A] list of phone numbers may very well bear direct relevance to a violation of

Plaintiff's Motion to Compel Defendant to
Produce Relevant Discovery
Case No. 17-cv-1826
1589312.3
- 6 -
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA  98121
Tel: (206) 739-9059

1  the TCPA concerning the dialing of the very phone numbers listed." *Knutson v. Schwan's Home*
2  *Serv., Inc.*, 3:12–cv–0964–GPC–DHB, 2013 WL 3746118, at *4 (S.D. Cal. July 15, 2013)
3  (ordering the production of a "dial list" consisting of everyone in the plaintiff's proposed class).
4  Such information is relevant because it speaks to issues upon which a district court must pass in
5  deciding whether a suit should proceed as a class action under Rule 23, such as numerosity,
6  ascertainability, commonality, and predominance. For these reasons, production of a call list is
7  routinely ordered in this District and other district courts across the country. *See, e.g., Gilman*,
8  No. C11-0806-JCC, Order, Dkt. No. 67, at p. 4 ("The Court concludes that Plaintiffs are entitled
9  to the requested discovery."); *O'Shea*, 2016 WL 701215, at *3 (granting plaintiff's request for
10 outbound dial list because the "information is relevant to both class certification and to the merits
11 of the case"); *Cahill v. GC Servs. Ltd. P'ship*, No. 317CV01308GPCMDD, 2018 WL 1791910, at
12 *4 (S.D. Cal. Apr. 16, 2018) (compelling production of call list); *Gossett v. CMRE Fin.*
13 *Servs.,* Case No. 15cv803 MMA (NLS), 2015 WL 6736883, at *3 (S.D. Cal. Oct. 30, 2015)
14 (granting a motion to compel responses to requests for production of outbound call lists, as such
15 lists were "relevant to the class claims and meritorious claims and defenses in this case"); *see*
16 *also, e.g.*, *Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 U.S. Dist. LEXIS
17 157579 at *8-12 (N.D. Ill. June 13, 2011) (granting plaintiffs' requests for a call list); *Donnelly v.*
18 *NCO Fin. Sys., Inc.,* 263 F.R.D. 500, 503-04 (N.D. Ill. 2009) (Nolan, J.) (granting plaintiffs'
19 request for defendant's call logs); *Whiteamire Clinic, P.A. v. Quill Corp.*, No. 12 C 5490, 2013
20 WL 5348377, at *2 (N.D. Ill. 2013) (granting plaintiff's request for call list; "the information
21 plaintiff seeks…is clearly relevant to class discovery; specifically to the issues of numerosity,
22 commonality, and typicality"). As discussed below, the Call List in APFM's possession goes
23 directly to the elements necessary to certify a class.

24         **1.**     **The Call List is Relevant to Ascertainability.**

25 First, the Call List is relevant to determine whether the class is ascertainable. A class must
26 be defined objectively so that it is possible for class members to identify themselves. *See Agne v.*

Plaintiff's Motion to Compel Defendant to
Produce Relevant Discovery
Case No. 17-cv-1826
1589312.3

- 7 -

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA 98121
Tel: (206) 739-9059

*Papa John's Int'l, Inc.*, 286 F.R.D. 559, 566 (W.D. Wash. 2012) ("the class definition must be "definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member"); *Dunakin v. Quigley*, 99 F. Supp. 3d 1297, 1325 (W.D. Wash. 2015) (same). Put simply, a class is considered to be ascertainable so long as it is defined by objective criteria. *Agne*, 286 F.R.D. at 566; *Dunakin*, 99 F. Supp. 3d at 1325.

While Plaintiff has objectively defined the class to include all persons within the United States who provided their cell phone number on Defendant's websites and then received a nonemergency telephone call from Defendant, or any party acting on its behalf, to a cellular telephone through the use of an automated telephone dialing system or an artificial or prerecorded voice, APFM refuses to provide basic information in its possession regarding who is in the proposed class. Only APFM has information and knowledge regarding which persons used its websites and then received a telephone call from APFM as a result.

Plaintiff therefore seeks that information in order to meet his burden on class certification with regard to ascertainability. A call list is routinely produced in class discovery for this very reason. *See, e.g.*, *Stemple v. QC Holdings, Inc.*, No. 12-CV-1997-CAB WVG, 2013 WL 10870906, at *5-6 (S.D. Cal. June 17, 2013) ("A request for an outbound dial list in a TCPA action is relevant to class certification issues, such as the number and ascertainability of potential class members.") (citation omitted); *Gaines v. Law Office of Patenaude & Felix, A.P.C.*, No. 13CV1556-JLS DHB, 2014 WL 3894348, at *3 (S.D. Cal. June 12, 2014) (in a TCPA case, "the outbound dial list is relevant to the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a), and is therefore discoverable."); *City Select Auto Sales Inc. v. BMW Bank of North America, Inc.*, 867 F.3d 434, 440-41 (3d Cir. 2017) (class-wide call data relevant to ascertainability); *Donnelly,* 263 F.R.D. at 504 ("The court has already concluded that discovery aimed at ascertaining a potential class list is proper."); *Legg v. Am. Eagle Outfitters, Inc.*, 14-cv-61058, Order, Dkt. 69 (S.D. Fla. Nov. 21, 2014) (ordering production of text message call data in TCPA case because it is "relevant discovery on whether a class is ascertainable and to class

Plaintiff's Motion to Compel Defendant to
Produce Relevant Discovery
Case No. 17-cv-1826
1589312.3
- 8 -
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA 98121
Tel: (206) 739-9059

factors such as numerosity, typicality and commonality.").

### 2. The Call List is Relevant to Numerosity.

Similarly, the Call List supports a showing of numerosity. The numerosity prerequisite is met if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Only APFM knows how many of those calls were placed to cell phones during the class period in violation of the TCPA. APFM has not objected on the ground that producing this information would be too burdensome—nor has APFM offered to stipulate to numerosity—and Plaintiff is entitled to it in order to establish the size of the putative class. *See, e.g., Gilman*, No. C11-0806-JCC, Order, Dkt. No. 67, at p.4 (call list relevant to numerosity); *Cahill*, 2018 WL 1791910, at *4 (same); *Stemple*, 2013 U.S. Dist. LEXIS 99582 at *6 (same); *Whiteamire,* 2013 WL 5348377, at *3 (same) *Legg*, 14-cv-61058, Order, Dkt. 69 (same); *Gaines*, 2014 U.S. Dist. LEXIS 110162 at *5 (same); *Doherty v. Comenity Capital Bank & Comenity Bank*, 16cv1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. 2017) (same).

### 3. The Call List is Relevant to Commonality and Predominance.

Additionally, the Call List is relevant to both commonality and predominance. The commonality requirement is met if at least one legal or factual question is common to every member of the class. Fed. R. Civ. P. 23(a)(2). The predominance analysis focuses on whether the legal or factual issues to be resolved on a class-wide basis are more important than those that could only be resolved on an individual basis. Fed. R. Civ. P. 23(b)(3); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998).  Here, the common question to which the Call List plainly relates is whether the class members were all called **on cellular phones** by an autodialer. *See, e.g., Knutson*, 2013 WL 11070939, at *1-2 ("The common question is thus, 'were we all called *on our cellular telephones*, by an autodialer or artificial or prerecorded voice, on behalf of [Defendants]. . . .'") (emphasis in original); *Doherty*, 2017 WL 1885677, at *4 ("The Court finds that outbound dial lists are relevant to establish the issues of numerosity and commonality."); *Whiteamire,* 2013 WL 5348377, at *3 (call list relevant to commonality); *Cahill*,

Plaintiff's Motion to Compel Defendant to
Produce Relevant Discovery
Case No. 17-cv-1826
1589312.3

- 9 -

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA  98121
Tel: (206) 739-9059

2018 WL 1791910, at *4 (same); *Haghayeghi v. Guess?, Inc.*, 168 F. Supp. 3d 1277, 1280 (S.D. Cal. 2016) ("Here, the information can be used toward discovery of whether the putative class suffered the same alleged injury of receiving unauthorized text messages from Defendant, and thus would bear on issues of commonality and typicality."); *Gilman*, No. C11-0806-JCC, Order, Dkt. No. 67, at p.4 ("Plaintiff's requested discovery therefore appears likely to produce substantiation of the class allegations and is appropriate for that reason.").

Plaintiff's requests in this case—which are adapted from a set of discovery that has been used by Plaintiff's counsel in many TCPA cases—are substantially similar to the requests in the many other cases cited above. The Call List is relevant to establish, at a minimum, ascertainability, numerosity and commonality and can only be obtained from APFM.

For these reasons, Plaintiff respectfully requests that the Court an order compelling APFM to provide the Call List responsive to Plaintiff's requests.

### B. The Call Data Is Relevant to APFM's Potential Affirmative Defense of Prior Express Consent.

The Call Data is relevant to APFM's potential affirmative defense of prior express consent. Prior express consent is an affirmative defense on which the defendant bears the burden of proof; it is not a required element of the plaintiff's claim. *Ikuseghan v. Multicare Health Sys.*, No. C14-5539 BHS, 2014 WL 4715732, at *1 (W.D. Wash. Sept. 22, 2014); *Sullivan v. All Web Leads, Inc.*, No. 17 C 1307, 2017 WL 2378079, at *4 (N.D. Ill. Jun. 1, 2017) (citation omitted); *see also In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 30 F.C.C.R. 7961 (F.C.C. 2015) ("2015 FCC Ruling"), at ¶ 47.

Here, APFM simply has no prior express consent defense. *See* Klinger Decl. at Ex. A, Int. No. 14 ("A Place for Mom states that it is not required to obtain prior express written consent to contact individuals…."). In fact, Plaintiff's counsel have been contacted by four whistleblowers with inside information regarding APFM's calling practices who have confirmed APFM calls

Plaintiff's Motion to Compel Defendant to
Produce Relevant Discovery
Case No. 17-cv-1826
1589312.3

- 10 -

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA 98121
Tel: (206) 739-9059

1 consumers without their consent. *Id.* ¶ 13 and Ex. H. Nevertheless, APFM has refused to
2 stipulate it has no prior express consent defense and has even taken the position in pleadings that
3 it obtained prior express consent to call Plaintiff and the Class. *See, e.g.,* Dkt. 64 at 10 ("A Place
4 for Mom obtained prior express consent"). According to APFM, it intends to argue that the
5 question of whether class members provided prior express consent is an individualized
6 determination that results in individual issues predominating over class-wide issues and/or results
7 in the class action device not being superior to individual cases. Klinger Decl. ¶ 14; *see also* Fed.
8 R. Civ. P. 23(b)(3). The Call Data, which pertains to APFM's potential affirmative defense of
9 prior express consent, is therefore relevant to establish, at a minimum, commonality,
10 predominance and superiority and can only be obtained from APFM. Yet, APFM takes the
11 position that such information should not have to be provided until *after* a ruling on class
12 certification. In *Gilman*, also a putative TCPA class action case, Judge Coughenour rejected a
13 defendant's similar attempt to oppose class certification and at the same time deny plaintiff the
14 call data discovery needed for class certification stating: "[c]lass certification cannot fairly be
15 evaluated without information on whether others received automated calls to which they did not
16 expressly consent, and Plaintiffs have no way to gather this information aside from the discovery
17 requests [defendant] opposes." *Gilman*, No. C11-0806-JCC, Order, Dkt. No. 67, at p. 4.
18 Accordingly, the court ordered the defendant to produce the requested information.
19       The same result was reached in *Whiteamaire*, another putative TCPA class action case,
20 where the court rejected defendant's argument that "the call data not necessary to determine
21 whether a class should be certified" and allowed plaintiff to obtain the call data stating "the
22 information plaintiff seeks…is clearly relevant to class discovery; specifically, to the issues of
23 numerosity, commonality, and typicality." 2013 WL 5348377, at *3.
24       Likewise, in *Martin*, another TCPA class action, the defendant argued that it planned to
25 raise a "prior express consent" affirmative defense, but "objected to turning over documents
26 pertaining to this defense." *Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 WL

Plaintiff's Motion to Compel Defendant to
Produce Relevant Discovery
Case No. 17-cv-1826
1589312.3

- 11 -

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA 98121
Tel: (206) 739-9059

1  2311869, at *1 (N.D. Ill. June 13, 2011).  In response, the court noted:

> If defendant cannot substantiate this defense with documents or information responsive to the interrogatory, it should say so under verification and withdraw that defense.

*Id.*  Accordingly, the court rejected all burden arguments and "reject[ed] [the defendant's] argument that this discovery should be postponed until after the disposition of the class certification motion." *Id.* at *4.

Therefore, to the extent that APFM intends to mount a prior express consent defense in opposition to class certification—notwithstanding its prior admission that it has no prior express consent defense (*supra* at 9)— APFM must produce all records regarding that argument to Plaintiff. *See Martin*, 2011 WL 2311869, at *4; *see also Thrasher v CMRE Fin. Servs., Inc.*, 14-cv-01540, 2015 WL 1138469, at *3 (S.D. Cal. March 13, 2015) (ordering production of outbound call lists and information pertaining to the defense's affirmative defense of prior consent); *City Select*, 867 F.3d at 440-41 (reversing district court's order denying class certification for failure to compel production of class-wide call data; "plaintiff was denied the opportunity to demonstrate whether a reliable, administratively feasible method of ascertaining the class exits").  If APFM does not produce the Call Data, it should withdraw the defense. *See Martin*, 2011 WL 2311869, at *4.  APFM can either produce information that purportedly supports its untenable prior express written consent argument or withdraw the argument. It cannot have it both ways.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order:

    a.   Compelling Defendant to produce the Call List and Call Data within seven (7) days; and

    b.   Providing such other relief as the Court deems just and proper.

Plaintiff's Motion to Compel Defendant to Produce Relevant Discovery
Case No. 17-cv-1826
1589312.3
- 12 -
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA  98121
Tel: (206) 739-9059

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| Dated: July 13, 2018 | | By: __*/s/ Sharon M. Lee*__ |

Sharon M. Lee, WA Bar No. 37170
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA 98121
Telephone: (206) 739-9059
Facsimile: (415) 956-1008
E-mail: slee@lchb.com

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
E-mail: dhutchinson@lchb.com

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
E-mail: jselbin@lchb.com

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
John T. Spragens
222 2nd Ave S, Suite 1640
Nashville, TN 37201
Telephone: (615)313-9000
Facsimile: (615) 313-9965
E-mail: jspragens@lchb.com

KOZONIS & KLINGER, LTD.
Gary M. Klinger
Ryan F. Sullivan
4849 N. Milwaukee Ave., Ste. 300
Chicago, Illinois 60630
Telephone: (312) 283-3814
Facsimile: (773) 496-8617
E-mail: gklinger@kozonislaw.com
E-mail: rsullivan@kozonislaw.com

Plaintiff's Motion to Compel Defendant to Produce Relevant Discovery
Case No. 17-cv-1826
1589312.3

- 13 -

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA 98121
Tel: (206) 739-9059

1
2　　　　　　　　　　　　　　　　　　　　　HUSSIN LAW
　　　　　　　　　　　　　　　　　　　　　Tammy Gruder Hussin
3　　　　　　　　　　　　　　　　　　　　　Email: Tammy@HussinLaw.com
　　　　　　　　　　　　　　　　　　　　　1596 N Coast Highway
4　　　　　　　　　　　　　　　　　　　　　Encinitas, CA 92024
　　　　　　　　　　　　　　　　　　　　　Telephone: (877) 677-5397
5　　　　　　　　　　　　　　　　　　　　　Facsimile: (877) 667- 1547

6　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff and the Proposed Class*

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Plaintiff's Motion to Compel Defendant to
Produce Relevant Discovery                      - 14 -                LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Case No. 17-cv-1826                                                   2101 Fourth Avenue, Suite 1900
1589312.3                                                             Seattle, WA  98121
                                                                      Tel: (206) 739-9059

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ *Sharon M. Lee*
Sharon M. Lee

Dated: July 13, 2018

Plaintiff's Motion to Compel Defendant to Produce Relevant Discovery
Case No. 17-cv-1826
1589312.3

- 15 -

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA  98121
Tel: (206) 739-9059