THE HONORABLE THOMAS S. ZILLY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

KEVIN PINE, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

A PLACE FOR MOM, INC., a Delaware corporation,

    Defendant.

No. 17-cv-1826

A PLACE FOR MOM, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE

Hearing date: August 3, 2018

ORAL ARGUMENT REQUESTED

A PLACE FOR MOM'S RESPONSE
PLTF'S MOT. TO COMPEL
Case No. C17-01826 TSZ

140739322.1

**Perkins Coie LLP**
**1201 Third Avenue, Suite 4900**
**Seattle, WA 98101-3099**
**Phone: 206.359.8000**
**Fax: 206.359.9000**

## I. INTRODUCTION

Plaintiff's Motion to Compel Defendant to Produce Relevant Discovery (the "Motion") should be denied (1) as premature and (2) because Plaintiff agreed to accept less than he now demands and A Place for Mom has already provided what Plaintiff agreed to at great expense. Indeed, as Plaintiff's Motion admits, *see* Mot. at 5, Plaintiff agreed that: "*Plaintiff will accept the identification of all persons in Plaintiff's proposed class, i.e., the total number of persons who visited APFM's websites and subsequently received a call to a cellular telephone number.*" Declaration of James F. Williams In Support of Defendant's Response to Plaintiff's Motion to Compel ("Williams Decl.") ¶ 3, Ex. B (emphasis added).

A Place for Mom provided what was requested in correspondence with Plaintiff's counsel that day, *id.* at ¶ 4, Ex. C—and memorialized the information in an interrogatory response, *id.* at ¶ 10, Ex. I at 34-42—and Plaintiff made no complaint about that response until the day before it filed this Motion, *id.* at ¶ 6, Ex. E. Even then, Plaintiff's complaint was limited to seeking (1) the number of calls to each cell phone number and (2) the number of people called by cell phone "who had requested information from A Place for Mom directly or through one of its marketing channels or vendors before or after submitting information [on the websites substantially similar to that visited by Plaintiff (the "Locate Websites")]." *Id.* A Place for Mom immediately agreed to provide the latter, and explained that it had not understood the former to be part of the above quoted agreement. *Id.* ¶ 7, Ex. F.

The Motion should thus be denied as premature since the parties are not at an impasse with respect to the number of calls made. In the alternative, Plaintiff should be held to the bargain he struck and the Motion should be denied because Plaintiff agreed that the detailed summary data in the form of an interrogatory response would be sufficient. To the extent the Court considers Plaintiff's waived requests for "Call Lists" and "Call Data," those requests should be denied because the data sought would entail extraordinary burden and expense to produce and Plaintiff has not shown a need for the data beyond other available, less burdensome

A PLACE FOR MOM'S RESPONSE
PLTF'S MOT. TO COMPEL –1
Case No. C17-01826 TSZ
140739322.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

discovery —indeed his agreement to forego Call Lists and Call Data through meet and confers is an admission that he does not need it.

## II. BACKGROUND

Plaintiff's Motion is replete with extraneous, inaccurate allegations against A Place for Mom. These allegations are not germane to the present dispute, but nonetheless require response. Contrary to Plaintiff's allegations, A Place for Mom is lauded for bringing together information and resources for families evaluating and navigating senior living options for their loved ones. *See, e.g.*, Ann Carrns, *Searching for Quality in Assisted Living Care*, New York Times (May 15, 2014), https://www.nytimes.com/2014/05/17/your-money/searching-for-quality-in-assisted-living-care.html; Williams Decl. at ¶ 11, Ex. J.

Plaintiff Kevin Pine is one example of someone A Place for Mom helped without receiving any financial benefit whatsoever. In December 2015, Plaintiff requested senior living information from A Place for Mom by submitting a webform with his phone number on A Place for Mom's website, and A Place for Mom called Plaintiff at the number he provided to speak with him about his senior living needs. First Amended Complaint ("FAC" or "Complaint"), Dkt. 30, ¶¶ 41-44. Though Plaintiff now claims that A Place for Mom called him using an autodialer without consent, no such concern was raised at the time Plaintiff was called. Instead, Plaintiff sent an email to his A Place for Mom senior living advisor stating, "I would like to thank you for your quick response." Williams Decl. ¶ 2, Ex. A. Plaintiff acknowledged that he had received valuable information—"there seems to be more [senior living] options th[a]n I thought :)"—and wrote that he was "sure" he "will be in touch with questions" as he "dive[]s into the search and filter th[r]ough with [his] family." *Id.* Plaintiff repeated his appreciation—"Thanks for all your team has done for now"—and signed off the email, expressing for a third time his "thanks." *Id.* Like many people who A Place for Mom helps, Mr. Pine's father did not move into the facilities to which A Place for Mom referred him.

The Complaint alleges that Pine input his number on the website depicted in the

A PLACE FOR MOM'S RESPONSE
PLTF'S MOT. TO COMPEL –2
Case No. C17-01826 TSZ
140739322.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Complaint, locate.aplaceformom.com (the "Locate Website"). FAC ¶ 28. Discovery has revealed that Plaintiff in fact visited a different test page, "locateA.aplaceformom.com." This test page was a page that A Place for Mom used to test the efficacy and user-friendliness of certain design elements of the Locate Website. Williams Decl. ¶ 10, Ex. I at 35. There are three other test websites for the Locate Website including locateB.aplaceformom.com, locateC.aplaceformom.com, and locateD.aplaceformom.com (together with the Locate Website, the "Locate Websites"). *Id.*

### III. PROCEDURAL HISTORY

Despite the fact that A Place for Mom contends that this matter should be dismissed with prejudice on the grounds set forth in its Motion to Dismiss, *see* Dkt. 50, A Place for Mom has nonetheless engaged in extensive discovery in this action, responding timely to Plaintiff's discovery requests, supplementing its interrogatory responses four times, supplementing its requests for production responses twice, and producing eight tranches of documents to Plaintiff. A Place for Mom has also made two corporate representatives available for deposition under Federal Rule of Civil Procedure 30(b)(6).

Several of Plaintiff's discovery requests seek information related to what Plaintiff obliquely describes as "Call Lists" and "Call Data" in the Motion. *See* Mot. at 1.[1] The Motion defines Call Lists as "the cellular telephone numbers, names, and addresses of each person called" and Call Data as "related data and documents from APFM's databases regarding each person on the Call List." Mot. at 4-5. The Call Data requested in the corresponding discovery requests is comprised of a long list of attributes, including: the "substance of the conversation" and notes for every call, the duration of every call, the phone number from which every all was placed, the data and time of every call, the "result" of every call, the manner in which A Place for Mom obtained every telephone number called (including the person who provided the

---

[1] Many of these requests are objectionable for reasons not addressed in detail here. For example, Requests for Production 22 and 23, are patently irrelevant because plaintiff has not alleged that A Place for Mom called the wrong number when it called Pine or the putative class.

A PLACE FOR MOM'S RESPONSE
PLTF'S MOT. TO COMPEL –3
Case No. C17-01826 TSZ
140739322.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

number, the data and time it was provided, and the method it was provided), the person A Place for Mom was trying to reach on every call, every script used on every call, the equipment used to place each call, and the location of each call. *See* Interrog. 9, Klinger Decl. ¶ 3, Ex. B; *see also* Pl.'s Reqs. for Produc. 19-24 and Interrog. 8, Klinger Decl. ¶ 3, Exs. A & B. A Place for Mom objected to providing this information because of, among other things, the burden associated with identifying and describing in the manner demanded each individual call over the four-year period, which would require creating documents not ordinarily maintained and correlating multiple databases and manually manipulating large volumes of data. *See* Gonzalez Decl. ¶¶ 8-9; Klinger Decl. ¶ 4, Ex. D at 22-26. A Place for Mom also objected that the requests impinged upon the privacy of putative class members. Klinger Decl. ¶ 4, Ex. C at 3-4, Ex. D at 3-4.

Following meet and confer discussions on these issues, in late May 2018, the parties reached an agreement that, in lieu of the objectionable demand for Call Lists and Call Data, A Place for Mom would analyze its data and produce to Plaintiff a summary of it that included the *amount* of people who visited the Locate Websites and the *amount* of phone numbers presently associated with mobile phones. This agreement was memorialized in Plaintiff's counsel's June 1, 2018 letter to counsel for A Place for Mom:

> Plaintiff believes it would be most efficient to provide the underlying call data so that Plaintiff's expert can determine the total number of unique cell phone numbers called and the number of times each such cellular phone number was called. In the alternative, *Plaintiff will accept the identification of all persons in Plaintiff's proposed class, i.e., the total number of persons who visited APFM's websites and subsequently received a call to a cellular telephone number.* For the latter, APFM must confirm that the answer is accurate and responsive to Plaintiff's discovery requests. In other words, if APFM cannot confirm the total number of persons who received a cell phone call after visiting APFM's "locate" websites and the number of calls such persons received, Plaintiff requires the call data so that his expert can determine that number.

Williams Decl. ¶ 3, Ex. B (emphasis added).

A Place for Mom agreed to this proposal and, based on this agreement, provided

A PLACE FOR MOM'S RESPONSE
PLTF'S MOT. TO COMPEL –4
Case No. C17-01826 TSZ
140739322.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Plaintiff's counsel with a letter followed by an interrogatory response that identified the number of persons who visited the Locate Websites, as well as the number of those persons whose numbers are presently indicated as cell phone numbers.[2] Williams Decl. ¶ 4, Ex. C & ¶ 10, Ex. I at 34-42. Providing this data to Plaintiff required over 90 hours of analysis and compilation, which included hiring a third-party vendor to perform the cell phone analysis component. (A Place for Mom does not have the capacity to distinguish landlines from cell phones.) Gonzalez Decl. ¶ 3; Williams Decl. ¶ 10, Ex. I at 36. Performing the required analysis was exceedingly complex for several reasons, which A Place for Mom outlined in its response to Interrogatory 8. For example, many individuals who visited the Locate Websites also visited other A Place for Mom websites or contacted A Place for Mom through other means and therefore may have been exposed to disclosures other than those on the Locate Websites.[3] A Place for Mom explained this to Plaintiff in its interrogatory responses, provided the amount of people who visited each of the Locate Websites and received calls, and identified how many phone numbers it called are listed as cell numbers today for the group of people who came only to the Locate Websites without having other interactions with A Place for Mom. Williams Decl. ¶ 10, Ex. I at 34-42. The parties thereafter put discovery on hold pending a mediation.

Following a failed mediation on July 6, 2018, A Place for Mom wrote to Plaintiff's counsel on July 11 to discuss the resumption of discovery. *Id.* ¶ 5, Ex. D. In that letter, A Place for Mom asked why Plaintiff's counsel had indicated in an earlier draft status report that Plaintiff intended to pursue a motion to compel. *Id.* Plaintiff's counsel responded on July 12—one day before Plaintiff filed this Motion—with two complaints about the interrogatory response that A Place for Mom had provided six weeks prior: (1) A Place for Mom had not produced the number

---

[2] A Place for Mom provided to Plaintiff the amount of numbers indicated as cell phone numbers as of the date of a third-party vendor's analysis. Williams Decl. ¶ 10, Ex. I at 34-42. This information was originally provided to Plaintiff by letter on June 1, 2018, and later incorporated into A Place for Mom's Fourth Supplemental Responses to Plaintiff's First Set of Interrogatories. *Id.* ¶ 4, Ex. C; *id.* ¶ 10, Ex. I.

[3] This is relevant because Plaintiff's lawsuit contends that Plaintiff did not consent to A Place for Mom's calls because the disclosures on the Locate Websites are insufficient, but if someone visited another website that had different disclosures then the consent analysis would differ.

A PLACE FOR MOM'S RESPONSE
PLTF'S MOT. TO COMPEL –5
Case No. C17-01826 TSZ
140739322.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

of calls to each cell phone number (which had not been requested in Plaintiff's proposal A Place for Mom agreed to) and (2) A Place for Mom had not provided cell phone number totals for the count of people "who had requested information from A Place for Mom directly or through one of its marketing channels or vendors before or after submitting information [on the Locate Websites]." *Id.* ¶ 6, Ex. E.

Until Plaintiff's July 12 letter, A Place for Mom did not know that Plaintiff had objections to A Place for Mom's June 1 production of summary call data.

A Place for Mom responded to the July 12 letter the following day, expressing disagreement with Plaintiff's characterization of the parties' call data agreement, but agreeing to provide cell phone counts for the number of people "who requested information from A Place for Mom directly or through one of its marketing channels or vendors before or after submitting information [on the Locate Websites]" in order to avoid motion practice. *Id.* ¶ 7, Ex. F. Plaintiff's counsel ignored this offer, instead opting to file the Motion. *Id.* ¶ 8, Ex. G. Rather than seek (1) the number of calls to each cell phone number and (2) a cell phone count for the number of people "who requested information from A Place for Mom directly or through one of its marketing channels or vendors before or after submitting information [on the Locate Websites]" the Motion broadly seeks Call Lists and Call Data far beyond the parties' discovery agreement or meet and confer discussions. *See* Mot. at 5-6.

### IV. ARGUMENT

#### A. Plaintiff's motion is premature.

A Place for Mom did not have an opportunity to respond to Plaintiff's renewed demand for the number of calls before Plaintiff filed the Motion because the Motion was filed the same day. A Place for Mom believes that the parties therefore have insufficiently explored options for resolving this dispute short of the Court's involvement and the motion should be denied on this basis alone. *See* L.R. 1(c), 26; *Advanced Hair Restoration, LLC v. Hair Restoration Ctrs., LLC*, No. C17-709RSM, 2018 WL 828213, at *2 (W.D. Wash. Feb. 12, 2018) (denying motion to

A PLACE FOR MOM'S RESPONSE
PLTF'S MOT. TO COMPEL –6
Case No. C17-01826 TSZ
140739322.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

compel because "[t]here is no evidence that the parties reached an impasse in their discussions; to the contrary it appears that Defendant was, perhaps belatedly, attempting in good faith to resolve the discovery dispute outside of Court").

A Place for Mom is willing to discuss ways to accommodate Plaintiff's demand for the number of calls, which demand goes beyond the parties' agreement, but Plaintiff has not responded to this offer as of the date of this Motion. *See* Williams Decl. ¶ 9, Ex. H. The Motion should be denied as premature given that A Place for Mom has addressed one of Plaintiff's claims and is willing to discuss the other.

### B. Plaintiff should be held to the bargain he struck.

If the Motion is not denied as premature, Plaintiff should be held to bargain he struck—provision of information in the form of an interrogatory response—especially since A Place for Mom provided the bargained-for information at great expense (over 90 hours of work). *See* Gonzalez Decl. ¶ 3. If the Court were to order additional production, that order should be limited to the data Plaintiff agreed to in discovery—namely identification in the interrogatory responses of the total number of calls made to the individuals identified in the interrogatory responses. As described in more detail below, the burden of producing the broader Call List and Call Data Plaintiff now seeks is extraordinary because of the way that the data is stored at A Place for Mom, the fact that A Place for Mom would be required to create documents not maintained in the ordinary course of business, the fact that less burdensome discovery is available and Plaintiff has taken such discovery, the manual manipulation required to accurately merge multiple databases, and the unreasonable scope of the requests. In contrast to this burden, Plaintiff has not established a need for the number of calls—let alone Call Lists and Call Data. It would be unfair to require A Place for Mom to shoulder the burden of producing the information the parties agreed to and then require A Place for Mom to also produce the information Plaintiff agreed to forego.

A PLACE FOR MOM'S RESPONSE
PLTF'S MOT. TO COMPEL –7
Case No. C17-01826 TSZ
140739322.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**C. This Court should deny Plaintiff's broad request for call data that is beyond the subjects of the parties' meet and confer discussions.**

The parties simply have not met and conferred about the broad categories of Call List and Call Data Plaintiff now seeks in its Motion, and the Motion should be denied on that basis. Moreover, Plaintiff's written agreement to accept summary data proves that Plaintiff does not believe that the Call Lists and Call Data are necessary for class certification purposes. Plaintiff counsel's primary argument for seeking this information is that producing it is "standard practice" in TCPA litigation. But multiple cases prove otherwise—especially as to the broad category of data, such as content, that Plaintiff seeks in this case. *See, e.g.*, *Ronquillo-Griffin v. Transunion Rental Screening Sols., Inc.*, No. 17CV129-JM (BLM), 2018 WL 325051, at *3 (S.D. Cal. Jan. 8, 2018) (individual call recordings were not relevant to ascertainability or the issue of consent); *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 598 (S.D. Cal. 2014) (denying the motion to compel, because although the outbound dial list was relevant to numerosity and commonality, there existed less burdensome methods of discovery); *Knutson v. Schwan's Home Serv., Inc.*, No. 3:12-CV-0964-GPC-DHB, 2013 WL 3746118, at *4-5 (S.D. Cal. July 15, 2013) (concluding that requests for call data were not relevant to ascertainability, typicality, or commonality and were likely "irrelevant, unreasonably cumulative, and inconvenient at this stage of discovery").[4]

Regardless, Plaintiff negotiated an agreement to accept a detailed summary in interrogatory form and Plaintiff should be held to that agreement. This is not a typical TCPA case—Plaintiff here cannot show that Call Lists and Call Data are necessary for his class certification motion, that the burden would justify such production, or that there are not less burdensome means (including those Plaintiff agreed to) to obtain information.

---

[4] Plaintiff misrepresents the holding in *Knutson*. Plaintiff maintains that the *Knutson* court "order[ed] the production of a 'dial list' consisting of everyone in the plaintiff's proposed class." Mot. at 7. Yet, the *Knutson* court *reversed* and remanded the magistrate judge's order that granted plaintiff's motion to compel production of the call lists, concluding that the requests were not relevant to ascertainability, typicality, or commonality and were likely "irrelevant, unreasonably cumulative, and inconvenient at this stage of discovery."

A PLACE FOR MOM'S RESPONSE
PLTF'S MOT. TO COMPEL –8
Case No. C17-01826 TSZ
140739322.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### 1. The production of the data Plaintiff seeks would be extremely burdensome.

Fulfilling Plaintiff's oblique requests for call data would impose a burden vastly disproportionate to the needs of the case, and there are less burdensome means to obtain such discovery such as the interrogatory response already provided and the corporate depositions already taken. A Place for Mom does not have organized Call Lists or Call Data for the putative class period that can be searched, organized by the Locate Website from which it came, and redacted to exclude personal and health information, without expending an extraordinary amount of time and resources. *See* Gonzalez Decl. ¶¶ 4-9. A Place for Mom has different sources of data that would need to be reviewed and correlated in order to attempt to provide the information Plaintiff is seeking. *Id.* at ¶ 5. Some databases contain information about phone numbers that have been called while others contain information about how A Place for Mom received the phone number called. *Id.* (A Place for Mom calls phone numbers provided by people seeking information about senior living from A Place for Mom). *Id.* at ¶ 10. Moreover, people seeking information from A Place for Mom may have contacted A Place for Mom through different sources over different time periods. *Id.* at ¶ 5. Some of the information is self-reported, so some records are not accurate or may be fake. *Id.* Information from these databases would need to be analyzed and cross referenced to provide the information sought. *Id.* at ¶¶ 4-9.

Because A Place for Mom does not create reports on the call data that Plaintiff is requesting in the ordinary course of business, it cannot be sure that it is even technologically possible to fully correlate the databases in order to provide the call data requested by Plaintiff. *Id.* at ¶ 8. For the same reason, it is exceedingly difficult to estimate how many employee hours it would take to prepare call data reports for the class period. *Id.* Analyzing a single family's record takes an average of thirty minutes and Plaintiff seeks this information for tens of thousands of records. *Id.* In any case, A Place for Mom is not required to create datasets that are responsive to Plaintiff's requests. *See Ahad v. Bd. of Trs. of S. Ill. Univ.*, No. 15-CV-3308, 2018 WL 534158,

A PLACE FOR MOM'S RESPONSE
PLTF'S MOT. TO COMPEL –9
Case No. C17-01826 TSZ

140739322.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

at *5 (C.D. Ill. Jan. 24, 2018) ("That Defendants had the ability at the time they responded to the initial discovery requests to spend hours pulling payroll records . . . and creating a dataset in one spreadsheet is irrelevant. Defendants were only required to produce records as kept in the normal course of business."); *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 227 (N.D. Tex. 2016) (same); *Hallmark v. Cohen & Slamowitz, Midland Funding LLC*, 302 F.R.D. 295, 299 (W.D.N.Y. 2014) (same). This is why A Place for Mom agreed to the proposal Plaintiff made to provide this information in the form of an interrogatory response.

In order to prepare the response Plaintiff agreed to, A Place for Mom has already dedicated 90 employee hours to analyzing such data in order to provide Plaintiff with the information that A Place for Mom produced in its supplemental response to Interrogatory Number 8. Gonzalez Decl. at ¶ 3. A Place for Mom should not be required to expend additional resources and time to prepare data now that Plaintiff seeks to change the deal, especially absent a substantial showing that the data is required for Plaintiff's class certification motion.

### 2. The discovery is disproportionate to the needs of the case.

"The proper scope of discovery at this pre-certification stage is to permit plaintiffs to intelligently craft their class and learn information so as to meet the requirements of Rule 23." *Lieberg v. Red Robin Gourmet Burgers, Inc.*, No. C15-1242-TSZ, 2016 WL 1588381, at *1 (W.D. Wash. Apr. 20, 2016). "Prior to class certification under Rule 23, discovery lies entirely within the discretion of the [c]ourt." *Willner v. Manpower, Inc.*, Case No. C 11–2846 JSW (MEJ), 2012 WL 4902994, at *2 (N.D. Cal. Oct. 16, 2012) (citing *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir.2009)). Moreover, "[t]he party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)." *Silva v. McKenna*, No. C11-5629 RBL/KLS, 2012 WL 1596971, at *2 (W.D. Wash. May 7, 2012). Under Fed. R. Civ. P. 26(a), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the amount in controversy, the importance of the issues at stake in

A PLACE FOR MOM'S RESPONSE
PLTF'S MOT. TO COMPEL –10
Case No. C17-01826 TSZ
140739322.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

the action, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Here, the most important Rule 26 factors are importance and burden. As an initial matter, A Place for Mom has now pending a Motion to Dismiss that may resolve the entire case without the need for the discovery sought. Additionally, pursuant to the parties' agreement, A Place for Mom has already provided, at great expense, summary call data information to Plaintiff pertaining to the individuals in the putative class. Plaintiff also deposed A Place for Mom's corporate representatives about the data and thus had the opportunity to ask any additional questions about the interrogatory responses, the types of calls A Place for Mom receives, or other such information. Further, Plaintiff's agreement to forego the data now sought in exchange for the interrogatory response provided belies any claim the data is necessary. If any data is at issue, it should be the number of calls, not the Call Lists and Call Data, which Plaintiff *agreed* he did not need for class certification purposes.

Plaintiff's arguments that he now needs Call Lists and Call Data to move for class certification are meritless. As but one example, Plaintiff's counsel contends that Plaintiff needs call data to establish numerosity because he does not know "how many of [the] calls [placed by APFM to the putative class] were placed to cell phones during the class period." Mot. at 9. But A Place for Mom has already, based on the agreement with Plaintiff, hired a vendor to identify the number of phone numbers called that are currently listed as cell phone numbers and provided this information in letters and interrogatory responses. *See* Williams Decl. ¶ 10, Ex. I at 34-42. And the question of numerosity focuses on the amount of *individuals* in the class, not the number of calls. *See* Fed. R. Civ. P. 23(a)(1). No additional information is necessary to brief this issue.

Similarly, Plaintiff claims he needs call data to establish ascertainability, *see* Mot. at 7-9, but Plaintiff's dissatisfaction about what the evidence shows regarding ascertainability does not warrant the additional production of data. A Place for Mom has provided discovery showing that A Place for Mom only maintains self-reported names and email addresses (but not physical

A PLACE FOR MOM'S RESPONSE
PLTF'S MOT. TO COMPEL –11
Case No. C17-01826 TSZ
140739322.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

addresses) of individuals who filled out its webforms, and that A Place for Mom therefore does not have accurate records of who owned the phone numbers it called over the four-year class period. Williams Decl. ¶ 10, Ex. I at 35-36. A Place for Mom has also explained to Plaintiff that it was required to hire a vendor to identify the current cell phone numbers among those numbers that A Place for Mom called during that time period because it does not track that information. *Id.* at 36. The parties can address in their class certification briefing the feasibility and burden of determining whether each number called was a mobile number at the time called, and who those phone numbers belonged to. The actual people and phone numbers do not affect that analysis. *See Knutson*, 2013 WL 3746118, at *4-5 (concluding that call data was not relevant to ascertainability, typicality, or commonality and were likely "irrelevant, unreasonably cumulative, and inconvenient at this stage of discovery").

Plaintiff's remaining relevancy arguments can be summarily disposed of. There can be no dispute that some of the individuals in the putative class were called on their cellular phones, since A Place for Mom has already provided Plaintiff with the amount of phone numbers input into the Locate Websites it called that are cell phone numbers. *See* Mot. at 9. Plaintiff's argument that it needs Call Data to rebut A Place for Mom's prior express consent argument is unintelligible and ignores that A Place for Mom has provided website screenshots that show what consent disclosures were in place over time. *See, e.g.*, Williams Decl. ¶ 12. And as to all of these issues, Plaintiff has had the opportunity to seek information about A Place for Mom's defenses through multiple other sources such as the interrogatory responses provided, documents produced, and corporate witness depositions. Plaintiff has failed to explain why more than he agreed to is necessary now.

## V. CONCLUSION

For the reasons set forth above, A Place for Mom respectfully requests that the Court deny Plaintiff's Motion to Compel.

A PLACE FOR MOM'S RESPONSE
PLTF'S MOT. TO COMPEL –12
Case No. C17-01826 TSZ
140739322.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DATED: July 30, 2018

**PERKINS COIE LLP**

By: /s/ *James G. Snell*
    James G. Snell, WSBA No. 173070
    JSnell@perkinscoie.com
    3150 Porter Drive
    Palo Alto, CA 94304-1212
    Telephone: 650.838.4300
    Facsimile: 650.838.4350

By: /s/ *James F. Williams*
    James F. Williams, WSBA #23613
    Nicola C. Menaldo, WSBA #44459
    JWilliams@perkinscoie.com
    NMenaldo@perkinscoie.com
    Perkins Coie LLP
    1201 Third Avenue, Suite 4900 Seattle, WA 98101-3099
    Telephone: 206.359.8000

    Debra R. Bernard, *pro hac vice*
    DBernard@perkinscoie.com
    Perkins Coie LLP
    131 S. Dearborn St., Suite 1700
    Chicago, IL 60603-5559
    Telephone: 312.324.8400

*Attorneys for Defendant*
*A Place for Mom, Inc.*

A PLACE FOR MOM'S RESPONSE
PLTF'S MOT. TO COMPEL –13
Case No. C17-01826 TSZ

140739322.1

**Perkins Coie LLP**
**1201 Third Avenue, Suite 4900**
**Seattle, WA 98101-3099**
**Phone: 206.359.8000**
**Fax: 206.359.9000**

# CERTIFICATE OF SERVICE

June Starr states as follows:

1. I am a litigation secretary at the law firm of PERKINS COIE LLP, attorneys of record for defendant, have personal knowledge of the facts set forth herein and am competent to testify thereto.

2. On the 30th day of July, 2018, I made arrangements to forward the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**ATTORNEYS FOR PLAINTIFFS**

Gary Michael Klinger
Ryan F. Sullivan
gklinger@kozonislaw.com
rsullivan@kozonislaw.com

Daniel M. Hutchinson
John Tate Spragens
Jonathan D. Selbin
Sharon M. Lee
Lieff Cabraser Heimann & Bernstein
dhutchinson@lchb.com
jspragens@lchb.com
jselbin@lchb.com
slee@lchb.com

Tammy Gruder Hussin
Tammy@HussinLaw.com

I CERTIFY UNDER PENALTY OF PERJURY under the laws of the United States of America that the foregoing is true and correct.

DATED this 30th day of July, 2018.

      *s/June Starr*
      June Starr, Litigation Secretary

A PLACE FOR MOM'S RESPONSE
PLTF'S MOT. TO COMPEL
Case No. C17-01826 TSZ
140739322.1

**Perkins Coie LLP**
**1201 Third Avenue, Suite 4900**
**Seattle, WA 98101-3099**
**Phone: 206.359.8000**
**Fax: 206.359.9000**