UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN PINE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

A PLACE FOR MOM, INC.,

Defendant.

C17-1826 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's motion to dismiss, docket no. 50, is GRANTED in part and DENIED in part as follows. Defendant's motion for dismissal is granted, but defendant's request that the dismissal be with prejudice is denied. Plaintiff's First Amended Class Action Complaint ("FACAC"), docket no. 30, is DISMISSED without prejudice and with leave to amend. In the operative pleading, plaintiff asserts, in Count I, that defendant violated the Telephone Consumer Protection Act ("TCPA"), and in Count II, that defendant's violations of the TCPA were knowing and/or willful, authorizing the Court to award treble damages, *see* 47 U.S.C. § 227(b)(3). To establish a TCPA violation, plaintiff must prove that defendant called a cellular telephone number using an automatic telephone dialing system ("ATDS").[1] *See Meyer v. Portfolio Recovery Assocs., LLC*, 707

---

[1] If plaintiff makes the requisite showing, the burden falls to defendant to demonstrate that plaintiff expressly consented to the call. *See Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1044 & n.3 (9th Cir. 2017) (clarifying that prior express consent is not an element that a plaintiff must disprove, as indicated in *Meyer*, but rather is an affirmative defense for which the defendant bears the burden of proof). In its motion to dismiss, defendant contends that plaintiff's TCPA claim should be dismissed because plaintiff expressly consented to the calls at issue. The FACAC, however, sufficiently alleges to the contrary. Moreover, plaintiff need not anticipate and plead around an affirmative defense. *See Dominguez v. FS1 L.A., LLC*, 2016 WL 2885861 at *2 (C.D. Cal. May 17, 2016) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

MINUTE ORDER - 1

F.3d 1036, 1043 (9th Cir. 2012). An ATDS is statutorily defined as "equipment which has the capacity -- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Plaintiff does not allege that defendant called him by using a system that generated numbers randomly or sequentially. Rather, plaintiff indicates that he provided his number to defendant by completing a form on defendant's website, and his attorney argues that defendant used a "predictive dialing" system[2] to initiate calls to plaintiff. Nowhere in the FACAC, however, does plaintiff make the allegation about defendant's use of a predictive dialer that his attorney has proffered in supplemental[3] response to defendant's motion to dismiss. Plaintiff may not cure the deficiencies of his pleading by introducing factual allegations in motion papers. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (emphasis in original)). The FACAC does not sufficiently plead an element of plaintiff's TCPA claim, namely defendant's use of an ATDS, and must be dismissed without prejudice and with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (leave to amend "should be granted 'if it appears at all possible that the plaintiff can correct the defect'").

  (2) The Court sua sponte STAYS this matter pending a decision of the United States Court of Appeals for the Ninth Circuit in *Marks v. Crunch San Diego, LLC*, No. 14-56834, which was submitted following oral argument on December 6, 2016. *See Soukhaphonh v. Hot Topic, Inc.*, 2018 WL 3601841 (C.D. Cal. May 31, 2018) (likewise granting a stay pending *Marks*). The parties are DIRECTED to file a Joint Status Report within fourteen (14) days after the Ninth Circuit issues a disposition in *Marks* or by December 31, 2018, whichever occurs first. In such Joint Status Report, the parties shall indicate, if appropriate, when plaintiff will be prepared to file an amended pleading and what trial date and related dates and deadlines the parties propose for this action.

  (3) The motion to quash plaintiff's subpoenas, docket no. 105, is STRICKEN as moot.

---

[2] In the FACAC, plaintiff describes a predictive dialer as having the capacity to dial numbers from a call list without human intervention, and asserts that a predictive dialer is an ATDS for purposes of the TCPA. *See* FACAC at ¶ 18 (docket no. 30); *see also Pinkus v. Sirius XM Radio, Inc.*, 2018 WL 3586186 at *2 (N.D. Ill. July 26, 2018) ("Telemarketers using predictive dialing software 'program the numbers to be called into the equipment, and the dialer calls them at a rate to ensure that when a consumer answers the phone, a sales person is available to take the call.'").

[3] By Minute Order dated May 18, 2018, docket no. 75, the Court directed the parties to file supplemental briefs concerning the effect of *ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018), which was issued after the original noting date of defendant's motion to dismiss. In this supplemental briefing, plaintiff's attorney for the first time presented the theory that defendant used a predictive dialer. *See* Pla.'s Supp. Br. (docket no. 78); Pla.'s Supp. Resp. (docket no. 82).

MINUTE ORDER - 2

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 28th day of August, 2018.

                                          William M. McCool
                                          Clerk

                                          s/Karen Dews
                                          Deputy Clerk

MINUTE ORDER - 3