UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN PINE, individually and on behalf
of all others similarly situated,

              Plaintiff,

    v.

A PLACE FOR MOM, INC., a Delaware
corporation,

              Defendant.

No. C17-01826 TSZ

**A PLACE FOR MOM, INC.'S MOTION
TO STAY OR, IN THE ALTERNATIVE,
DISMISS PLAINTIFF'S SECOND
AMENDED COMPLAINT**

*Noted for Consideration:  11/23/18*

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ................................................................................................. 1

II.  BACKGROUND .................................................................................................. 2

     A.   Procedural History ................................................................................... 2

     B.   Plaintiff's Allegations .............................................................................. 4

III. ARGUMENT ...................................................................................................... 5

     A.   The Court Should Dismiss or Stay the Litigation Pending the FCC's Order
          Interpreting ATDS and the Petition for En Banc Review filed in *Marks* ............. 5

          1.   Legal Standard ............................................................................... 5

          2.   The Primary Jurisdiction Doctrine Requires Dismissal or a Stay .............. 6

          3.   The Court Should Also Exercise its Inherent Power to Stay this
               Case Pending a Decision on the *Marks* Petition for Rehearing En
               Banc ............................................................................................ 11

     B.   Alternatively, the Court Should Dismiss the Complaint for Failure to State
          a Claim Because A Place for Mom is Not a Telemarketer and Needs to
          Obtain Only Prior Express Consent, Which it Did When Mr. Pine
          Provided His Phone Number ..................................................................... 14

          1.   Legal Standard ............................................................................... 14

          2.   Prior Express Written Consent is Not Required Because A Place
               for Mom's Calls to Plaintiff Did Not Include an Advertisement or
               Constitute Telemarketing ................................................................ 15

          3.   Plaintiff Concedes in the SAC that He Provided Prior Express
               Consent to Receive Calls from A Place for Mom ................................ 21

          4.   Plaintiff Admits That the First Call He Received Qualifies for an
               Exception to the Prior Express Written Consent Requirements ............. 24

IV.  CONCLUSION ................................................................................................... 24

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES

Page

**CASES**

*ACA Int'l v. FCC,*
885 F.3d 687 (D.C. Cir 2018) .................................................................... passim

*Aderhold v. Car2go N.A., LLC,*
No. C13-489RAJ, 2014 WL 794802 (W.D. Wash. Feb. 27, 2014), *aff'd*, 668
F. App'x 795 (9th Cir. 2016) ............................................................16, 19, 22

*Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.,*
744 F.3d 595 (9th Cir. 2014) ...........................................................................21

*Ameriguard, Inc. v. Univ. of Kan. Med. Ctr. Res. Inst., Inc.,*
222 F. App'x 530 (8th Cir. 2007) ...................................................................19

*Animal Legal Def. Fund v. Veneman,*
490 F.3d 725 (9th Cir. 2007) ...........................................................................11

*Aquilar v. Ocwen Loan Servicing, LLC,*
289 F. Supp. 3d 1000 (D. Minn. 2018) ..........................................................22

*ARcare v. IMS Health, Inc.,*
No. 2:16-cv00080 JLH, 2016 WL 4967810 (E.D. Ark. Sept. 15, 2016) ...............................19

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ........................................................................................15

*Baird v. Sabre Inc.,*
995 F. Supp. 2d 1100 (C.D. Cal. 2014) ..........................................................22

*Barrera v. Comcast Holdings Corp.,*
No. 14-cv-00343-TEH, 2014 WL 1942829 (N.D. Cal. May 12, 2014)............................9, 11

*Barrera v. Guaranteed Rate, Inc.,*
No. 17-cv-5668, 2017 WL 4837597 (N.D. Ill. Oct. 23, 2017) .......................20

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)........................................................................................14

*Broking v. Green Brook Buick GMG Suzuki,*
cv151847BRMLHG, 2017 WL 3610490 (D.N.J. Aug. 22, 2017), *appeal
docketed*, No. 17-3072 (3d Cir. Sept. 22, 2017) ..........................................18

A PLACE FOR MOM, INC.'S MOTION TO STAY
OR DISMISS SECOND AMENDED COMPLAINT
(17-cv-01826 TSZ)–ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**TABLE OF AUTHORITIES**
(continued)

Page

*Buhr v. ADT LLC*,
    9:18-cv-80605-RLR (S.D. Fla. June 22, 2018), ECF No. 22 ................................10

*Chesbro v. Best Buy Stores, L.P.*,
    705 F.3d 913 (9th Cir. 2012) ................................................................................17

*Clark v. Time Warner Cable*,
    523 F. 3d 1110 (9th Cir. 2008) ........................................................................5, 11

*CMAX, Inc. v. Hall*,
    300 F.2d 265 (9th Cir. 1962) ..........................................................................6, 13

*Daniel v. Five Stars Loyalty, Inc.*,
    No. 15-cv-03546-WHO, 2015 WL 7454260 (N.D. Cal. Nov. 24, 2015) ..........16, 19

*Davel Commc'ns, Inc. v. Qwest Corp.*,
    460 F.3d 1075 (9th Cir. 2006) ..............................................................................11

*Davis Neurology, P.A. v. DoctorDirectory.com, LLC*,
    No. 4:16-cv-00682 BSM, 2017 WL 1528769 (E.D. Ark. Mar. 20, 2017) ..............19

*Dolemba v. Kelly Servs., Inc.*,
    No. 16 C 4971, 2017 WL 429572 (N.D. Ill. Jan. 31, 2017) ................................19

*Dominguez v. Yahoo, Inc.*,
    894 F.3d 116 (3d Cir. 2018) ................................................................................12

*Friedman v. Torchmark Corp.*,
    No. 12-cv-2837-IEG(BGS), 2013 WL 1629084 (S.D. Cal., Apr. 16, 2013) ..........19

*Gomez v. Quicken Loans, Inc.*,
    629 F. App'x 799 (9th Cir. 2015) (unpublished) ................................................21

*Hart v. Comcast of Alameda*,
    No. C 07-6350 PJH, 2008 WL 2610787 (N.D. Cal. June 25, 2008) ....................10

*Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*,
    701 F.2d 1276 (9th Cir. 1983) ..............................................................................15

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005) ..............................................................................20

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
 (17-cv-01826 TSZ)–iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**TABLE OF AUTHORITIES**
(continued)

Page

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) .............................................................................................6

*Lockyer v. Mirant Corp.*,
398 F.3d 1098 (9th Cir. 2005) ........................................................................6, 13

*Marks v. Crunch San Diego, LLC*,
904 F.3d 1041 (9th Cir. 2018) ................................................................... passim

*McAdory v. TTM Techs., Inc.*,
No. SAcv1601047AG(DFMx), 2017 WL 8186697 (C.D. Cal. June 26, 2017) .....................14

*McDonald v. Union Nat'l. Life Ins. Co.*,
307 F. Supp. 2d 831 (S.D. Miss. 2004) .............................................................14

*McKenna v. WhisperText*,
No. 5:14-cv-00424-PSG, 2015 WL 5264750 (N.D. Cal. Sept. 9, 2015) ............4, 21

*Mey v. Pep Boys–Manny, Moe & Jack*,
717 S.E.2d 235 (W. Va. 2011) ...........................................................................19

*P&S Printing LLC v. Tubelite, Inc.*,
No. 3:14-cv-1441 (VAB), 2015 WL 4425793 (D. Conn. July 17, 2015) ...............19

*Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*,
No. 12-2132 (FLW), 2013 WL 486207 (D. N.J. Feb. 6, 2013) ............................20

*Pinkus v. Sirius XM Radio, Inc.*,
319 F. Supp. 3d 927 (N.D. Ill. 2018) .................................................................13

*Reardon v. Uber Techs., Inc.*,
115 F. Supp. 3d 1090 (N.D. Cal. 2015) ..............................................................16

*Reese v. Anthem, Inc.*,
No. cv 17-07940, 2018 WL 1251658 (E.D. La. Mar. 12, 2018) .....................18, 22

*Reese v. Marketron Broad. Sols., Inc.*,
No. cv 18-1982, 2018 WL 2117241 (E.D. La. May 8, 2018) ..........................15, 22

*Rivers v. Walt Disney Co.*,
980 F. Supp. 1358 (C.D. Cal. 1997) ....................................................................6

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
(17-cv-01826 TSZ)–iv

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Roberts v. PayPal Inc.*,
No. C 12-0622 PJH, 2013 WL 2384242 (N.D. Cal. May 30, 2013), *aff'd*, 621
F. App'x 478 (9th Cir. 2015) ...................................................................................23

*Salmon v. CRST Expedited, Inc.*,
No. 14-cv-0265-cvE-TLW, 2015 WL 1395237 (N.D. Okla. Mar. 25, 2015)...................17, 18

*Sandusky Wellness Ctr., LLC v. Medco Health Sols., Inc.*,
788 F.3d 218 (6th Cir. 2015) .............................................................................17, 19

*Satterfield v. Simon & Schuster, Inc.*,
569 F.3d 946 (9th Cir. 2009) ....................................................................................12

*Smith v. Blue Shield of Cal. Life & Health Ins. Co.*,
228 F. Supp. 3d 1056 (C.D. Cal. 2017) .................................................................17, 19

*Sullivan v. All Web Leads, Inc.*,
No. 17 C 1307, 2017 WL 2378079 (N.D. Ill. June 1, 2017) ..........................................20

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ....................................................................................21

*Syntek Semiconductor Co. v. Microchip Tech., Inc.*,
307 F.3d 775 (9th Cir. 2002) ..................................................................................5, 9

*U.S. Bank v. Premier One Holdings*,
No. 2:15-cv-01121-JCM-NJK, 2016 WL 5842562 (D. Nev. Oct. 4, 2016) .........................14

*United States v. Kiewit Pac. Co.*,
41 F. Supp. 3d 796 (N.D. Cal. 2014) ............................................................................6

*United States v. U.S. Dist. Court for N. Mariana Islands*,
694 F.3d 1051 (9th Cir. 2012) ....................................................................................6

*Van Buskirk v. CNN*,
284 F.3d 977 (9th Cir. 2002) ....................................................................................20

*Van Patten v. Vertical Fitness Grp., LLC*,
847 F.3d 1037 (9th Cir. 2017) ..................................................................................22

*Warzon v. Drew*,
60 F.3d 1234 (7th Cir. 1995) ....................................................................................15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Weisbuch v. Cty. of Los Angeles*,
119 F.3d 778 (9th Cir. 1997) ...............................................................15

*Wick v. Twilio Inc.*,
No. C16-00914RSL, 2016 WL 6460316 (W.D. Wash. Nov. 1, 2016).................15, 20, 22, 24

*Zean v. Fairview Health Servs.*,
858 F.3d 520 (8th Cir. 2017) ...............................................................21

**STATUTES**

28 U.S.C. § 1658(a) ...............................................................11

TCPA Amendments in the Bipartisan Budget Act of 2015 ...............................................................10

Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ........................................... passim

**RULES**

Ninth Circuit General Order 5.4(b)(1) ...............................................................13

Ninth Circuit Rule 35-1 ...............................................................13

**REGULATIONS**

47 C.F.R. § 64.1200, *et seq.* ...............................................................14, 16

**OTHER AUTHORITIES**

Ann Carrns, *Searching for Quality in Assisted Living Care*, New York Times
(May 15, 2014)...............................................................17

Ajit Pai, *Statement on D.C. Circuit Decision Curbing Regulatory Overreach*
(Mar. 16, 2018) ...............................................................8

*Consumer and Governmental Affairs Bureau Seeks Comment on Interpretation of
the Telephone Consumer Protection Act in Light of the D.C. Circuit's ACA
International Decision*, Public Notice, DA 18-493 ("May FCC Notice") (rel.
May 14, 2018)...............................................................7

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
(17-cv-01826 TSZ)–vi

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Consumer and Governmental Affairs Bureau Seeks Further Comment on
Interpretation of the Telephone Consumer Protect Act in Light of the Ninth
Circuit's Marks v. Crunch San Diego, LLC Decision*, Public Notice, DA 18-
1014 (rel. Oct. 14, 2018) ..............................................................................................12

FCC, *About the FCC: Leadership*, https://www.fcc.gov/about/leadership (last
visited June 14, 2018) ....................................................................................................9

*In the Matter of Advanced Methods to Target and Eliminate Unlawful Robocalls*,
32 F.C.C. Rcd. 9706 (2017) ........................................................................................10

*In the Matter of Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*,
31 F.C.C. Rcd. 9074 (2016) ........................................................................................10

*In re GroupMe, Inc./Skype Commc'ns S.A.R.L. Petition for Expedited Declaratory
Ruling - Rules and Regulations Implementing the Tel. Consumer Protection
Act of 1991*, 29 FCC Rcd. 3442 (F.C.C. Mar. 27, 2014) ..........................................23

*In re Rules and Regulations Implementing the Tel. Consumer. Prot. Act of 1991*,
30 FCC Rcd. 7961 (2015) ..................................................................................... passim

*In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*,
7 F.C.C. Rcd. 8752 (F.C.C. Oct. 16, 1992) ................................................................22

*In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*,
Request of ACA Int'l for Clarification and Declaratory Ruling, 23 FCC Rcd.
559 (F.C.C. Jan. 4, 2008) ...........................................................................................23

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
   (17-cv-01826 TSZ)–vii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I. INTRODUCTION

This Court should stay or dismiss this litigation pending the issuance of the Federal Communications Commission's ("FCC's") order on the definition of autodialer or, in the alternative, dismiss the Second Amended Complaint ("SAC") with prejudice because the allegations of the SAC confirm that A Place for Mom, Inc. ("A Place for Mom") does not need prior express written consent, as alleged, because A Place for Mom's calls are not telemarketing or advertising, and also admits that Plaintiff provided prior express consent for A Place for Mom to call him.

On the first issue, Plaintiff seeks to resume litigation in this matter before unsettled law on an issue fundamental to Plaintiff's case is resolved through pending proceedings. Plaintiff relies in the SAC on a minority interpretation of automatic telephone dialing system ("ATDS" or "autodialer"), during a time in which the FCC is poised to issue a ruling that may well nullify that interpretation and require dismissal of Plaintiff's claims. FCC Chairman Ajit Pai and other FCC commissioners have been critical of the broad interpretations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, similar to those urged by Plaintiff here. To give the FCC time to rule on an issue central to this case, and before additional potentially unnecessary resources are spent to further litigate this matter, the Court should dismiss the case without prejudice under the primary jurisdiction doctrine. In the alternative, it should reinstate the stay the Court previously issued until the FCC order issues or until December 31, 2018, whichever is earlier, at which point the parties can provide the Court with a status update regarding pending proceedings and extend or dissolve the stay as appropriate. A stay would also allow the Ninth Circuit to rule on the pending petition for rehearing en banc that has been filed in *Marks v. Crunch San Diego, LLC*, which, if granted, would render as non-precedential the current *Marks* decision relied upon by Plaintiff for the meaning of autodialer.

In the alternative, the Court should dismiss Plaintiff's SAC on the merits with prejudice. The SAC fails to state a claim under the TCPA because it does not plausibly allege that A Place

A PLACE FOR MOM, INC.'S MOTION TO STAY
OR DISMISS SECOND AMENDED COMPLAINT
(17-cv-01826 TSZ)–1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

for Mom is a telemarketer and admits that Plaintiff provided prior express consent to be called by A Place for Mom. Indeed, the SAC admits that Plaintiff himself provided his phone number to A Place for Mom in connection with a request for information about senior living care, and A Place for Mom called him in response to his request. And Plaintiff admits in the SAC, as he must, that A Place for Mom does not charge consumers for its free service providing them with information about senior living options. Yet Plaintiff claims he is entitled to statutory damages on behalf of himself and a putative class of others based on the notion that A Place for Mom is a telemarketer and thus needed more prominent autodialer disclosures on its website to call him with the dialing technology allegedly used. The Court should reject this attempted expansion of TCPA liability. A Place for Mom's calls do not include advertising or constitute telemarketing, and thus A Place for Mom had Plaintiff's consent to call him because he himself provided his phone number to A Place for Mom in connection with a request for the information that A Place for Mom provided. If the Court thus does not stay or dismiss this matter pending the FCC proceedings, the Court should dismiss the case with prejudice.

## II. BACKGROUND

### A.    <u>Procedural History</u>

This action was originally filed in the Northern District of Illinois on August 7, 2017. *See* Dkt. 1. Following the substitution of the lead plaintiff and the filing of a new complaint (the "FAC"), the parties stipulated to a transfer to this district. *See* Dkt. 32.

On January 25, 2018, A Place for Mom filed a motion to dismiss the FAC for failure to state a claim for which relief can be granted. Dkt. 50. While A Place for Mom's motion to dismiss was pending, the parties engaged in extensive discovery. A Place for Mom supplemented its interrogatory responses four times, supplemented its requests for production responses twice, produced nine tranches of documents to Plaintiff, made two corporate representatives available for deposition under Federal Rule of Civil Procedure 30(b)(6), attended a day-long mediation, and briefed a discovery dispute (see Dkt. 91).

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
    (17-cv-01826 TSZ)–2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Also while A Place for Mom's motion to dismiss was pending, the D.C. Circuit Court of Appeals thereafter issued an opinion in *ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir 2018), which set aside the FCC's prior interpretation of ATDS (relied upon by Plaintiff in the FAC) as arbitrary and capricious, in part because it was so broad that it encompassed smartphones. *See id.* at 698. *ACA Int'l* also expressly addressed and vacated the FCC's 2003 and 2008 declaratory rulings that interpreted ATDS to include predictive dialers—a type of dialing equipment that Plaintiff implied in the FAC (and now expressly alleges in the SAC) that A Place for Mom used to call him. *Id.* at 701. The *ACA Int'l* court also discussed, but did not rule on, whether the TCPA excludes calls made with equipment that has the *capacity* to generate random or sequential numbers when that capacity is not *used* to place calls. *See id.* 703-04. This Court requested supplemental briefing on the effect, if any, of *ACA Int'l* on A Place for Mom's motion to dismiss, which the parties provided. *See* Dkt. 75; *see also* Dkts. 78-79, 81-82.

Through discovery, allegations in Plaintiff's FAC were revealed as untrue. For example, Plaintiff did not ask to stop receiving calls from A Place for Mom as alleged. *See* FAC ¶ 45. To the contrary, after Plaintiff spoke with an A Place for Mom representative, Mark, Plaintiff wrote him an email stating, "Hello Mark, I would like to thank you for your quick response. . . . As I dive into the search and filter though with my family, I will be in touch with questions [I]'m sure. Thanks for all your team has done for now. . . . Thanks again, Kevin Pine."

On August 28, 2018, the Court entered a Minute Order granting, in part, A Place for Mom's motion to dismiss without prejudice. Dkt. 107. The Court determined that Plaintiff had not adequately pled that A Place for Mom used an autodialer. *Id.* The Court also stated that consent is an affirmative defense under the TCPA and that Plaintiff "sufficiently allege[d]" he did not consent to receive calls from A Place for Mom. *Id.* at 1 n.1. The Court did not rule on A Place for Mom's argument that its calls are not telemarketing calls. The Court stayed the case pending a decision of the United States Court of Appeals for the Ninth Circuit in *Marks v.*

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
  (17-cv-01826 TSZ)–3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    *Crunch San Diego, LLC* or submission of an update from the parties on December 31, 2018,

2    whichever came first.

3           On September 20, 2018, the Ninth Circuit issued its opinion in *Marks v. Crunch San*

4    *Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018). This Court subsequently lifted the stay and ordered

5    the Plaintiff to file any amended complaint. Dkt. 110. Discovery remains stayed pending

6    resolution of this responsive motion. *Id.* Plaintiff thereafter filed the SAC. Dkt. 111.

7    **B.**      **Plaintiff's Allegations**

8           A Place for Mom provides a free service to the public to help people identify senior care

9    communities that meet their needs. SAC at ¶¶ 26-28.[1] A person can use A Place for Mom's free

10   service by visiting A Place for Mom's website and either calling A Place for Mom at the phone

11   number prominently displayed (in two places) on the webpage, or submitting their contact

12   information, including their name, email, zip code, and phone number, to A Place for Mom

13   through a webform. *Id.* ¶ 33. If someone submits contact information to A Place for Mom in

14   connection with a request about senior living care, A Place for Mom calls that person pursuant to

15   their request in order to gather more information about their senior living needs. *Id.* ¶ 28.

16          On or about December 2015, Plaintiff visited A Place for Mom's website in search of

17   senior living options for his father. *Id.* ¶ 61. To start this process, he "filled out the various fields

18   and provided his personal information (including his cell phone number) and then clicked the

19   'Start Your Search' button." *Id.* ¶ 62. "After clicking the 'Start Your Search' button," Plaintiff

20   received a call from A Place for Mom and "was connected with a representative from

21   Defendant." *Id.* ¶ 64. This is the call that A Place for Mom conducts to "perform an assessment"

22   of the individual's "senior living needs." *Id.* ¶ 28.

23          The remaining allegations require some context because they depart from the allegations

24   in the FAC. *See McKenna v. WhisperText*, No. 5:14-cv-00424-PSG, 2015 WL 5264750, at *3

25

26   ---
     [1] For purposes of this motion only, A Place for Mom accepts Plaintiff's allegations as true. Plaintiff's allegations
     remain inaccurate in several respects.

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
  (17-cv-01826 TSZ)–4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

(N.D. Cal. Sept. 9, 2015) ("The court may . . . consider the prior allegations as part of its 'context-specific' inquiry based on its judicial experience to assess whether an amended complaint "plausibly suggests an entitlement to relief."). In the FAC, Plaintiff alleged that during a "brief" conversation with A Place for Mom, "Plaintiff was asked about his senior living needs." FAC ¶ 44. He did not allege that A Place for Mom had attempted to sell anything. In the SAC, having previewed A Place for Mom's defenses in the first motion to dismiss, Dkt. 50, Plaintiff has now changed tack, alleging that A Place for Mom's "representative attempted to persuade him to purchase senior housing through one of Defendant's senior housing clients." SAC ¶ 64. Plaintiff has also changed another allegation: The FAC alleged that Plaintiff "requested that he be taken off [A Place for Mom's] marketing list." FAC ¶ 45. As noted above, discovery has yielded evidence showing this is not true. Plaintiff has now amended his SAC to state that he "*indicated* that Defendant should stop calling him," but provides no details on how such indication was conveyed (it wasn't). *Id.* ¶ 64 (emphasis added).

### III. ARGUMENT

**A.** **The Court Should Dismiss or Stay the Litigation Pending the FCC's Order Interpreting ATDS and the Petition for En Banc Review filed in Marks.**

The Court entered a prior stay of this proceeding pending a decision in *Marks v. Crunch San Diego, LLC. See* Dkt. 107. *Marks*, however, has clouded rather than cleared up the definition of ATDS. That cloud is likely soon to be lifted given pending proceedings before the FCC and in *Marks*. A Place for Mom therefore respectfully requests that the Court dismiss or stay this case under the primary jurisdiction doctrine, or stay the case as a prudential matter, pending the FCC's ruling on the meaning of ATDS or the Ninth Circuit's decision on the petition for rehearing en banc in *Marks*. A modest stay or dismissal without prejudice will conserve the parties' resources pending decisions that may be case-dispositive.

**1.** **Legal Standard**

A court has the discretion to either stay or dismiss a case without prejudice under the

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

primary jurisdiction doctrine where the case presents an issue to which agency deference is due. *Syntek Semiconductor Co. v. Microchip Tech., Inc.*, 307 F.3d 775, 782 (9th Cir. 2002). Agency deference is due where a claim involves "an issue within the special competence of [the] administrative agency," especially where the agency is actively considering the issue. *Clark v. Time Warner Cable*, 523 F. 3d 1110, 1114-15 (9th Cir. 2008).

A court also has the power to stay proceedings pursuant "to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *United States v. Kiewit Pac. Co.*, 41 F. Supp. 3d 796, 815 (N.D. Cal. 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)); *see also United States v. U.S. Dist. Court for N. Mariana Islands*, 694 F.3d 1051, 1058 (9th Cir. 2012). "Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). In determining whether to grant a stay, courts must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). These interests include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

**2.      The Primary Jurisdiction Doctrine Requires Dismissal or a Stay**

The FCC's pending proceeding to re-interpret ATDS puts Plaintiff's proposed construction of autodialer in peril and threatens the viability of his claims. In July, the Court of Appeals for the D.C. Circuit invalidated the FCC's prior interpretation of ATDS as arbitrary and capricious. *ACA Int'l*, 885 F.3d at 702-03. The court rejected the FCC's interpretation in part because the FCC had found that a device "qualif[ies] as an ATDS only if it can generate random or sequential numbers to be dialed," and simultaneously suggested that a device can qualify as an

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
   (17-cv-01826 TSZ)–6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

ATDS "even if it lacks that capacity." *Id.* (asking "[s]o which is it?"). The court also expressed

skepticism that the TCPA should be read to apply when "autodialer features are not used to make

the call," *id.* at 695, observing that under that interpretation "essentially any smartphone, with the

addition of software, can gain the statutorily enumerated features of an autodialer and thus

function as an ATDS." *Id.* at 696.

On May 14, 2018, the FCC responded by issuing a public notice seeking comment on

"what constitutes an [ATDS]," and on whether the statutory prohibition applies "[i]f a caller does

not use equipment as an automatic telephone dialing system." *See Consumer and Governmental

Affairs Bureau Seeks Comment on Interpretation of the Telephone Consumer Protection Act in

Light of the D.C. Circuit's ACA International Decision*, Public Notice, DA 18-493 ("May FCC

Notice") at 1, 3 (rel. May 14, 2018). A Place for Mom has filed reply comments in this

proceeding. *See* Reply Comments of A Place for Mom, Inc., CG Docket Nos. 18-152, 02-278

(filed June 28, 2018), *available at* https://www.fcc.gov/ecfs/filing/1062815209394.

Notably, Plaintiff does *not* allege that A Place for Mom's dialing equipment has the

capacity to generate and dial random or sequential phone numbers. Plaintiff instead alleges here

that A Place for Mom used an ATDS because its dialing equipment is a predictive dialer that has

the capacity to store numbers to be called, to produce numbers to be called, to generate numbers

to be called, and to dial numbers automatically. *See* SAC ¶¶ 47-52. Thus, the FCC's proceeding

to reinterpret ATDS directly addresses a core issue in this case: "If equipment cannot itself dial

random or sequential numbers, can that equipment be an automatic telephone dialing system?"

May FCC Notice at 3. If the FCC answers that question in the negative, Plaintiff's claims fail as

a matter of law.

A second question raised by the FCC is also case-dispositive. Plaintiff's allegations

regarding A Place for Mom's supposed autodialer describe the technology's "capacity." *See*

SAC ¶¶ 47-52. However, *ACA Int'l* expressed skepticism that a claim under the TCPA could lie

where a defendant used equipment that had the requisite capacity to function as an autodialer, but

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
   (17-cv-01826 TSZ)–7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

the defendant did not utilize that functionality when calling a plaintiff. 885 F.3d at 696. Thus, the FCC has asked for comments on this issue as well. *See* May FCC Notice at 3 ("[D]oes the bar against 'making any call using' an [ATDS] apply only to calls made using the equipment's [ATDS] functionality?"). Plaintiff's claims, which do not allege that A Place for Mom called Plaintiff randomly or sequentially, cannot survive if the FCC interprets autodialer to require that capacity and the TCPA to require *using* ATDS functionality to trigger autodialer requirements.

There is more than a strong likelihood that the FCC will answer both of these questions in a manner that forecloses Plaintiff's claims. Since the FCC's 2015 Order, the FCC has been appointed a new Chairman, Ajit Pai, who was the primary dissenter to the FCC's 2015 Order, and also commended the *ACA Int'l* decision the day it was released. *See* FCC, *Chairman Pai Statement on D.C. Circuit Decision Curbing Regulatory Overreach* (Mar. 16, 2018). Chairman Pai's position on the proper scope of ATDS could not be clearer. In his 2015 dissent, he observed that "the TCPA has strayed far from its original purpose. And the FCC has the power to fix that." *See In re Rules and Regulations Implementing the Tel. Consumer. Prot. Act of 1991*, 30 FCC Rcd. 7961, 8073 (2015) ("2015 Order"). He strongly disagreed with the FCC's interpretation of ATDS:

> The statute lays out two things that an automatic telephone dialing system must be able to do or, to use the statutory term, must have the "capacity" to do. If a piece of equipment *cannot* do those two things—if it *cannot* store or produce telephone numbers to be called using a random or sequential number generator and if it *cannot* dial such numbers—then how can it possibly meet the statutory definition? It cannot. To use an analogy, does a one-gallon bucket have the capacity to hold two gallons of water? Of course not.

*Id.* at 8074 (emphases added) (internal citations omitted). He also observed that the ruling was inconsistent with the FCC's prior rulings:

> When the Commission first interpreted the statute in 1992, it concluded that the prohibitions on using automatic telephone dialing systems "clearly do not apply to functions like 'speed dialing,' 'call forwarding,' or public telephone delayed message services, because the numbers called are not generated in a random

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

or sequential fashion." Indeed, in that same order, the Commission made clear that calls not "dialed using a random or sequential number generator" "are not autodialer calls."

*Id.* (internal citations omitted). And he decried the policy ramifications of the FCC's broad interpretation:

[T]he Order's expansive reading of the term "capacity" transforms the TCPA from a statutory rifle-shot targeting specific companies that market their services through automated random or sequential dialing into an unpredictable shotgun blast covering virtually all communications devices.

*Id.* at 8075.

Now, Plaintiff seeks to hold A Place for Mom liable based on an interpretation of ATDS that directly conflicts with Chairman Pai's stated view of the proper interpretation by alleging that A Place for Mom violated the autodialer provisions of the TCPA by using equipment that dials numbers from stored lists (but does *not* generate and dial random or sequential numbers). Moreover, Plaintiff asserts these claims precisely when a new ruling from Chairman Pai's FCC is imminent. The likelihood that Plaintiff's overbroad interpretation of autodialer will stand once the FCC rules on its new interpretation is thus exceedingly low.[2]

It is hard to imagine facts more ripe for a dismissal or stay under the primary jurisdiction doctrine than these. Although there is no fixed formula, the Ninth Circuit has looked to four factors when applying the primary jurisdiction doctrine: "(1) [a] need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Syntek*, 307 F.3d at 781. "The Second, Third, and Fourth *Syntek* primary jurisdiction factors are met here because Congress has placed the uniform interpretation and comprehensive enforcement of the TCPA within the primary jurisdiction of the FCC." *Barrera v. Comcast Holdings Corp.*, No. 14-cv-

---

[2] The other dissenting commissioner, Commissioner O'Rielly, remains on the FCC, while former Chairman Wheeler, who led the FCC when the 2015 FCC Order was released, no longer does. *See* FCC, *About the FCC: Leadership*, https://www.fcc.gov/about/leadership (last visited June 14, 2018).

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
 (17-cv-01826 TSZ)–9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

00343-TEH, 2014 WL 1942829, at *2 (N.D. Cal. May 12, 2014).

The first *Syntek* factor is met here as well. The resolution of what constitutes an autodialer and whether autodialer functionality must be used to trigger TCPA protections may likely be case-dispositive, as indicated above. If the FCC determines that an ATDS only encompasses equipment with the present capacity to generate and dial random and sequential phone numbers, Plaintiff's claims fail. If the FCC determines that no TCPA claim can lie where no random or sequential number generation was used to place the call, Plaintiff's claims fail. All indications suggest that the FCC will in fact reach these results. The Court should not permit the case to proceed under these circumstances.

Moreover, any prejudice to Plaintiff in dismissing his claim without prejudice or staying the litigation is negligible. Any delay will be minimal as the FCC is also expected to rule soon— likely within six months.[3] The FCC has taken two rounds of comments, both of which are now closed and, as noted, Chairman Pai is motivated to act quickly. Any remaining concern about potential delay can be addressed through an order requiring status updates or by issuing the stay until a date certain.

Nor can Plaintiff identify discovery risk as substantial discovery has already taken place, including depositions of A Place for Mom's corporate representatives regarding A Place for Mom's dialing technology.

Courts routinely issue stays under such circumstances and at least one other court has stayed a TCPA case for the reasons now relied upon by A Place for Mom. *See* ADT's Motion to Stay Case Pending FCC Ruling, *Buhr v. ADT LLC*, 9:18-cv-80605-RLR (S.D. Fla. June 22,

---

[3] This estimate is based on benchmarks derived from similar FCC proceedings. Namely, the first FCC proceeding initiated under Chairman Pai was larger, with more questions asked. *See In the Matter of Advanced Methods to Target and Eliminate Unlawful Robocalls*, 32 F.C.C. Rcd. 9706 (2017). In that case, the Public Notice was issued on March 23, 2017 and the order was adopted Nov. 16, 2017, roughly eight months later. *Id.* The August 2, 2016 Report and Order implementing the TCPA Amendments in the Bipartisan Budget Act of 2015 was concluded even more quickly. *See In the Matter of Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 31 F.C.C. Rcd. 9074 (2016). There, the FCC issued the Public Notice on May 6, 2016, and adopted new rules less than three months later. *Id.*

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
(17-cv-01826 TSZ)–10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

2018), ECF No. 22 (requesting stay under primary jurisdiction doctrine due to pending petitions and FCC public notice following *ACA Int'l* based on shifting ATDS definition and use of autodialer function); *see also id.* Paperless Order Granting Motion to Stay, ECF No. 40 (staying case "for all of the reasons set forth" in the motion); *see also Hart v. Comcast of Alameda*, No. C 07-6350 PJH, 2008 WL 2610787, at *2 (N.D. Cal. June 25, 2008) (staying case where two petitions had been filed on the precise issue before the court, and the FCC had announced it would seek public comment); *Clark*, 523 F.3d at 1113-14 (holding that the FCC had primary jurisdiction over the plaintiff's claim because the FCC's notice of proposed rulemaking sought comment on the precise issue addressed before the court); *Barrera*, 2014 WL 1942829, at *3 (same).

Indeed, the prejudice to Plaintiff is so minimal in this case that a dismissal may well be the proper course. "The factor most often considered in determining whether a party will be disadvantaged by dismissal without prejudice is whether there is a risk that the statute of limitations may run on the claims pending agency resolution of threshold issues." *Davel Commc'ns, Inc. v. Qwest Corp.*, 460 F.3d 1075, 1091 (9th Cir. 2006). There is no such risk of prejudice here because the statute of limitations does not expire until late 2019. *Compare* 28 U.S.C. § 1658(a) (describing four-year statute of limitations), *with* SAC ¶ 61 (alleging calls in December of 2015). And even if any prejudice could be alleged it could be addressed by a stay rather than dismissal.

### 3. This Court Should Also Exercise its Inherent Power to Stay this Case Pending a Decision on the *Marks* Petition for Rehearing En Banc

A stay is also appropriate pending a decision on the *Marks* petition for rehearing en banc, which was filed on October 4, 2018. Two amicus briefs have been filed in support of the petition for rehearing en banc, one by ACA International and the other by Sirius XM Radio, Inc. *See Marks*, No.14-56834, Dkts. 114, 115. Every indication suggests that the petition may be granted, as detailed below. If it is, then the same judicial economy and efficiency considerations that led

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
 (17-cv-01826 TSZ)–11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

this Court to stay this case pending a decision in *Marks* will spring back into effect, as the panel opinion could no longer be "cited as precedent . . . except to the extent adopted by the en banc court." *Animal Legal Def. Fund v. Veneman*, 490 F.3d 725, 726727 (9th Cir. 2007).

*Marks* was wrongly decided. The *Marks* interpretation of ATDS to encompass not only devices with the capacity to call numbers produced by a "random or sequential number generator," 47 U.S.C. § 227(a)(1), but also "devices with the capacity to dial stored numbers automatically," *Marks*, 904 F.3d at 1053, directly contradicts the D.C. Circuit's decision in *ACA International* (as well as Chairman Pai and O'Rielly's 2015 dissenting comments). In *ACA International*, the D.C. Circuit expressly rejected the Commission's prior interpretation of autodialer, in part because it would encompass essentially every smartphone. See *ACA Int'l*, 885 F.3d at 698 ("It cannot be the case that every uninvited communication from a smartphone infringes federal law, and that nearly every American is a TCPA-violator-in-waiting, if not a violator-in-fact."). But the *Marks* interpretation urged by Plaintiff reaches just as far, if not further, and could arguably include smartphones and other common technology.[4]

The *Marks* decision also creates both an inter- and intra- circuit split. In addition to conflicting with *ADA Int'l*, it conflicts with *Dominguez v. Yahoo, Inc.*, in which the Third Circuit adopted a narrow interpretation of the TCPA's autodialer provision, holding that the "*key ... question*" in any ATDS case is "whether the [equipment] functioned as an autodialer by randomly or sequentially generating telephone numbers, and dialing those numbers." 894 F.3d 116, 121 (3d Cir. 2018) (emphasis added). *Marks* also contradicts the Ninth Circuit's own precedent in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009). There, the court held that the TCPA's autodialer provision was "clear and unambiguous" and interpreted

---

[4] Following the *Marks* decision, on October 3, 3018, the FCC issued a second public notice seeking supplemental comment on how it should interpret ATDS in light of *Marks*. *See Consumer and Governmental Affairs Bureau Seeks Further Comment on Interpretation of the Telephone Consumer Protect Act in Light of the Ninth Circuit's Marks v. Crunch San Diego, LLC Decision*, Public Notice, DA 18-1014 (rel. Oct. 14, 2018). A Place for Mom filed a second set of comments on October 24, 2018. *See* Reply Comments of A Place for Mom, Inc., CG Docket Nos. 18-152, 02-278 (filed Oct. 24, 2018), *available at* https://www.fcc.gov/ecfs/filing/1025775118275. The comment period for the FCC's rulemaking on the definition of autodialer is now closed.

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
(17-cv-01826 TSZ)–12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

the phrase "to store or produce telephone numbers to be called, using a random or sequential number generator" to mean "store, produce, or call randomly or sequentially generated telephone numbers." *Id.* The finding in *Marks* that the definition of autodialer is "ambiguous"—squarely at odds with the *Satterfield* court's conclusion to the contrary—thus departs abruptly from the Court's own precedent.

Finally, as Chairman Pai noted in his 2015 dissent, the Ninth Circuit's interpretation of ATDS in *Marks* defies grammar. The statutory definition of ATDS clearly requires the ability to generate random or sequential numbers and dial them. *See* 2015 Order at 8074 ("[I]f [equipment] *cannot* store or produce telephone numbers to be called using a random or sequential number generator and if it *cannot* dial such numbers—then how can it possibly meet the statutory definition? It cannot."); *see also Pinkus v. Sirius XM Radio, Inc.*, 319 F. Supp. 3d 927, 937–38 (N.D. Ill. 2018) (analyzing grammar). The *Marks* also interpretation ignores widely-accepted cannons of statutory interpretation to reach the result it did. *See Pinkus*, 3019 F. Supp. 3d at 938 ("Given its placement immediately after 'telephone numbers to be called,' the phrase 'using a random or sequential number generator' is best read to modify 'telephone numbers to be called,' describing a quality of the numbers an ATDS must have the capacity to store or produce.").

As noted, the defendant in *Marks* has sought en banc review based on the above issues and that request has been supported by multiple amici critical of the holding. Although petitions for rehearing en banc are seldomly granted, the likelihood here that the Ninth Circuit will grant the petition is high. Petitions are typically granted where a panel decision "directly conflicts with" other appellate decisions and "substantially affects a rule of national application in which there is an overriding need for national uniformity." Circuit Rule 35-1 (describing when en banc review is warranted). Both factors are met here, given the circuit split, the pending FCC proceeding, and ubiquity of TCPA lawsuits. Indeed, the fact that the petition was not denied 21 days after it was filed, i.e., on October 25, suggests that at least one active Judge is presently

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
  (17-cv-01826 TSZ)–13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

considering an en banc proceeding.[5]

A stay is therefore proper in light of "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)); *see also U.S. Bank v. Premier One Holdings*, No. 2:15-cv-01121-JCM-NJK, 2016 WL 5842562, at *1 (D. Nev. Oct. 4, 2016) (staying case pending "ultimate mandate" where an en banc petition was filed in a Ninth Circuit case interpreting a Nevada statute in a manner contrary to a Nevada Supreme Court decision); *McAdory v. TTM Techs., Inc.*, No. SAcv1601047AG(DFMx), 2017 WL 8186697, at *1 (C.D. Cal. June 26, 2017) ("briefly stay[ing] . . . [a] case pending the possibility of rehearing en banc" in a related case and ultimately staying case pending review of that case by the Supreme Court); *see also McDonald v. Union Nat'l. Life Ins. Co.*, 307 F. Supp. 2d 831, 836 (S.D. Miss. 2004) (staying case sua sponte pending already-scheduled en banc rehearing in related Fifth Circuit case). There is little prejudice to Plaintiff in staying the litigation, but great prejudice to A Place for Mom if it is forced to continue to spend resources litigating a case premised on an interpretation of the law that may soon change and that would eviscerate Plaintiff's claims. The case should be stayed.

**B.** **Alternatively, the Court Should Dismiss the Complaint for Failure to State a Claim Because A Place for Mom is Not a Telemarketer and Needs to Obtain Only Prior Express Consent, Which it Did When Plaintiff Provided His Phone Number**

Plaintiff bases his suit on the premise that A Place for Mom is required to obtain "prior express ***written*** consent" to place a call to a consumer who has provided his or her phone number and requested information from A Place for Mom. SAC ¶¶ 25, 66. However, prior express written consent is only required where the call "includes or introduces an advertisement or constitutes telemarketing." 47 C.F.R. § 64.1200(a)(2). A Place for Mom's free informational calls do not include advertisements and do not constitute telemarketing. Therefore, if the Court

---

[5] *See* G.O. 5.4(b)(1) ("An off-panel judge may request notice of the panel's vote on a petition for panel rehearing and petition for rehearing en banc within 21 days of the circulation of the last-filed petition for rehearing en banc. In the absence of a timely request for notice, the panel may enter an order denying the petition for rehearing en banc and denying the petition for panel rehearing.").

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
(17-cv-01826 TSZ)–14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

does not stay or dismiss the case pending proceedings before the FCC or the Ninth Circuit, the Court should dismiss the Complaint with prejudice for failing to state a claim under the prior express written consent requirements of the TCPA.

### 1.      Legal Standard

To state a claim upon which relief can be granted, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). This requires a plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] plaintiff may plead [him]self out of court" if he pleads facts that establish he cannot prevail on his claim. *Weisbuch v. Cty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)). Finally, denying leave to amend is appropriate when amendment would be "futil[e]." *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

### 2.      Prior Express Written Consent Is Not Required Because A Place for Mom's Calls to Plaintiff Did Not Include an Advertisement or Constitute Telemarketing

The Court correctly noted in its August 28 Order that consent is an affirmative defense for which the defendant typically bears the burden of proof. *See* Dkt. 107 at n. 1. Nonetheless, that A Place for Mom's calls to Plaintiff included advertising or constituted telemarketing is an *element* of Plaintiff's claim, not a defense. For purposes of this motion, A Place for Mom does not contend that it obtained prior express written consent, it argues that this consent was not required *in the first place*. Plaintiff's failure to plausibly allege that he received a call that included advertising or constituted telemarketing is thus fatal to his claim. *See, e.g.*, *Reese v.*

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
  (17-cv-01826 TSZ)–15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Marketron Broad. Sols., Inc.*, No. cv 18-1982, 2018 WL 2117241, at *4 (E.D. La. May 8, 2018) ("[T]he sufficiency of plaintiff's TCPA claim based on the first text message turns on whether that message constitutes advertising or telemarketing.") (granting motion to dismiss complaint upon determination that text message was not telemarketing and plaintiff provided prior express consent to receive it); *Wick v. Twilio Inc*., No. C16-00914RSL, 2016 WL 6460316, at *2 (W.D. Wash. Nov. 1, 2016) (concluding on motion to dismiss that "the communications alleged by plaintiff do not rise to the level of telemarketing"); *Daniel v. Five Stars Loyalty, Inc*., No. 15-cv-03546-WHO, 2015 WL 7454260, at *4 (N.D. Cal. Nov. 24, 2015) (dismissing complaint because "text sent solely for the purpose of allowing the recipient to complete a registration process that he or she initiated shortly before receiving the text is not telemarketing"); *Reardon v. Uber Techs., Inc.*, 115 F. Supp. 3d 1090, 1098-99 (N.D. Cal. 2015) (granting motion to dismiss in part for failure to adequately allege that text messages sent to prospective third party contractors were telemarketing texts); *see also Aderhold v. Car2go N.A., LLC*, No. C13-489RAJ, 2014 WL 794802, at *9 (W.D. Wash. Feb. 27, 2014), *aff'd*, 668 F. App'x 795 (9th Cir. 2016) (granting judgment on the pleadings based in part on text message not constituting telemarketing).

TCPA regulations define "advertisement" as "material advertising the commercial availability or quality of any property, goods, or services" and "telemarketing" as "a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(1), (12). It is undisputed here that A Place for Mom receives no payment from Plaintiff. Rather, A Place for Mom is a free service "that provides information regarding . . . senior housing and elder care providers . . . to consumers." *See* SAC ¶ 26. As the Complaint alleges, A Place for Mom's "business practices include referring private pay families to assisted living communities, independent senior apartments, [and] residential care homes for a fee *that is paid by senior living communities*." *Id.* ¶ 27 (emphasis added).

Given these admissions, Plaintiff's new allegations that A Place for Mom attempted to

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
 (17-cv-01826 TSZ)–16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

"persuade him to purchase senior housing through one of Defendant's senior housing clients,"
*see* SAC ¶ 64, is a bald attempt by Plaintiff to stretch the TCPA's prior express written consent rules to cover A Place for Mom's free reference calls made to phone numbers provided in response to requests for information. The fact that this free service is made possible by revenue through referral fees from other entities does not somehow make these responsive calls advertising.[6] *See* SAC ¶¶ 26-27. A Place for Mom is aware of no case holding that calling a person to provide them with free information they requested is telemarketing merely because of the future possibility that the caller will receive a future referral fee. The Court should reject this attempted expansion of the TCPA.

The Ninth Circuit has stated that courts should evaluate the content of purported telemarketing "with a measure of common sense." *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012). Common sense dictates that receiving an ancillary financial benefit from making a call does not transform an informational call into a telemarketing call—and courts have so held. "The appropriate inquiry under the TCPA is not whether there is some ancillary commercial benefit to either party, but whether the message is an advertisement which tends to propose a commercial transaction." *Salmon v. CRST Expedited, Inc.*, No. 14-cv-0265-cvE-TLW, 2015 WL 1395237, at *5 (N.D. Okla. Mar. 25, 2015) (citation omitted) (call offering driving class was not advertising, even though defendant "received a financial benefit" when drivers attended the classes); *see also Sandusky Wellness Ctr., LLC v. Medco Health Sols., Inc.*, 788 F.3d 218, 225 (6th Cir. 2015) ("The fact that the sender might gain an ancillary, remote, and hypothetical economic benefit later on does not convert a noncommercial, informational

---

[6] Plaintiff also attempts (yet again) to malign A Place for Mom's reputation based on a seven-year-old New York Times blog post. See SAC ¶ 30. This blog post has nothing to do with the TCPA claims in the Complaint and Plaintiff's attacks on A Place for Mom's reputation are meritless. The New York Times has lauded A Place for Mom for bringing together information and resources for families evaluating and navigating senior living options for their loved ones. *See* Ann Carrns, *Searching for Quality in Assisted Living Care*, New York Times (May 15, 2014), https://www.nytimes.com/2014/05/17/your-money/searching-for-quality-in-assistedliving-care.html; Williams Decl., Dkt. 92, at ¶ 11, Ex. J. A company is not unethical because it operates for a profit. A Place for Mom remains steadfastly committed to its mission to help families, at no charge to them, learn about and find senior living options for their loved ones, based upon the family's needs and preferences.

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
(17-cv-01826 TSZ)–17

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

communication into a commercial solicitation.") (fax to healthcare provider listing covered medications not an advertisement). Indeed, to treat as telemarketing any call in which a caller had an attenuated chance to benefit financially "would transform practically all communication from any entity that is financially motivated and exchanges goods or services for money into telemarketing or advertising." *Smith v. Blue Shield of Cal. Life & Health Ins. Co.*, 228 F. Supp. 3d 1056, 1068 (C.D. Cal. 2017). This "would contravene the delineated definitions of telemarketing and advertising in [the TCPA regulations]." *Id.*; *see also Broking v. Green Brook Buick GMG Suzuki*, cv151847BRMLHG, 2017 WL 3610490, at *5 (D.N.J. Aug. 22, 2017), *appeal docketed*, No. 17-3072 (3d Cir. Sept. 22, 2017) (concluding that defendant's overarching goal of selling more cars to former customers did not transform every communication it made to former customers into telemarketing).

For example, in *Salmon*, the defendant trucking company placed an allegedly autodialed call to the plaintiff, who was looking for employment and had provided his number. 2015 WL 1395237, at *1. The message left on the plaintiff's voicemail stated that the company was hiring and, if an individual lacked a license, that the individual could attend a two-week training course. *Id.* The plaintiff sued under the TCPA, claiming that the call was a telemarketing call because the training course included hidden fees, so the trucking company allegedly received a financial benefit when people attended the course about which it had provided information. *Id.* at *5. The court disagreed. Observing that the plaintiff's theory about how the trucking company made money "[was] not based on the contents of the advertisement itself" and "[t]he call itself d[id] not propose a commercial transaction [or] . . . even indirectly suggest that the recipient of the call should purchase goods or services from [the defendant]," the court dismissed the complaint. *Id.*

The same result should hold here. A Place for Mom places calls to families who provide their phone number in a request for information about senior living options to understand what services the families need, as the FAC admitted (at ¶ 44). The Court should reject Plaintiff's

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

claim that the potential of receiving an ancillary benefit from a call transforms the call into a telemarketing call, as the district court did in *Salmon*.

Indeed, numerous courts have granted motions to dismiss claims like Plaintiff's that attempt to create a TCPA claim based on a stretched interpretation of telemarketing. *See Reese v. Anthem, Inc.*, No. cv 17-07940, 2018 WL 1251658, at *4 (E.D. La. Mar. 12, 2018) (texts containing information about available CPR classes hosted by third parties not telemarketing) (motion to dismiss); *Smith*, 228 F. Supp. 3d at 1067 (informational call that also included a mention of the defendant's website was "simply too attenuated to give rise to a clear, unequivocal implication of advertising" despite the defendant's "overarching incentive to retain customers and receive premium payments") (motion to dismiss); *Dolemba v. Kelly Servs., Inc.*, No. 16 C 4971, 2017 WL 429572, at *3 (N.D. Ill. Jan. 31, 2017) (applying the lower "prior express consent" standard to calls made to a cell phone by an employment agency notifying the consumer of employment opportunities) (motion to dismiss); *Daniel*, 2015 WL 7454260, at *4 (even though the defendant's text "could result in an increase in the chances of [the plaintiff] making future purchases" from the defendant, "that purpose is simply too attenuated to make the text telemarketing") (motion to dismiss); *Aderhold*, 2014 WL 794802, at *9 (text message instructing the plaintiff to enter an activation code on the defendant's website was not telemarketing even though the plaintiff "could, after choices of his own making, divert himself from the registration process to car2go marketing") (motion for judgment on the pleadings); *Mey v. Pep Boys–Manny, Moe & Jack*, 717 S.E.2d 235, 242 (W. Va. 2011) (call "to inquire about the item advertised for sale" not telemarketing even though defendant could receive financial remuneration from plaintiff for additional services offered during its attempt to purchase the plaintiff's vehicle) (affirming order granting motion to dismiss).[7]

---

[7] The same logic is also confirmed under the TCPA's unsolicited fax provisions. Those provisions characterize "advertisements" in a nearly identical manner as do the autodialer provisions. *See* 47 U.S.C. § 227(a)(5). There too courts have rejected the types of claim that Plaintiff makes here. *See Sandusky*, 788 F.3d at 225 (fax to healthcare provider listing covered medications not an advertisement); *Ameriguard, Inc. v. Univ. of Kan. Med. Ctr. Res. Inst., Inc.*, 222 F. App'x 530 (8th Cir. 2007) (fax about clinical trials not telemarketing) (affirming order granting motion

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
 (17-cv-01826 TSZ)–19

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

As explained in A Place for Mom's prior briefing, *Sullivan v. All Web Leads, Inc.*, No. 17 C 1307, 2017 WL 2378079 (N.D. Ill. June 1, 2017), and *Barrera v. Guaranteed Rate, Inc.*, No. 17-cv-5668, 2017 WL 4837597 (N.D. Ill. Oct. 23, 2017), cited previously by Plaintiff, have no bearing here.[8] *See* Dkt. 64 at 5-6. Those cases involved callers attempting to sell their *own* products or services to the plaintiffs during the call. Here, Plaintiff alleges the opposite: that A Place for Mom's "business model"—free to consumers—depends on revenues from senior living centers, not consumers. *See* SAC ¶ 27.

Finally, Plaintiff cannot save his claims merely by now alleging that A Place for Mom attempted to persuade him to purchase senior housing on the call. SAC ¶ 64. Whether a call contains advertising or constitutes telemarketing does not turn on a consumer's subjective interpretation of the content of the calls. *See Wick*, 2016 WL 6460316, at *2 (dismissing TCPA complaint because text message providing information about pending expiration of free product offer was not telemarketing). Moreover, the allegation contradicts Plaintiff's admissions that A Place for Mom provides a service that is free to consumers, and that A Place for Mom called Plaintiff in response to Plaintiff's providing his phone number in connection with a request for information. *See* SAC ¶¶ 26-27, 62. A Place for Mom's website Terms of Service, which are incorporated by reference in Plaintiff's complaint, also confirm that A Place for Mom does not "recommend or endorse, any Participating Community" and "provide[s] only an information

---

to dismiss); *Orrington*, 2017 WL 2880900, at *4-*5 (fax to a dental office inviting plaintiff to attend a free training webinar was not an advertisement) (motion to dismiss); *Davis Neurology, P.A. v. DoctorDirectory.com, LLC*, No. 4:16-cv-00682 BSM, 2017 WL 1528769, at *2-3 (E.D. Ark. Mar. 20, 2017) (fax offering a $15 honorarium in exchange for the recipient completing a short study was not an advertisement) (motion for judgment on the pleadings); *ARcare v. IMS Health, Inc.*, No. 2:16-cv00080 JLH, 2016 WL 4967810, at *3 (E.D. Ark. Sept. 15, 2016) (fax asking to verify doctor's office contact information was not an advertisement) (motion to dismiss); *P&S Printing LLC v. Tubelite, Inc.*, No. 3:14-cv-1441 (VAB), 2015 WL 4425793, at *4-5 (D. Conn. July 17, 2015) (fax that informed recipient of Labor Day closure and revised delivery dates was not an advertisement) (motion to dismiss); *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-2132 (FLW), 2013 WL 486207, at *5 (D. N.J. Feb. 6, 2013) (faxes that notify the recipient of a pharmaceutical drug's reclassification for insurance purposes are not advertisements because "the inquiry under the TCPA is whether the content of the message is commercial, not what predictions can be made about future economic benefits") (motion to dismiss).
[8] Those cases were also wrongly decided to the extent they sought to impose liability for a party responding to a consumer's request for information.

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
  (17-cv-01826 TSZ)–20

service and do[es] not . . . place the consumer in any Participating Community."[9]

The new allegation that A Place for Mom "attempted to persuade" Plaintiff also contradicts Plaintiff's earlier allegations. "A party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding." *See Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (citation, brackets, and internal quotation marks omitted); *see also McKenna*, 2015 WL 5264750, at *3 (evaluating the context of prior complaints when deciding on a motion to dismiss). Plaintiff admitted in the FAC that the call he received from A Place for Mom was limited to "ask[ing] about his senior living needs." FAC ¶ 44. The Court should therefore reject the new allegation, which was made solely to attempt to breathe life into Plaintiff's failed claim.

### 3. Plaintiff Concedes in the SAC that He Provided Prior Express Consent to Receive Calls from A Place for Mom

Plaintiff's entire case hinges on his claim that A Place for Mom is a telemarketer and, as such, is required to obtain prior express *written* consent. SAC ¶¶ 2, 3, 5, 6, 7, 22-24, 25, 28, 45, 63, 64, 66, 67, 68, 84, 85 and at page 6 (heading titled "A Place for Mom Does Not Obtain Consumers' Prior Express Written Consent to Place Automated Telemarketing Calls"). As explained above, however, A Place for Mom did not need prior express written consent but only prior express consent to call Plaintiff. The SAC admits on its face that prior express consent was provided. SAC ¶ 62. Plaintiff's complaint should therefore be dismissed with prejudice.

Although consent is an affirmative defense for which the defendant typically bears the burden of proof, dismissal on the pleadings is appropriate where the face of the complaint makes clear that an affirmative defense will prevail. *See Gomez v. Quicken Loans, Inc.*, 629 F. App'x

---

[9] It is well-settled that the "incorporation by reference" doctrine permits courts to consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). This is particularly true where, as here, the plaintiff refers extensively to the document (here, the website) or the document forms the basis of the plaintiff's claims. *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002). This rule is intended to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (internal quotation marks omitted).

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
(17-cv-01826 TSZ)–21

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

799, 801 (9th Cir. 2015) (unpublished) ("An affirmative defense cannot serve as a basis for dismissal unless it is obvious on the face of the complaint."); *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) ("If an affirmative defense is apparent on the face of the complaint . . . [it] can provide the basis for dismissal under Rule 12(b)(6)." (internal citations and quotations omitted)). Accordingly, courts routinely dismiss complaints in TCPA cases where the plaintiff admits to having consented to receive calls from the defendant. *See, e.g.*, *Aquilar v. Ocwen Loan Servicing, LLC*, 289 F. Supp. 3d 1000, 1005-06 (D. Minn. 2018) ("When a complaint alleges prior express consent and does not plead revocation, a TCPA claim cannot survive a Rule 12(b)(6) motion to dismiss."); *Anthem, Inc.*, 2018 WL 1251658, at *4 (dismissing complaint where plaintiff admitted in the complaint that she provided her number to defendant, which constituted prior express consent); *Marketron Broad. Sols., Inc.*, 2018 WL 2117241, at *4 (E.D. La. May 8, 2018) (dismissing complaint upon determination that text message was not telemarketing and plaintiff provided prior express consent to receive it).

Here, Plaintiff admits that he provided his cell phone number to A Place for Mom when he was searching for senior living options for his father. SAC ¶¶ 61-62. Thus, if prior express consent is all A Place for Mom needed to call Plaintiff, the SAC therefore concedes the affirmative defense of prior express consent. *Wick*, 2016 WL 6460316, at *2 ("If the text and call do not qualify as telemarketing . . . then defendant did meet the consent standard because plaintiff submitted his telephone number to the Crevalor website without limiting instructions.") (motion to dismiss); *see also In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 F.C.C. Rcd. 8752, 8769, ¶ 31 (F.C.C. Oct. 16, 1992) ("1992 FCC Order") (explaining that under the TCPA "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary"); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1045-46 (9th Cir. 2017); *Wick*, 2017 WL 2964855, at *5 ("Because plaintiff consented to the communications at issue when he submitted his telephone number as part of Crevalor's ordering

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
(17-cv-01826 TSZ)–22

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

process, plaintiff fails to plead a TCPA violation.") (granting motion to dismiss); *Aderhold*, 2014 WL 794802, at *8 ("Even if car2go had made no disclosures at all about the purposes for which it would use Mr. Aderhold's cellular number, it defies logic to contend that he did not consent to be contacted regarding his membership application."); *Baird v. Sabre Inc.*, 995 F. Supp. 2d 1100, 1103 (C.D. Cal. 2014) (consumer gave permission to be called at cellphone number she gave to airline when she booked her reservations); *Roberts v. PayPal Inc.*, No. C 12-0622 PJH, 2013 WL 2384242, at *3-5 (N.D. Cal. May 30, 2013) (plaintiff gave consent to be called by providing phone number on website), *aff'd*, 621 F. App'x 478 (9th Cir. 2015).[10]

Plaintiff's vague allegation that he "indicated that Defendant should stop calling him" does not resuscitate his claim. *See* SAC ¶ 64. A "consumer may revoke his or her consent in any reasonable manner that *clearly expresses* his or her desire not to receive further calls" 2015 FCC Order at 7989-90 ¶ 70 (emphasis added). Plaintiff's allegation that he "indicated" that A Place for Mom should stop calling does not meet this standard. Plaintiff does not allege that he revoked consent and he does not allege that the revocation was done using reasonable means. *See* SAC ¶ 68. Plaintiff's abandonment of his prior allegation that he "requested" not to be called confirms that discovery has proven this allegation to be false. *Compare* FAC ¶ 45 ("Plaintiff . . . requested that he be taken off Defendant's marketing list"), *with* SAC ¶ 68 ("Plaintiff . . . indicated that Defendant should stop calling him"). In addressing revocation of consent, callers are not responsible for adopting "systems that would entail 'undue burdens' or would be 'overly burdensome to implement.'" *ACA Int'l*, 885 F.3d at 709 (citing 30 FCC Rcd. at 7996 ¶ 64 & n.233). The Court should require more from Plaintiff's allegations than an "indicat[ion]" for Plaintiff's claims to proceed based solely on a theory of revocation of consent.

---

[10] *See also* 2015 FCC Order at 7991-92, ¶ 52 (prior express consent for non-telemarketing and non-advertising calls "can be demonstrated . . . by giving his or her wireless number to the person initiating the autodialed or prerecorded call," in the absence of instructions to the contrary); *In re GroupMe, Inc./Skype Commc'ns S.A.R.L. Petition for Expedited Declaratory Ruling - Rules and Regulations Implementing the Tel. Consumer Protection Act of 1991*, 29 FCC Rcd. 3442, 3446, ¶¶ 11-12 (F.C.C. Mar. 27, 2014) (same); *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, Request of ACA Int'l for Clarification and Declaratory Ruling, 23 FCC Rcd. 559, 565 ¶ 10 (F.C.C. Jan. 4, 2008) (same).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### 4. Plaintiff Admits That the First Call He Received Qualifies for an Exception to the Prior Express Written Consent Requirements

As a second, independent basis for dismissal, Plaintiff's Complaint establishes that he requested the information that A Place for Mom provided him, which triggers the FCC's exception for communication responding to consumer-initiated requests.

Under FCC rules, "a one-time text sent in response to a consumer's request for information does not violate the TCPA or the Commission's rules so long as it: (1) is requested by the consumer; (2) is a one-time only message sent *immediately* in response to a specific consumer request; and (3) contains only the information requested by the consumer with no other marketing or advertising information." 2015 FCC Order at 8016, ¶ 106. This exception exists because the "TCPA was enacted to protect consumers from unwanted calls" and where "the consumer requests the information in the first instance, the potential for consumer harm . . . is substantially mitigated." *Id.*

The first call alleged here fulfills these requirements. Plaintiff provided his phone number to A Place for Mom to request information about senior living options. SAC ¶ 62. Plaintiff was then "immediately contacted" by A Place for Mom. *Id.* ¶ 36. The call concerned the information requested, as explained above. *Id.* ¶¶ 26-28. Accordingly, A Place for Mom's initial call to Plaintiff falls squarely within the exception to the TCPA's heightened consent requirements provided by the FCC for calls requested by consumers. *See* 2015 FCC Order at 8016, ¶ 106; *see also Wick*, 2017 WL 2964855 at *5 (text message sent by defendant did not constitute telemarketing "because the message related to an order plaintiff had initiated").

## IV. CONCLUSION

A Place for Mom respectfully requests that the Court dismiss or stay the case pending other legal proceedings or dismiss the case with prejudice on the merits.

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
(17-cv-01826 TSZ)–24

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DATED: October 29, 2018

**PERKINS COIE** LLP

By: *s/James G. Snell*
James G. Snell, *pro hac vice*
JSnell@perkinscoie.com
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
650.838.4367

James F. Williams, WSBA #23613
JWilliams@perkinscoie.com
Nicola C. Menaldo, WSBA #44459
NMenaldo@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
206.359.8000

Debra R. Bernard, *pro hac vice*
DBernard@perkinscoie.com
Perkins Coie LLP
131 S. Dearborn St., Suite 1700
Chicago, IL 60603-5559
312.324.8400

Attorneys for Defendant
A PLACE FOR MOM, INC.

A PLACE FOR MOM, INC.'S MOTION TO STAY OR
DISMISS SECOND AMENDED COMPLAINT
 (17-cv-01826 TSZ)–25

**CERTIFICATE OF SERVICE**

I certify that on October 29, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses indicated on the Court's Electronic Mail Notice List.

DATED: October 29, 2018

By: <u>s/James G. Snell</u>
James G. Snell, *pro hac vice*
JSnell@perkinscoie.com

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000