UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN PINE, individually and on behalf of all others similarly situated

Plaintiff,

v.

A PLACE FOR MOM, INC.,

Defendant.

C17-1826 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion for preliminary approval of class action settlement, docket no. 134, is DENIED without prejudice. The parties propose a settlement pursuant to which defendant will provide $6,000,000 in settlement funds in three installments, and all attorney's fees, litigation expenses, settlement administration costs (not to exceed $320,000), and incentive awards to the current and former named plaintiffs will be paid before the remaining proceeds are distributed on a pro rata basis to class members who opt in and/or to a charity chosen by the parties, namely the Fisher Center for Alzheimer's Research Foundation. The Court is unwilling to approve the terms of this proposed settlement for the following reasons:

    (a) <u>Class Definition</u>: The parties have proposed to define the class as:

> All persons within the United States who, between August 7, 2013, and August 15, 2019, received a nonemergency Call from Defendant, or any party acting on its behalf, to a cellular telephone through the use of a dialing system characterized by the plaintiff as an automated telephone dialing system or an artificial or prerecorded voice.

Defendant has consistently denied, and continues to deny, using an automatic telephone dialing system ("ATDS") to call the cellular telephone numbers at issue in this matter. <u>See</u> Mot. at 11 (docket no. 134); <u>see also</u> Minute Order (docket

MINUTE ORDER - 1

no. 107); Order (docket no. 123). The Court declines to define a class using a disputed term of art. The proposed class definition, which relies solely on plaintiff's characterization of an ATDS, rather than an ascertainable fact, lacks the clarity required to determine who is in the class.[1]

(b) <u>Pro Rata Distribution and Opt-In Requirement</u>: The parties have proposed a method of dividing the settlement proceeds that might create a conflict between the class and its representatives or among class members. By allocating settlement funds among only those class members who complete and return a claim form, the proposed settlement creates an incentive to minimize the number of persons who "opt in." The Court declines to approve any settlement in which class members must "opt in" or fill out a claim form to obtain their share of the proceeds.

(c) <u>Unquantified Deductions</u>: Plaintiff has provided no estimate concerning the amount of attorney's fees and litigation expenses that might reduce the sum available for class members, and without such figures, the Court cannot begin to evaluate whether the proposed settlement is fair, reasonable, adequate, and in the best interests of the class. The Settlement Agreement indicates that defendant will not object to plaintiff's request for attorney's fees if plaintiff seeks 25% or less of the settlement funds, and that defendant will not object to any amount of litigation expenses.[2] Whether defendant has a right to object, however, is not relevant because defendant is not a party with any real interest in how the settlement proceeds are distributed. Absent an upper limit on attorney's fees <u>and</u> litigation expenses, the Court is unwilling to approve this settlement.

(d) <u>Cy Pres Recipient</u>: Plaintiff's motion does not indicate how the Fisher Center for Alzheimer's Research Foundation as a cy pres recipient "account[s] for the nature of the . . . lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity." <u>Nachsin v. AOL, LLC</u>, 663 F.3d 1034, 1036 (9th Cir. 2011); <u>see also</u> <u>Dennis v. Kellogg Co.</u>, 697 F.3d 858 (9th Cir. 2012). Although the identified charity might be of some interest to the individuals for whom defendant provides or has provided services, the parties have not explained how it addresses or even

---

[1] The parties also refer to "Locate Class Members," but they do not make clear whether they intend to define a subclass of persons who are "known members" of the class and/or who will receive notice via U.S. mail. <u>See</u> Agr. at ¶¶ 2.26 & 8.2, Ex. 1 to Mot. (docket no. 134-1 at 7 & 19).

[2] The proposed notice to the class indicates that defendant will not object to litigation expenses not exceeding $50,000, <u>see</u> Ex. C to Agr. (docket no. 134-1 at 51), but this figure is not set forth in the Settlement Agreement, <u>see</u> Agr. at ¶ 5.1, Ex. 1 to Mot. (docket no. 134-1 at 13).

MINUTE ORDER - 2

relates to the concerns underlying the Telephone Consumer Protection Act, under which this case was brought.

(e) <u>Submissions to the Clerk of the Court</u>: The proposed notice to class members indicates that individuals wishing to address the Court at the final approval hearing must send a letter to the Clerk of the Court. The Court will not require that class members submit any documentation as a prerequisite to appearing or speaking at any final approval hearing. Moreover, the Court will not approve any notice that directs class members to send materials to the Clerk of the Court rather than to the settlement administrator.

(2) The parties are REMINDED that, pursuant to 28 U.S.C. § 1715, notices of class action settlements must be provided to the appropriate federal and state officials. In connection with any renewed motion for preliminary approval of class action settlement, the parties shall indicate when the requisite notices were sent and to whom. Any renewed motion for preliminary approval of class action settlement shall be filed within forty-two (42) days (*i.e.*, six (6) weeks) of the date of this Minute Order. If no such motion can be timely filed, the parties shall instead submit, by the same date, a Joint Status Report proposing a trial date and related deadlines.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 25th day of September, 2019.

William M. McCool  
Clerk

s/Karen Dews  
Deputy Clerk

MINUTE ORDER - 3