UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN PINE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

A PLACE FOR MOM, INC.,

Defendant.

C17-1826 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's unopposed motion for telephonic conference, docket no. 147, is GRANTED as follows. The Court will conduct a telephonic conference on May 19, 2020, at 10:30 a.m. The Court suggests that not more than two (2) attorneys per side appear on behalf of the parties and that a representative from KCC Class Action Services (formerly known as Kurtzman Carson Consultants LLC), the Settlement Administrator for this matter, also participate. The Court's staff will be in contact with counsel via email to provide a conference call number and access code. If the date and/or time poses a scheduling conflict, the lawyers should reply to such email with proposed alternative dates and/or times.

(2) The remaining issues that need to be addressed during the telephonic conference are as follows:

(a) <u>One Form of Notice and Distinguishing Between Class Members</u>: In response to the Minute Order entered February 12, 2020, docket no. 144, the parties have proposed a 13-page notice, attached as Exhibit B to their joint motion to approve the proposed class notice program, docket no. 146-2. The notice tells recipients that, if they received the notice by U.S. mail, they need not take any action to receive a pro rata share of the settlement funds, but if they received the notice via email, they must timely submit a claim form to receive a pro rata share of the settlement funds. According to the Declaration of Carla A. Peak, docket no. 146-3, a Vice President at KCC Class Action Services, defendant will provide

MINUTE ORDER - 1

the Settlement Administrator with two lists:  (i) a list of approximately 56,000 names, phone numbers, and email addresses, which reflects the class members who will be automatically paid; and (ii) a list of approximately 3.1 million names, phone numbers, and email addresses, which consists of class members who must submit claim forms to obtain a share of the settlement proceeds.  With regard to the persons on the first (automatically paid) list, the Settlement Administrator intends to perform reverse directory searches to obtain postal addresses.  The Settlement Administrator plans to send postcards to each non-duplicative address, and to follow up by sending notice via email whenever postcards are returned as undeliverable.  The Settlement Administrator has not provided any estimate concerning the likely rate of success in identifying viable postal addresses or made clear what type of notice will be sent if a postal address is not available through the reverse directories.  In sum, with respect to the roughly 56,000 class members who should be automatically paid, some percentage will receive notice via U.S. mail and the balance will receive notice via email.  With respect to the latter group, the notice incorrectly advises them that they must "opt in" to receive payment.  In addition, with respect this latter group, as well as the class members on the second ("opt in") list, the Settlement Administrator has not indicated whether the notice to be sent via email will have the same content as the postcard or be in a different format described by the Settlement Administrator as the "Long-Form Notice."  Exhibit B, identified by the parties as their proposed form of notice, cannot possibly fit in its entirety on a postcard, and it does not demarcate any particular portion that is intended to be printed in postcard format.  The parties' submission does not make clear whether the class notice program is consistent with the Court's earlier ruling requiring that every class member receive the same notice, regardless of how it is distributed.

   (b) <u>Anticipated Pro Rata Shares</u>:  Subject to further amendments required to address the issues identified in Paragraph 1(a), above, the Court proposes the following amendments to the language proposed by the parties concerning how pro rata shares are estimated (moved text is in green and double-underlined, additional text is in red and underlined):

> The amount of the final cash payment will depend on the total number of Class Members who participate in the Settlement. Approximately 56,000 Class Members who received Mailed Notice will receive payment automatically.  The minimum payment for all Class Members if every person who received Email Notice submits a valid and timely claim form is estimated to be $1.29.  The maximum payment if no one submits a valid and timely claim form is estimated to be $71.47.  Plaintiffs' counsel estimate that approximately 2% (or 60,000) persons who received Email Notice will submit timely and valid claim forms establishing they are Class Members.  In that event, all Class Members will receive payment in the range of $34.00.

MINUTE ORDER - 2

(c) Publication: The parties propose to publish notice of the settlement in *USA Today* for four consecutive weeks, as well as once in each of the following elder care publications: *Provider*, *Today's Caregiver*, *McKnight's Long-Term Care News*, and *McKnight's Senior Living*. The Court APPROVES the parties' publication plan, subject to clarification concerning the contents of the "Summary Notice" that the Settlement Administrator intends to submit to the various publishers. *See* Minute Order at ¶ 1(c)(vi) (docket no. 144) (requiring the parties to submit a proposed form of notice by publication).

(d) Cy Pres Recipient: The proposed notice's silence on the subject of a *cy pres* beneficiary is not consistent with the parties' proposed settlement, and the parties have not explained what will happen to any unclaimed settlement funds.

(e) Final Approval Hearing: In the prior Minute Order, the Court indicated that it did not anticipate rescheduling the final approval hearing without notice to class members and that a party or counsel requesting any change would be required to bear the expense of providing notice. Since entry of the prior Minute Order, the situation has changed. In light of the outbreak of Coronavirus Disease 2019 ("COVID-19"), the Court cannot be certain that a final approval hearing can be conducted on the date or in the manner anticipated at the time it is scheduled. As a result, the notice to class must include instructions concerning how individuals may obtain up-to-date information about the status of the final approval hearing. Information will be available through the Court's website, www.wawd.uscourts.gov, and at www.wawd.uscourts.gov/APlaceForMom, a page dedicated to this matter. Links to these sites should be set forth in the notice and placed on plaintiff's counsel's website and the website maintained by the Settlement Administrator. Class members should be reminded, however, not to contact the Court about this matter or the status of the final approval hearing, and to direct all questions and/or correspondence to the Settlement Administrator and/or plaintiff's counsel.

(f) Dates and Deadlines: Whether September 24, 2020, and/or October 1, 2020, are viable dates for the final approval hearing, and whether the deadline for submission of claim forms can be after the final approval hearing.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 11th day of May, 2020.

          William M. McCool
          Clerk

          s/Karen Dews
          Deputy Clerk

MINUTE ORDER - 3