THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

KEVIN PINE, individually and on behalf
of all others similarly situated,

               Plaintiff,

     v.

A PLACE FOR MOM, INC., a Delaware
corporation,

               Defendant.

Case No.  17-cv-1826

**PLAINTIFF'S UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS AND FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**Noting Date:  October 1, 2020**

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ...................................................................................................1

II.  PROCEDURAL HISTORY .................................................................................2

III.  SUMMARY OF THE SETTLEMENT .............................................................5

       1.  The Settlement Class ...........................................................................5

       2.  Monetary Relief for Settlement Class Members .......................5

       3.  Business Practice Changes to Ensure Compliance ..................6

       4.  Class Release ..........................................................................................6

       5.  Class Representative Service Awards ...........................................7

       6.  Attorneys' Fees and Costs ...............................................................7

       7.  Settlement Administration .................................................................7

       8.  Class Notice ............................................................................................7

IV.  THE CLASS NOTICE PROGRAM WAS SUCCESSFULLY IMPLEMENTED ...........8

    A.  Direct Individual Notice Was Disseminated via U.S. Mail and, Where Applicable, Email. .................................................................................................9

    A.  CAFA Notice ...................................................................................................10

    B.  A Single Objection, Limited Exclusions and a Reasonable Claims Rate ...........11

V.  FINAL APPROVAL IS WARRANTED ...........................................................11

    A.  The Settlement Approval Process. ....................................................................11

    B.  The Settlement is Fair, Reasonable, and Adequate, and Should be Approved. .........12

       1.  The Settlement Provides Substantial Relief When Measured Against the Strength of the Plaintiff's Case, Including Maintaining Class Certification. ...........13

           a.  Diverse and substantial legal and factual risks weigh in favor of settlement. ...........14

           b.  The monetary terms of this Settlement in line with the other TCPA class action settlements. ...........16

       2.  There is virtually no opposition to the Settlement. ...........18

       3.  The lack of a government participant supports final approval of the settlement. ...........18

       4.  Continued Litigation is Likely to be Complex, Lengthy, and Expensive. ...........18

       5.  Class Counsel Strongly Endorse the Settlement. ...........19

       6.  The Stage of the Proceedings and the Amount of Discovery Completed Supports Approval. ...........20

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

-i-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

**TABLE OF CONTENTS**
**(continued)**

Page

7.   The Settlement was negotiated at arm's-length without a hint of collusion. ............................................................................................21

7.   There are no agreements between the parties other than the Settlement ....................................................................................................21

C.   The Settlement is Reasonable in Light of the Requested Attorneys' Fees...........22

D.   The Settlement Class Should be Finally Certified. ................................................23

VI.   CONCLUSION ...................................................................................................................24

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

-ii-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

# TABLE OF AUTHORITIES

**Page**

**Cases**

*ACA Int'l v. FCC*,
885 F.3d 687 (D.C. Cir. 2018) ........................................................................................2

*Adams v. AllianceOne Receivables Mgmt., Inc*.,
No. 3:08-cv-00248-JAH-WVG, Dkt. No. 137 (S.D. Cal. Sept. 28, 2012)................................17

*Agne v. Papa John's Int'l, et al*.,
No. 2:10-cv-01139, Dkt. 389 (W.D. Wash. Oct. 22, 2013) .....................................17

*Allan v. Pa. Higher Educ. Assistance Agency*,
968 F.3d 567 (6th Cir. 2020)........................................................................................14

*Arnold v. Ariz. Dep't of Pub. Safety*, No.
CV-01-1463-PHX-LOA 2006 WL 2168637 (D. Ariz. July 31, 2006) ...................................18

*Boeing Co. v. Van Gemert*,
444 U.S. 472 (1980) .......................................................................................................22

*Booth v. Appstack, Inc*.,
No. 2.13-CV-01533-JLR, 2016 WL 7851472 (W.D. Wash. Aug. 29, 2016) .........................10

*Burnthorne-Martinez v. Sephora USA, Inc*.,
No. 4:16-CV-02843-YGR, 2018 WL 5310833 (N.D. Cal. May 16, 2018) .............................23

*Burrow v. Forjas Taurus S.A*.,
No. 16-21606, 2019 WL 4247284 (S.D. Fla. Sept. 6, 2019)...................................20

*Bykov v. DC Transp. Servs., Inc*., No. 2:18-CV-1691 DB, 2019 WL 1430984 (E.D. Cal. Mar. 29,
2019).............................................................................................................................19

*Carlin v. DairyAmerica, Inc*.,
380 F. Supp. 3d 998 (E.D. Cal. 2019) .........................................................................11

*Clark v. Payless ShoeSource, Inc*.,
No. 2:09-cv-00915, Dkt. 72 (W.D. Wash. July 27, 2012) ......................................16

*Couser v. Comenity Bank*,
125 F. Supp. 3d 1034, 1044 (S.D. Cal. 2015) ............................................................17

*Cubbage v. The Talbots, Inc. et al*.,
No. 2:09-cv-00911, Dkt. 114 (W.D. Wash. Nov. 5, 2012) .....................................16

*Cullan & Cullan LLC v. M-Qube, Inc*.,
No. 8:13CV172, 2016 WL 5394684 (D. Neb. Sept. 27, 2016)................................10

*Custom LED, LLC v. eBay, Inc*.,
No. 12-CV-00350-JST, 2014 WL 2916871 (N.D. Cal. June 24, 2014)...................10

*de Mira v. Heartland Emp't Serv., LLC*,
2014 WL 1026282 (N.D. Cal. Mar. 13, 2014) ..........................................................23

*Dominguez ex rel. Himself v. Yahoo, Inc*.,
894 F.3d 116 (3d Cir. 2018) .........................................................................................14

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

-iii-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1

2

**TABLE OF AUTHORITIES**
**(continued)**

Page

3

*Duran v. La Boom Disco, Inc.*,
    955 F.3d 279 (2d Cir. 2020) ................................................................14

4

*Durant v. State Farm Mut. Auto. Ins. Co.*,
    No. 15-CV-01710-RAJ, 2019 WL 2422592 (W.D. Wash. June 10, 2019) ..............................13

5

6

*Edwards v. City of Long Beach*,
    No. CV 05-8990-GW(PLAX), 2011 WL 13180208 (C.D. Cal. Oct. 31, 2011) ......................14

7

*Estrada v. iYogi, Inc.*,
    No. 2:13–01989 WBS CKD, 2015 WL 5895942 (E.D. Cal. Oct. 6, 2015) ............................17

8

*Facebook, Inc. v. Duguid*,
    No. 19-511, 2020 WL 3865252 (U.S. July 9, 2020) ..........................................1, 14

9

10

*Family Med. Pharmacy, LLC v. Trxade Grp., Inc.*,
    No. CV 15-0590-KD-B, 2016 WL 6573981 (S.D. Ala. Nov. 4, 2016) ..................................10

11

*Franklin v. Kaypro Corp.*,
    884 F.2d 1222 (9th Cir. 1989) ............................................................13

12

*Gadelhak v. AT&T Servs., Inc.*,
    950 F.3d 458 (7th Cir. 2020) ..............................................................14

13

*Garret, et al. v. Sharps Compliance, Inc.*,
    No. 1:10-cv-04030, Dkt. No. 65 (N.D. Ill. Feb. 23, 2012) ........................................17

14

15

*Gehrich v. Chase Bank USA, N.A.*,
    316 F.R.D. 215 (N.D. Ill. 2016) ..........................................................16

16

*Glasser v. Hilton Grand Vacations Co., LLC*,
    948 F.3d 1301 (11th Cir. 2020) ..........................................................14

17

*Golan v. FreeEats.com, Inc.*,
    No. 17-3156, 2019 WL 3118582 (8th Cir. July 16, 2019) ......................................18

18

*Golan v. Veritas Entm't, LLC*,
    No. 4:14CV00069 ERW, 2017 WL 3923162 (E.D. Mo. Sept. 7, 2017)................................18

19

20

*Grady v. de Ville Motor Hotel, Inc.*,
    415 F.2d 449 (10th Cir. 1969) ............................................................16

21

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir.1998*)* ..................................................13, 16, 22

22

*In re Activision Sec. Litig.*,
    723 F. Supp. 1373 (N.D. Cal. 1989).......................................................23

23

*In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*,
    789 F. Supp. 2d 935 (N.D. Ill. 2011)..................................................10, 18

24

25

*In re AT&T Mobility Wireless Data Servs. Sales Litig.*,
    270 F.R.D. 330 (N.D. Ill. 2010) ..........................................................14

26

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011)..............................................................22

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

-iv-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

# TABLE OF AUTHORITIES
### (continued)

Page

*In re Capital One TCPA Litig.*,
  80 F. Supp. 3d 781 (N.D. Ill. 2015) .........................................................................................17

*In re Checking Account Overdraft Litig.*,
  No. 1:09-MD-02036-JLK, 2020 WL 4586398 (S.D. Fla. Aug. 10, 2020)...............................13

*In re Mercury Interactive Corp.*,
  618 F.3d 988 (9th Cir. 2010) ....................................................................................................7

*In re Omnivision Techs., Inc.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2007)......................................................................20, 22, 23

*In re Online DVD-Rental Antitrust Litig.*,
  779 F.3d 934 (9th Cir. 2015) ............................................................................................13, 23

*In re Synthroid Mktg. Litig.*,
  264 F.3d 712 (7th Cir. 2001) ...................................................................................................22

*In re: Sears, Roebuck & Co. Front-loading Washer Products Liab. Litig.*,
  No. 06 C 7023, 2016 WL 772785 (N.D. Ill. Feb. 29, 2016) ...................................................13

*In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*,
  No. 2672 CRB (JSC), 2016 WL 6442227 (N.D. Cal. Oct. 25, 2016) ......................................20

*Isby v. Bayh, Custom*,
  75 F.3d 1191 (7th Cir. 1996) ...............................................................................................13, 21

*Lane v. Facebook, Inc.*,
  696 F.3d 8118 (9th Cir. 2012) .................................................................................................11

*Lundell v. Dell, Inc.*,
  Case No. 05–3970 JWRS, 2006 WL 350793 (N.D. Cal. Dec. 5, 2006) ..................................10

*Markos v. Wells Fargo Bank, N.A.*,
  No. 1:15-cv-01156-LMM, 2017 WL 416425 (N.D. Ga. Jan. 30, 2017) ..................................17

*Marks v. Crunch San Diego, LLC*,
  904 F.3d 1041 (9th Cir. 2018)...............................................................................................2, 14

*Marolda v. Symantec Corp.*,
  No. 08-CV-05701 EMC, 2013 WL 12310821 (N.D. Cal. Apr. 5, 2013)................................10

*Mendez v. C-Two Grp., Inc.*,
  No. 13-CV-05914-HSG, 2017 WL 2861118 (N.D. Cal. July 5, 2017)....................................10

*Mohamed v. Off Lease Only, Inc.*,
  No. 15-CV-23352-CIV, 2018 WL 398326 (S.D. Fla. Jan. 12, 2018) .....................................10

*Mullane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950) ................................................................................................................10

*Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) ............................................................................................20

*Palma v. Metropcs Wireless, Inc.*,
  No. 8:13-CV-698-T-33MAP, 2014 WL 235478 (M.D. Fla. Jan. 22, 2014) ...........................10

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT                    –v–
Case No. 17-cv-1826

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009).................................................................19

4

*Roes, 1–2 v. SFBSC Mgmt., LLC*,
  944 F.3d 1035 (9th Cir. 2019).................................................................13

5

*Rose v. Bank of Am. Corp.*,
  Nos. 11 C 2390 & 12 C 4009, 2014 WL 4273358 (N.D. Cal. Aug. 29, 2014) .........17

6

*Schulte v. Fifth Third Bank*,
  805 F. Supp. 2d 560 (N.D. Ill. 2011).......................................................19

7

*Stuven v. Texas De Brazil (Tampa) Corp.*,
  No. 8:12–cv–1283–T–24TGW, 2013 WL 610651 (M.D. Fla. Feb. 19, 2013) .........10

8

*Sullivan v. All Web Leads, Inc.*,
  No. 17 C 1307, 2017 WL 2378079 (N.D. Ill. June 1, 2017)..........................15

9

*Sutton v. Bernard*,
  504 F.3d 688 (7th Cir. 2007).................................................................22

10

*Synfuel Techs, Inc. v. DHL Express (USA), Inc.*,
  463 F.3d 646 (7th Cir. 2006).................................................................14

11

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002)...............................................................22

12

*Watson v. Jimmy John's, LLC*,
  No. 15 C 6010, 2016 WL 106333 (N.D. Ill. Jan. 5, 2016)............................10

13

*Wilson v. Gateway, Inc.*,
  No. CV 09-7560-GW(VBKX), 2014 WL 12704846 (C.D. Cal. Oct. 6, 2014) .........20

14

*Wright v. Nationstar Mortgage LLC*,
  No. 14 C 10457, 2016 WL 4505169 (N.D. Ill. Aug. 29, 2016) ..............14, 15, 16

15

**Rules**

16

Fed. R. Civ. P. 23(e) ..........................................................................22

17

Fed. R. Civ. P. 23(e)(1)(B) ...............................................................4, 12

18

Fed. R. Civ. P. 23(e)(2) ..................................................................11, 12

19

Fed. R. Civ. P. 23(e)(2)(A) ...................................................................20

20

Fed. R. Civ. P. 23(e)(2)(B) ...................................................................21

21

Fed. R. Civ. P. 23(e)(2)(C)(iv) ..............................................................21

22

**Other Authorities**

23

Manual for Compl. Lit. (Fourth) (2004) § 21.312.........................................10

24

Manual for Complex Litigation, § 21.633..................................................12

25

26

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT                    -vi-
Case No. 17-cv-1826

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

I.    **INTRODUCTION**

After more than two years of adversarial, hotly contested litigation, including exhaustive discovery and motion practice, Plaintiff Kevin Pine ("Plaintiff") reached a proposed class settlement with Defendant A Place for Mom, Inc. ("APFM") to resolve all claims in this class action lawsuit alleging that APFM unlawfully placed telemarketing calls using an automatic telephone dialing system ("ATDS") in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

Under the Settlement, which was preliminarily approved in full by this Court on May 27, 2020, APFM has agreed to pay an all-cash, non-reversionary settlement totaling $6 million for the Settlement Class.  Not a single penny of the Settlement Fund will revert to APFM.  In addition, the settlement includes a provision regarding Defendant's business practices to ensure compliance. This is an excellent Settlement, considering the risks, uncertainties, burden, and expense associated with continued litigation, particularly so given APFM's defenses, including its contention that a narrow definition of ATDS would "zero out" the relief sought here.  *See Facebook, Inc. v. Duguid*, No. 19-511, 2020 WL 3865252 (U.S. July 9, 2020) (granting writ of certiorari on this question).

After the Court granted preliminary approval, Court-ordered Notice was issued via U.S. mail, e-mail, and publication, in accordance with the Court-approved notice program, to all Settlement Class Members using contact information provided by APFM.  The Notice Program was successful.  Each Settlement Class Member who will receive a payment will receive an estimated $50—an excellent result that is well within the range of many prior TCPA settlements. Perhaps unsurprisingly, therefore, after receiving hundreds of calls and thousands of hits to the Settlement website, *only a single purported objection* was submitted, which does not take issue with the Settlement at all but instead applauds APFM's service.

Plaintiff respectfully submits that these facts demonstrate that the Court's preliminary determination that the Settlement should be approved—which was reached after careful scrutiny

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND                    -1-
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1   of the Settlement over several months—was correct.  Plaintiff now seeks final approval of the

2   Settlement and final certification of a nationwide settlement class.  Plaintiff submits that this

3   Settlement is an excellent result for the Class, and satisfies all criteria for final settlement

4   approval under Ninth Circuit law.  Plaintiff therefore respectfully requests that the Court grant

5   this Motion.

6   **II.    <u>PROCEDURAL HISTORY</u>**

7       This class action lawsuit was initiated on August 7, 2017.  Dkt. 1.  APFM subsequently

8   filed a motion to dismiss the operative complaint.  Dkt. 50.  After briefing on the motion was

9   complete, the District of Columbia Circuit issued *ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir.

10  2018), and this Court directed the parties to file supplemental briefs on the impact of *ACA Int'l*.

11  Dkts. 75, 78-79, 81-82.

12      In July of 2018, after extensive briefing on the motion to dismiss was completed, the

13  parties held a mediation with Lou Peterson of Hillis Clark Martin & Peterson P.S.  *See* Dkt. 139

14  at Exhibit 3 ("Hutchinson Declaration" or "Hutchinson Decl."), ¶ 2.  Prior to that mediation, the

15  parties submitted detailed mediation briefs.  However, the mediation was unsuccessful, in part,

16  because the parties were too far apart on the monetary relief.  *Id*.  At that time, APFM's motion

17  to dismiss was also pending before the Court, which likely played a role in the monetary

18  differences between the parties.  *Id*.

19      In August of 2018, APFM's pending motion to dismiss was granted in part and denied in

20  part without prejudice and with leave to amend.  Dkt. 107.  The matter was then stayed pending

21  the Ninth Circuit's decision in *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018).[1]

22  *Id*.

23      Following the *Marks* decision, the Court lifted its stay and Plaintiff filed his Second

24  Amended Class Action Complaint.  Dkt. 111.  Yet again, APFM filed a motion to dismiss the

25  ───────────────

26  [1] In *Marks*, the Ninth Circuit held that a "predictive dialing system" constituted an ATDS within the plain meaning of the statutory language of the TCPA.  *Id*. (holding that "equipment that made automatic calls from lists of recipients was also covered by the TCPA").

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826                                    -2-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1   complaint or, in the alternative, to stay the case.  Dkt. 112.  Once again, the parties extensively

2   briefed the motion becoming further apprised of each other's strengths of the case.  *See* Dkts.

3   115, 118, 120.

4          While the second motion to dismiss was pending and throughout this case otherwise,

5   Plaintiff's counsel vigorously pursued discovery from APFM and its call vendors.  Hutchinson

6   Decl., ¶ 3.  As a result of those efforts, APFM provided written discovery responses and

7   produced thousands of pages of documents regarding its calling practices, dialer, and dialed

8   calls.  *Id*.  Plaintiff likewise produced hundreds of pages of documents, including documents

9   obtained pursuant to the Freedom of Information Act and similar State statutes.  *Id*.  In addition,

10  Plaintiff's counsel deposed APFM's two corporate 30(b)(6) representatives, and obtained

11  declarations regarding APFM's calling practice from approximately 200 Class Members.  *Id*.

12  APFM also deposed lead Plaintiff Kevin Pine.  Plaintiff also filed a motion to compel against

13  APFM that was granted in its entirety, requiring APFM to produce its call list, (the cell phone

14  numbers, names and email addresses of each person called) and call data (related data and

15  documents from APFM's databases regarding each person on the call list).  *Id.*

16         On April 9, 2019, the District Court denied APFM's motion to dismiss in its entirety.

17  Dkt. 123.  Following the Court's Order, the parties agreed to a second day long mediation with

18  the Hon. Edward A. Infante (Ret.) of JAMS in San Francisco.  Hutchinson Decl., ¶ 4.  Prior to

19  the mediation, Plaintiff and APFM submitted a second round of detailed mediation briefs to

20  Judge Infante, setting forth their respective views on the strengths of their cases.  *Id.*  In addition,

21  at the second mediation, APFM provided Plaintiff with informal discovery regarding its financial

22  health and ability to fund a settlement.  *Id.*  Although, the second day long mediation conference

23  did not result in settlement, the parties continued to exchange correspondence and information

24  with each other and the mediator regarding the possibility of settlement, which resulted in a

25  mediator's proposal from Judge Infante that both parties accepted and which ultimately resolved

26  the case.  *Id.* at ¶ 5.

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND          -3-
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

After the Parties reached a settlement-in-principle, the Court, consistent with Fed. R. Civ. P. 23(e)(1)(B), then engaged in a front-loaded, careful scrutiny of the Settlement to ensure it comported with due process and was otherwise fair, reasonable and adequate.  The Settlement was first presented to the Court more than a year ago on August 22, 2019.  Dkt. 134.  On September 25, 2019, the Court denied, without prejudice, the Parties' motion for preliminary approval of the Settlement and directed the Parties to address certain issues raised by the Court with respect to the proposed Settlement.  Dkt. 135.  Over the next approximate 45 days, the Parties worked together—including requesting a status conference (Dkt. 136) with the Court to ensure they fully understood the Court's concerns—to thoughtfully address each of the issues raised by the Court. On November 6, 2019, the Parties again moved the Court for preliminary approval of their amended class action settlement, which addressed eight issues raised in the Court's Minute Order (Dkt. 135) concerning the original settlement, including an automatic payment component to those approximate 56,000 Class Members who could be identified in APFM's records.  *See* Dkt. 139.  On December 5, 2019, the Court granted in part and deferred in part Plaintiff's unopposed motion for preliminary approval of the Amended Class Action Settlement.  Dkt. 142.  In the Court's Minute Entry granting approval in part, the Court asked the Parties to amend the proposed Notice Program to clarify certain issues for Class Members.  *Id*. Over the next several months, the Parties again worked together to address the issues raised by the Court in respect to the Notice Program.  On April 3, 2020, the Parties filed their joint motion for approval of the Class Notice Program.  Dkt. 146.  On May 6, 2020, the Parties then filed a motion for telephonic conference to address any questions the Court had in respect to the motion for approval of the Class Notice Program.  Dkt. 147.  The Court held a telephone conference on May 19, 2020 at which time the Court raised certain questions about the proposed amended Notice Program.  Dkt. 149.  On May 26, 2020, the Parties submitted the supplemental declaration of Carla Peak (the Notice Administrator) to address the questions raised by the Court about the proposed amended Notice Program.  After careful review, this Court preliminarily

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

-4-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1    approved the Settlement and notice program on May 27, 2020.  Dkt. 151.

2    **III.    SUMMARY OF THE SETTLEMENT**[2]

3         The Settlement's details are contained in the Amended Settlement Agreement and

4    Release signed by the parties.  *See* Dkt. 139-1.  The following summarizes the Agreement's

5    terms:

6                   **1.    The Settlement Class**

7         The Settlement Class is defined as follows:

8              All persons within the United States who, between August 7, 2013

9              and August 15, 2019, received a non-emergency Call from

10             Defendant, or any party acting on its behalf, to a cellular telephone.

11   Agr. ¶ 2.37.

12        There are two groups of Class Members: (i) Class Members who the parties agree could

13   be identified from APFM's records ("Group 1"); and (ii) Potential Class Members who could not

14   be identified from APFM's records ("Group 2").  APFM obtained approximately 53,873 Class

15   Members' mailing addresses through the website "locate.aplaceformom.com" and variations of

16   that website. Such persons are Class Members of Group 1. Class Members of Group 1 received

17   Mail Notice if a postal address was available, or Email Notice if a postal address was

18   unavailable. APFM also obtained approximately 2,561,095 valid email addresses from this and

19   other sources, including through incoming telephone calls and other websites. Such persons are

20   Potential Class Members of Group 2.  Because APFM's records do not establish whether such

21   persons are Class Members, they received Email Notice and were required to submit a valid and

22   timely Claim Form to receive a Settlement Award.  *Id.* at ¶¶ 8.1-8.6; *see also* Dkt. 151.

23                 **2.    Monetary Relief for Settlement Class Members**

24        The settlement calls for APFM to create a non-reversionary cash settlement fund of

25   ──────────────────────

26   [2] Any undefined capitalized terms shall have the meaning attributed to them in the parties' Settlement Agreement, which is being submitted contemporaneously herewith.

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT                         -5-
Case No. 17-cv-1826

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1    $6,000,000.  Agr. ¶ 4.2.  Under no circumstances will any money revert to APFM.

2    With respect to the Class Members in Group 1, each person shall automatically receive a

3    Settlement Award in the form of a Cash Award check or a Cash Donation at the Settlement Class

4    Member's election.  In other words, Class Members in Group 1 were not required to fill out a

5    claim form or take any action to receive their award.  In respect to the Class Members in Group

6    2, because APFM's records do not establish whether such persons are Class Members, they

7    received Email Notice and were required to submit a valid and timely Claim Form to receive a

8    Settlement Award.  All Settlement Class Members receiving payment will receive a *pro rata*

9    share of the Settlement Fund in the form of a Cash Award or a Cash Donation, at each

10    Settlement Class Member's sole election.  Any Cash Donations will go to the Fisher Center for

11    Alzheimer's Research Foundation, a non-profit organization in which the Parties represent that

12    they do not have any financial interest or otherwise have a relationship that could create any

13    conflict of interest.  *Id*. at ¶ 4.4.

14    Class Counsel conservatively estimate awards in the range of $50 after deductions for

15    any Court-approved attorneys' fees and costs, Court-approved incentive awards to the Class

16    Representatives, and costs of notice and claims administration.

17    ### 3.    Business Practice Changes to Ensure Compliance

18    As part of the Settlement, APFM also agreed:  "Prior to and during the pendency of this

19    lawsuit, Defendant initiated certain practice changes that are designed to secure prior express

20    written consent and prevent claims of violations of the TCPA's provisions on dialing cell

21    phones."  Agr. ¶ 4.1.

22    ### 4.    Class Release

23    In exchange for the benefits allowed under the Settlement, Settlement Class Members

24    who did not opt out will provide a release tailored to the practices at issue in this TCPA class

25    action case.  Specifically, they will release any and all federal, state, or common law claims that

26    "arise out of any alleged violation of the TCPA" or related laws.  Agr. ¶13.1.

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

-6-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

### 5.    Class Representative Service Awards

The Class Representatives, Kevin Pine and former named plaintiff, Andrew Kim, have asked the Court to award them each service awards of $10,000 and $2,500, respectively, in light of the time and effort they have personally invested in this Action in order to pursue class claims. APFM does not object to such incentive payments.  The Settlement is not contingent on the Court's granting of such an award.  Agr. ¶¶ 5.2-5.3.

### 6.    Attorneys' Fees and Costs

Consistent with *In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010), and best practices in this District, Class Counsel applied to the Court for an award of attorneys' fees *before* any class notice was issued and posted their full fee application on the settlement website. *See* Dkt. 152; *see also* http://www.apfmtcpasettlement.com/. Plaintiff's Counsel have moved the Court for an award of attorneys' fees and expenses to be paid from the Settlement Fund. Plaintiff's Counsel request attorneys' fees in the amount of 25% (twenty-five percent) of the Settlement Fund and reimbursement of costs incurred by Plaintiff's Counsel in litigating the Action in an amount not to exceed $75,000.  The Settlement is not contingent on Court approval of an award of attorneys' fees or costs.  Agr. ¶¶ 5.1, 5.3.

### 7.    Settlement Administration

All costs of notice and claims administration are to be paid from the Settlement Fund. The Court appointed Kurtzman Carson Consultants LLC ("KCC" or the "Settlement Administrator" or the "Claims Administrator") to administer the Settlement.  Agr. ¶ 2.12.  To protect the interests of Settlement Class Members, the parties negotiated, and KCC agreed to, a hard cap of no more than $430,000 for all costs of settlement notice and administration.

### 8.    Class Notice

Per the Agreement and the Court's Minute Order (Dkt. 151), APFM provided the Settlement Administrator with two lists, one which yielded approximately 53,873 non-duplicative mailing addresses (Group 1), and one which yielded approximately 2,552,594 unique

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

-7-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1    and valid email addresses (Group 2).  *See* Declaration of Victoria Fellner ("Fellner Decl.")

2    attached hereto as Exhibit A at ¶4-5.  For Group 1, the Settlement Administrator sent via U.S.

3    mail to each non-duplicative postal address it derived a postcard notice in the form attached as

4    Exhibit A to the Supplemental Declaration of Carla A. Peak, Dkt. 150 at 7-8.1.  Fellner Decl., ¶6.

5    For Group 2, and for any names in Group 1 for which postal addresses could not be identified,

6    the Settlement Administrator sent via email a notice in the form attached as Exhibit B to the

7    Supplemental Declaration of Carla A. Peak, Dkt. 150 at 10-11.2.  Fellner Decl., ¶9.  The

8    Settlement Administrator placed notices in the form attached as Exhibit C to the Supplemental

9    Declaration of Carla A. Peak, Dkt. 150 at 13, in the publications and for the time periods

10   specified by the Parties and approved by the Court.  Fellner Decl., ¶11; *see also* Dkt. 150 at 3-4;

11   Dkt. 156. The Settlement Administrator maintained a dedicated website from which it made

12   available a notice in the form attached as Exhibit D to the Supplemental Declaration of Carla A.

13   Peak, Dkt. 150 at 15-20, as amended by the Court.  Fellner Decl., ¶12. The website also made

14   available a claim form, an optional payment selection form, and an updated mailing address form

15   in the forms attached respectively as Exhibits E, F, and G to the Supplemental Declaration of

16   Carla A. Peak, Dkt. 150 at 22, 24, and 26, as amended by the Court.  Fellner Decl., ¶12. In

17   addition, the website contained an opt-out or exclusion form, which could be downloaded and

18   then mailed or submitted online to the Settlement Administrator.  Fellner Decl., ¶12; *see also*

19   http://www.apfmtcpasettlement.com/.

20   **IV.    THE CLASS NOTICE PROGRAM WAS SUCCESSFULLY IMPLEMENTED**

21          The Notice program previously approved by the Court (Dkts. 151, 156) has been fully

22   and successfully implemented by the parties and the Court-approved Claims Administrator,

23   KCC, in accordance with the Court's direction.  After the judgment becomes final, should the

24   Court grant final approval to the Settlement, payments will be automatically issued to all Class

25   Members who submitted Valid Claims in accordance with the Agreement.

26

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND        -8-
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

**A.**     <u>**Direct Individual Notice Was Disseminated via U.S. Mail and, Where Applicable, Email.**</u>

Beginning on June19, 2020, the Claims Administrator sent Notices via U.S. mail, email and, publication, in accordance with the Agreement and the Court's Minute Orders.  Fellner Decl., ¶¶ 6-10; Dkts. 151, 156.

The notice program was successful.  Of the approximate 53,746 mail notices, 7,361 were ultimately returned as undeliverable.  Fellner Decl., ¶8.  Of the approximately 2,561,095 email Notices, 381,188 were returned as undeliverable.  Fellner Decl., ¶10.  In accordance with the Settlement Agreement, the Claims Administrator used best efforts to determine the last known address of the Class Members whose Notices were undeliverable.  Fellner Decl., ¶7.  The Claims Administrator promptly re-mailed (via U.S. Mail) the Notices to the updated addresses for the Class Members.  Fellner Decl., ¶8.  As of September 15, 2020, 2,226,471 email and postcard Notices were delivered to a valid email and mailing address—meaning 2,226,471 of the 2,614,841 Potential Class Members sent notice (over 85%) actually received notice of the Settlement.  Fellner Decl., ¶¶6-10.

On June 10, 2020, the Claims Administrator updated the dedicated Settlement website at http://www.apfmtcpasettlement.com/.  Fellner Decl., ¶12.  The website provides visitors with a Long Form copy of the Class Notice, as well as answers to commonly asked questions, documents that have been filed with the Court, and information on important dates.  *Id.*

The Claims Administrator also established a dedicated toll-free telephone number to field Settlement inquiries by Class Members.  Fellner Decl., ¶13.  Through September 15, 2020, the Claims Administrator received a total of 282 calls to the toll-free number.  Fellner Decl., ¶13.

By endeavoring to provide direct, individual Notice to the entire universe of Potential Class Members by U.S. mail, e-mail and, publication—eventually reaching over 85% of Potential Class Members to whom direct notice was sent—and supplementing that Notice with a Settlement website and toll-free telephone number, the parties ensured that Notice comported

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND          -9-
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

with due process and protected all Class Members' rights. *See e.g., Silber v. Mabon,* 18 F.3d 1449, 1453–54 (9th Cir. 1994) (affirming district court's conclusion that notice by direct mail and publication was best practicable notice); *Booth v. Appstack, Inc.*, No. 2.13-CV-01533-JLR, 2016 WL 7851472, at *2 (W.D. Wash. Aug. 29, 2016) (similar); *Marolda v. Symantec Corp.,* No. 08-CV-05701 EMC, 2013 WL 12310821, at *5 (N.D. Cal. Apr. 5, 2013) (similar); *Mendez v. C-Two Grp., Inc.*, No. 13-CV-05914-HSG, 2017 WL 2861118, at *4 (N.D. Cal. July 5, 2017) (similar); *Custom LED, LLC v. eBay, Inc.*, No. 12-CV-00350-JST, 2014 WL 2916871, at *3 (N.D. Cal. June 24, 2014) (similar); *Lundell v. Dell, Inc.*, Case No. 05–3970 JWRS, 2006 WL 3507938, at *1 (N.D. Cal. Dec. 5, 2006) (holding that notice sent via email and first class mail constituted the "best practicable notice" and satisfied due process requirements); *Watson v. Jimmy John's, LLC*, No. 15 C 6010, 2016 WL 106333, at *1 (N.D. Ill. Jan. 5, 2016) (similar); *Palma v. Metropcs Wireless, Inc.*, No. 8:13-CV-698-T-33MAP, 2014 WL 235478, at *2 (M.D. Fla. Jan. 22, 2014) (similar).[3]

## A.    CAFA Notice

On August 30, 2019, the Claims Administrator also sent a total of 59 notifications to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, to all 50 States, as well as all territories and to the U.S. Attorney General.  Chernila Decl., ¶3.

On November 15, 2019, the Claims Administrator sent a total of 59 supplemental notifications to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, to all 50 States, as well as all territories and to the U.S. Attorney General. Chernila Decl., ¶5.

---

[3] *See also Mohamed v. Off Lease Only, Inc.*, No. 15-CV-23352-CIV, 2018 WL 398326, at *2 (S.D. Fla. Jan. 12, 2018); *Family Med. Pharmacy, LLC v. Trxade Grp., Inc.*, No. CV 15-0590-KD-B, 2016 WL 6573981, at *9 (S.D. Ala. Nov. 4, 2016); *Cullan & Cullan LLC v. M-Qube, Inc.*, No. 8:13CV172, 2016 WL 5394684, at *7 (D. Neb. Sept. 27, 2016); *In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 941 (N.D. Ill. 2011); *Stuven v. Texas De Brazil (Tampa) Corp.*, No. 8:12–cv–1283–T–24TGW, 2013 WL 610651 (M.D. Fla. Feb. 19, 2013); Manual for Compl. Lit. (Fourth) (2004) § 21.312; *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

-10-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

**B.      A Single Objection, Limited Exclusions and a Reasonable Claims Rate**

After Class Notice was disseminated, the Claims Administrator received a mere 23 requests for exclusion by the September 15, 2020 deadline set by the Court.  Fellner Decl., ¶16.

Even better, only a single objection to the Settlement was received.  The sole objector's only criticism of the settlement is that APFM is "an outstanding organization."  *See* Fellner Decl., ¶17 & Exh. A (attaching objection, which states:  "I object to this Settlement since A Place for Mom is an outstanding organization….").  This is plainly not a valid basis for objecting to the settlement.  No objections were received as to Class Counsel's request for attorneys' fees, costs, and service awards for Class Representatives by Class Counsel or docketed by the Clerk of Court.  *See id.*

Thus, approximately 46,500 Class Members from Group 1 will receive automatic Settlement Awards.  Peak Decl., ¶18.  Further, Group 2 Class Members submitted 36,838 Claims by the Claim Deadline.  It is estimated these Class Members, if all Claim Forms are valid after the claims review is conducted, will receive an award in the range of approximately $50.00, after deductions for Court-approved attorneys' fees and costs, Court-approved incentive awards to the Class Representatives, and costs of notice and claims administration.  As discussed further below, such an award is outstanding when compared to other TCPA settlements.  The final number of approved Valid Claims is subject to change, as the review process is currently underway for validating claims and determining whether to accept late claims.

**V.      FINAL APPROVAL IS WARRANTED**

**A.      The Settlement Approval Process.**

Under Rule 23(e) of the Federal Rules of Civil Procedure, a class-action settlement may be approved if the settlement is "fair, reasonable, and adequate."  *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012) (quoting Fed. R. Civ. P. 23(e)(2)).  Approval of a class action settlement is a two-step process.  *Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1008 (E.D. Cal. 2019).  Here, the Court has already taken the first step at preliminary approval by

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

-11-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

undergoing a thorough, front-loaded scrutiny of the proposed settlement so that any issues were identified *before* notice goes out to the class. Accordingly, the Court found that it "will likely be able to (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

The second step in the process is a final fairness hearing. Fed. R. Civ. P. 23(e)(2) ; *see also* Manual for Complex Litigation, § 21.633-34. With this Motion, Plaintiff respectfully requests that the Court take the second and final step in the process by granting final approval of the Settlement.

**B.    The Settlement is Fair, Reasonable, and Adequate, and Should be Approved.**

A proposed class action settlement should be approved if the Court, after allowing absent class members an opportunity to be heard, finds that the settlement is "fair, reasonable, and adequate after considering whether":

(A)    the class representatives and class counsel have adequately represented the class;

(B)    the proposal was negotiated at arm's length;

(C)    the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

(D)    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). Those factors are consistent with the long-applicable factors considered at the final approval stage in this Circuit:

(1) the strength of plaintiffs' case compared to the terms of the proposed settlement, including the risk of maintaining class action status;

(2) the likely complexity, length, and expense of continued litigation;

(3) the amount of opposition to settlement among affected parties;

(4) the opinion of competent counsel;

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

-12-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

(5) the stage of the proceedings and the amount of discovery completed; and

(6) the presence of a governmental participant;

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir.1998*); In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015). As such, courts explicitly apply the *Hanlon* factors even after the 2018 amendment to Rule 23(e)(2). *See, e.g.*, *Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1048 (9th Cir. 2019) (holding that "settlement approval requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)" if "the parties negotiate a settlement agreement before the class has been certified") (internal citations and quotation marks omitted); *Durant v. State Farm Mut. Auto. Ins. Co.,* No. 15-CV-01710-RAJ, 2019 WL 2422592, at *1 (W.D. Wash. June 10, 2019).

In reviewing these factors, courts view the facts "in a light most favorable to the settlement." *Isby v. Bayh, Custom*, 75 F.3d 1191, 1199 (7th Cir. 1996); *see also Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("It hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits"). In addition, courts "should not substitute their own judgment as to the optimal settlement terms for the judgment of the litigants and their counsel." *In re: Sears, Roebuck & Co. Front-loading Washer Products Liab. Litig.*, No. 06 C 7023, 2016 WL 772785, at *7 (N.D. Ill. Feb. 29, 2016); *see also In re Checking Account Overdraft Litig.*, No. 1:09-MD-02036-JLK, 2020 WL 4586398, at *7 (S.D. Fla. Aug. 10, 2020) (same).

Application of these factors here confirms that the Settlement is fair, reasonable, and adequate, and should be finally approved.

        **1.**      **The Settlement Provides Substantial Relief When Measured Against the Strength of the Plaintiff's Case, Including Maintaining Class Certification.**

As numerous courts have observed, the most important factor relevant to the fairness of a class action settlement is the first one listed: the strength of the plaintiffs' case on the merits balanced against the amount offered in the settlement. *Synfuel Techs, Inc. v. DHL Express*

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

-13-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

*(USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006); *Edwards v. City of Long Beach*, No. CV 05-8990-GW(PLAX), 2011 WL 13180208, at *3, n.4 (C.D. Cal. Oct. 31, 2011). Nevertheless, "[b]ecause the essence of settlement is compromise, courts should not reject a settlement solely because it does not provide a complete victory to plaintiffs." *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 347 (N.D. Ill. 2010) (citations omitted).

### a.    Diverse and substantial legal and factual risks weigh in favor of settlement.

While Plaintiff strongly believes in his claims, Plaintiff understands that Defendant asserts a number of potentially case-dispositive defenses. Here, APFM maintained several defenses that, if successful, would have eliminated Plaintiff's claims entirely.

First, APFM contended that it did not place the calls using an ATDS as that term is defined under the TCPA. Three Circuit Courts have since agreed with APFM and held based on the specific facts in those TCPA cases that the defendant did not use an ATDS. *See e.g., Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301 (11th Cir. 2020); *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020); *Dominguez ex rel. Himself v. Yahoo, Inc.*, 894 F.3d 116 (3d Cir. 2018); *but see Marks*, 904 F.3d at 1041 (employing alternate ATDS definition); *Duran v. La Boom Disco, Inc.*, 955 F.3d 279 (2d Cir. 2020) (same); *Allan v. Pa. Higher Educ. Assistance Agency*, 968 F.3d 567 (6th Cir. 2020) (same). *See also Wright v. Nationstar Mortgage LLC*, No. 14 C 10457, 2016 WL 4505169 (N.D. Ill. Aug. 29, 2016) (approving TCPA settlement where "Plaintiffs would have faced uncertainty surrounding the definition of an "automatic telephone dialing system" had the case proceeded in litigation"). Importantly, the U.S. Supreme Court has taken up the issue of what constitutes an ATDS in *Facebook, Inc. v. Duguid*, No. 19-511. The Supreme Court's ruling is expected this upcoming term. Needless to say, an adverse ruling could be case-dispositive of Plaintiff's and class members' claims.

Second, APFM further contended the calls were not telemarketing calls such that it did not need to obtain Plaintiff's and Class Members' prior express *written* consent to place the calls

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

-14-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

at issue. *Sullivan v. All Web Leads, Inc.*, No. 17 C 1307, 2017 WL 2378079, at *4 (N.D. Ill. June 1, 2017) ("prior express consent under the TCPA 'is an affirmative defense'"). APFM also asserted that it is not known what proportion of the calls at issue were actually placed without consent. *See Wright*, 2016 WL 4505169, at *9 ("This consent defense would have posed a serious obstacle to class certification, because the defense would have presented manageability concerns.").

Third, APFM also argued that Plaintiffs would not be able to maintain a certified class. In particular, APFM asserted that the Class is unascertainable, and that individual issues predominate over common questions of law and fact. And, to a certain extent, the settlement claims process validated APFM's arguments. Specifically, confirmatory discovery showed that it was not feasible to determine whether potential class members in Group 2 were bona fide Class Members without individualized determinations. However, through the Court-ordered claims process and Class Member self-identification, the Claims Administrator has now verified that approximately 36,838 of those Potential Class Members submitted claims.[4] If litigation had proceeded without settlement, this would have been a hotly contested issue for this portion of the class.

Plaintiff disputes every one of these defenses, and all other defenses APFM raised. But Plaintiff must unfortunately concede that their likelihood of success at trial was far from certain,

---

[4] Plaintiff therefore believes that a substantial portion of the Potential Class Members who did not submit claims are not actual Class Members. But, even if they were, the claims rate for that group would not weigh against settlement approval for two reasons. First, Settlement Awards are being issued automatically and without the need for a claim form to all identifiable Class Members (i.e., Group 1 Class Members). Second, even if the Court were to consider the claims rate of Group 2's Potential Class Members, their participation rate falls perfectly in line with other consumer class action settlements, including TCPA settlements, in the Ninth Circuit and elsewhere. *See, e.g., Arthur v. SLM Corp.*, No. C10–0198 JLR (W.D. Wash. Aug. 8, 2012), Docket No. 249 at 2–3 (claims rate of approximately 2%); *Bayat v. Bank of the W.*, No. C-13-2376 EMC, 2015 WL 1744342, at *1 (N.D. Cal. Apr. 15, 2015) (approving TCPA settlement with approximately 1% claims rate); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 493 (N.D. Ill. 2015) (approving TCPA settlement with 2% claims rate); *Davenport v. Discover Financial Services*, et al., No. 1:15-CV-06052, Dkt. No. 110 (N.D. Ill. 2017) (approving settlement with 3% claims rate); *Poertner v. Gillette Co.*, No. 14-13882, 2015 WL 4310896, at * (11th Cir. July 16, 2015) (approving 7.26 million-member settlement class when just 55,346 — less than 1% — filed claims); *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1377 (S.D. Fla. 2007) (approving 10.3 million-member settlement class when less than 119,000 — approximately 1.1% — filed claims).

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826                    -15-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1    particularly on the hotly disputed issue of what constitutes an ATDS.  "In light of the potential

2    difficulties at class certification and on the merits due to the consent and autodialer issues, the

3    time and extent of protracted litigation, and the potential of recovering nothing, the relief

4    provided to class members in the Settlement Agreement represents a reasonable compromise."

5    *Wright*, 2016 WL 4505169, at *10.

6            **b.    The monetary terms of this Settlement in line with the other
                     TCPA class action settlements.**

7

8            "In most situations, unless the settlement is clearly inadequate, its acceptance and

9    approval are preferable to lengthy and expensive litigation with uncertain results." Newberg on

10   Class Actions, § 11:50.  This is, in part, because "the law should favor the settlement of

11   controversies, and should not discourage settlement by subjecting a person who has

12   compromised a claim to the hazard of having the settlement proved in a subsequent trial . . . ."

13   *Grady v. de Ville Motor Hotel, Inc.*, 415 F.2d 449, 451 (10th Cir. 1969).  It is also, in part,

14   because "[s]ettlement is the offspring of compromise; the question we address is not whether the

15   final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from

16   collusion." *Hanlon*, 150 F.3d at 1027; *see also Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D.

17   215, 228 (N.D. Ill. 2016) ("The essential point here is that the court should not "reject[ ]" a

18   settlement "solely because it does not provide a complete victory to plaintiffs," for "the essence

19   of settlement is compromise").

20           Here, the parties agreed to resolve this matter for a settlement fund of $6,000,000, which,

21   the Claims Administrator advises will amount to an estimated $50 per class member.  This figure

22   compares well with other TCPA class action settlements that courts have approved, including in

23   this Circuit. *See, e.g.*, *Clark v. Payless ShoeSource, Inc.*, No. 2:09-cv-00915, Dkt. 72 (W.D.

24   Wash. July 27, 2012) ($10 merchandise certificate per claimant); *Cubbage v. The Talbots, Inc. et

25   al.*, No. 2:09-cv-00911, Dkt. 114 (W.D. Wash. Nov. 5, 2012) ($40 or $80 merchandise certificate

26   per claimant); *Agne v. Papa John's Int'l, et al.*, No. 2:10-cv-01139, Dkt. 389 (W.D. Wash. Oct.

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND        -16-
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826                                          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                                            275 Battery Street, 29th Floor
                                                            San Francisco, CA  94111-3339
                                                            Tel. 415.956.1000 • Fax 415.956.1008

22, 2013) ($50 cash recovery plus $13 in merchandise per claimant); *Estrada v. iYogi, Inc*., No. 2:13–01989 WBS CKD, 2015 WL 5895942, at *7 (E.D. Cal. Oct. 6, 2015) (granting preliminary approval to TCPA settlement where class members would receive an estimated $40); *Rose v. Bank of Am. Corp.*, Nos. 11 C 2390 & 12 C 4009, 2014 WL 4273358, at *10–11 (N.D. Cal. Aug. 29, 2014) (finally approving settlement where class members would receive between $20 and $40); *Adams v. AllianceOne Receivables Mgmt., Inc*., No. 3:08-cv-00248-JAH-WVG, Dkt. No. 137 (S.D. Cal. Sept. 28, 2012) ($40 per claimant); *Couser v. Comenity Bank*, 125 F. Supp. 3d 1034, 1044-45 (S.D. Cal. 2015) (approving TCPA settlement in which class members received $13.75 each, noting that such a figure "appears to be on the low end of monetary recovery for TCPA class action settlements"); *In re Capital One TCPA Litig*., 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) ("Capital One") (granting final approval where each class member would be awarded $39.66); *Kolinek*, 311 F.R.D at 493–94 (granting final approval where class members each stood to receive $30); *Garret, et al. v. Sharps Compliance, Inc*., No. 1:10-cv-04030, Dkt. No. 65 (N.D. Ill. Feb. 23, 2012) (between $27.42 and $28.51 per claimant).  On top of this, the Settlement Agreement includes a provision regarding Defendant's business practice changes to ensure compliance.  Agr. ¶ 4.1.  Also worth noting, at the second mediation, APFM provided Plaintiff with informal discovery regarding its financial status and ability to fund a settlement. Hutchinson Decl. ¶ 4.

For these reasons, the parties' settlement falls within a range of reasonableness with respect to similar TCPA class action settlements.  *See, e.g., Markos v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01156-LMM, 2017 WL 416425, at *4 (N.D. Ga. Jan. 30, 2017) (finding that the cash recovery of $24 per claimant in a TCPA class action—almost 50% less than the recovery here—is "an excellent result when compared to the issues Plaintiffs would face if they had to litigate the matter"); *Wright*, 2016 WL 4505169, at *8 (approving TCPA class settlement where class members received around $45 and proceeding to trial could bankrupt the defendant leaving the class with nothing).  The per-class member relief offered under this Settlement reflects even

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

-17-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1    more favorably when one considers *Golan v. Veritas Entm't, LLC*, No. 4:14CV00069 ERW,

2    2017 WL 3923162, at *4 (E.D. Mo. Sept. 7, 2017) *aff'd sub nom. Golan v. FreeEats.com, Inc.*,

3    No. 17-3156, 2019 WL 3118582 (8th Cir. July 16, 2019), where a district court recently reduced

4    a TCPA jury award of $500 per call to $10 per call.

5         In sum, the Settlement reached in this case requires APFM to pay $6 million into a non-

6    reversionary Settlement Fund.  Given the significant risks Plaintiff faces in proving his claims on

7    a class-wide basis, an estimated $50 cash award, which is comparable to other TCPA

8    settlements, is an excellent result for the Settlement Class.

9              **2.    There is virtually no opposition to the Settlement.**

10        Of the approximately 2.3 million potential Class Members who received notice, only a

11   single class member objected to the Settlement and only 23 opted-out.  The lack of objections,

12   and a small number of exclusions, strongly support approval of the settlement.  *See Arnold v.*

13   *Ariz. Dep't of Pub. Safety*, No. CV-01-1463-PHX-LOA 2006 WL 2168637, at *10 (D. Ariz. July

14   31, 2006) (Anderson, M.J.) (lack of objections "suggests that the class members are unopposed

15   to terms of the Settlement Agreement" and "weighs in favor of approving the Settlement

16   Agreement"); *see also In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp.

17   2d at 965 (concluding that "tiny fraction" of opt-outs and objections supports approval: "Such a

18   remarkably low level of opposition supports the Settlement.").

19              **3.    The lack of a government participant supports final approval of the**

20                  **settlement.**

21        While no governmental agency is a party to this lawsuit, KCC notified all pertinent

22   government officials of the settlement as required by CAFA. No governmental entity raised

23   objections to the settlement. This factor therefore supports final approval.

24              **4.    Continued Litigation is Likely to be Complex, Lengthy, and**

25                  **Expensive.**

26        Litigation would be lengthy and expensive if this action were to proceed.  Although the

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND                    -18-
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

parties engaged in significant discovery efforts, continued litigation would involve extensive

motion practice, including motions for summary judgment, a motion for class certification and

related appeal, and ultimately a trial on the merits.  Further, it is likely to be late-2021 before the

case would actually proceed to trial.  And, any judgment in favor of Settlement Class Members

could be further delayed by the appeal and certiorari petition process, which would likely include

a Due Process challenge.  Instead of facing the uncertainty of a potential award in their favor

years from now, the Settlement allows Plaintiff and Settlement Class Members to receive

immediate and certain relief during a pandemic when many Class Members will find such relief

helpful.  *See, e.g., Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 586 (N.D. Ill. 2011)

("Settlement allows the class to avoid the inherent risk, complexity, time, and cost associated

with continued litigation.") (citation omitted).

This factor also favors settlement approval.

### 5.  Class Counsel Strongly Endorse the Settlement.

Class Counsel and Plaintiff strongly endorse this Settlement.  Class Counsel's opinion on

the Settlement is entitled to great weight, particularly because: (1) Class Counsel are competent

and experienced in class action litigation (particularly in similar TCPA class action cases); (2)

Class Counsel engaged in extensive discovery, fully briefed multiple motions to dismiss and a

motion to compel, and exhaustively evaluated the claims in the context of settlement

negotiations; and (3) the Settlement was reached at arm's length through negotiations by

experienced counsel, after two in-person mediation sessions—once with Lou Peterson of Hillis

Clark Martin & Peterson P.S. and then again with respected mediator Hon. Edward A. Infante

(Ret.) of JAMS in San Francisco—with many additional weeks of contentious negotiations

between the parties.  Hutchinson Decl., ¶¶ 5-10.  *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d

948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-

collusive, negotiated resolution."); *see also Bykov v. DC Transp. Servs., Inc.*, No. 2:18-CV-1691

DB, 2019 WL 1430984, at *5-6 (E.D. Cal. Mar. 29, 2019) ("participation in mediation tends to

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

-19-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

support the conclusion that the settlement process was not collusive"); *In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2016 WL 6442227, at *4 (N.D. Cal. Oct. 25, 2016) (same).  This factor therefore weighs in favor of approval.  *See Wilson v. Gateway, Inc.*, No. CV 09-7560-GW(VBKX), 2014 WL 12704846, at *5 (C.D. Cal. Oct. 6, 2014) ("Class Counsel's experience and recommendation thus weigh in favor of finding the settlement fair.") (citing *Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("Great weight is accorded to the recommendation of counsel . . . because parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation.")); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) ("The recommendations of plaintiffs' counsel should be given a presumption of reasonableness.").

**6.     The Stage of the Proceedings and the Amount of Discovery Completed Supports Approval.**

The Settlement was informed by Class Counsel's analysis of the factual and legal issues involved in the case.  Under the amended Rule 23(e)(2)(A), courts consider "whether class counsel and plaintiffs 'had an adequate information base' before negotiating and entering into the settlement." *Burrow v. Forjas Taurus S.A.*, No. 16-21606, 2019 WL 4247284, at *7 (S.D. Fla. Sept. 6, 2019) (quoting Fed. R. Civ. P. 23(e)(2)(A), advisory comm. n., 2018 amendments). Here, counsel's judgment was based upon extensive discovery—including call data and testimony from APFM, along with expert analysis—and Class Counsel's legal analysis was refined through the adversarial process of briefing multiple motions to dismiss addressing issues of consent and what constitutes an ATDS under the TCPA as well as a motion to compel class discovery, which was granted.  Class Counsel possess the discovery necessary to confirm that the Settlement is fair, reasonable, and adequate.  Hutchinson. Decl. ¶ 2-5; *see also* Dkts. 50, 53, 55, 61, 64, 79, 82, 112, 115, 118.

Class discovery spanned many months and was exhaustive, including the production and

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826                                    -20-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

review of hundreds of pages of responsive documents.  Hutchinson. Decl. ¶¶ 2-5.  Discovery also included several depositions.  *Id*.  Plaintiff also issued various FOIA requests that yielded thousands of pages of relevant documents.  *Id*.  Discovery was also contentious: over the course of the litigation, Plaintiff was required (i) to file a contested motion to compel relevant class discovery that was fully briefed by the Parties and ultimately granted, and (ii) oppose multiple motions to stay the litigation in its entirety.  *Id*.  Without a doubt, this Settlement was reached only after the parties tested and refined their positions through contentious discovery and motion practice.

### 7.     The Settlement was negotiated at arm's-length without a hint of collusion.

Under Rule 23(e)(2)(B), courts examine whether the parties negotiated the settlement at arm's-length.  Here, settlement negotiations, likewise, were prolonged and hard-fought, spanning many months.  They included multiple mediation sessions with multiple mediators.  The settlement was negotiated at arm's length by vigorous advocates, and there has been no fraud or collusion.  Hutchinson. Decl. ¶¶ 6-8.  In fact, the negotiations broke down during the first mediation session.  Only after the parties returned to litigation for several more months did they ultimately decide to revisit settlement talks, which, following months of additional negotiations, ultimately resulted in the proposed class settlement.  *Id*.

Accordingly, the final terms of Settlement were agreed to only after Class Counsel thoroughly vetted the claims and potential damages through discovery, briefing, and numerous, contentious arm's-length negotiations. This factor thus supports approval of the Settlement.  *See Isby*, 75 F.3d at 1200 (noting "the discovery and investigation conducted by class counsel prior to entering into settlement negotiations was 'extensive and thorough'").

### 7.     There are no agreements between the parties other than the Settlement

No side agreements required to be identified under Rule 23(e)(2)(C)(iv) exist.  This

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

-21-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1    provision is aimed at "related undertakings that, although seemingly separate, may have

2    influenced the terms of the settlement by trading away possible advantages for the class in return

3    for advantages for others."  Fed. R. Civ. P. 23(e), advisory committee notes 2003 amendments.

4    Plaintiff has not entered into any such agreements.

5    **C.        The Settlement is Reasonable in Light of the Requested Attorneys' Fees.**

6    As Counsel describe in their fee petition (Dkt. 152), federal courts have long recognized

7    that when counsel's efforts result in the creation of a common fund that benefits plaintiffs and

8    unnamed class members, counsel have a right to be compensated from that fund for their

9    successful efforts in creating it.  *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)

10   ("lawyer who recovers a common fund … is entitled to a reasonable attorneys' fee from the fund

11   as a whole"); *see also In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935, 942 (9th Cir.

12   2011) ("Because the benefit to the class is easily quantified in common-fund settlements, we

13   have allowed courts to award attorneys a percentage of the common fund in lieu of the often

14   more time-consuming task of calculating the lodestar."); *Vizcaino v. Microsoft Corp.*, 290 F.3d

15   1043, 1050 (9th Cir. 2002) ("[T]he primary basis of the fee award remains the percentage

16   method."); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ("[U]se

17   of the percentage method in common fund cases appears to be dominant."); *Sutton v. Bernard*,

18   504 F.3d 688, 691 (7th Cir. 2007) ("the attorneys for the class petition the court for

19   compensation from the settlement or common fund created for the class's benefit"). The goal is

20   to award counsel "the market price for legal services, in light of the risk of nonpayment and the

21   normal rate of compensation in the market at the time." *In re Synthroid Mktg. Litig.*, 264 F.3d

22   712, 718 (7th Cir. 2001) (collecting cases).[5]

23   [5] By contrast, courts rely on the lodestar method under circumstances not applicable here, *i.e.*, when "there is no way
      to gauge the net value of the settlement or of any percentage thereof."  *Hanlon*, 150 F.3d at 1029;  *Bluetooth*, 654

24   F.3d at 941 (lodestar appropriate "where the relief sought—and obtained—is often primarily injunctive in nature and
      thus not easily monetized").  This limited use of the lodestar method relates in part to its potential deterrent effect:

25   "[I]t is widely recognized that the lodestar method creates incentives for counsel to expend more hours than may be
      necessary on litigating a case so as to recover a reasonable fee, since the lodestar method does not reward early

26   settlement."  *Vizcaino*, 290 F.3d at 1050 n.5; *see also In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1378 (N.D. Cal.

*Footnote continued on next page*

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

-22-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1    Class Counsel's request for $1,500,000 in attorneys' fees—25% of the common fund—is

2    fair and reasonable under the circumstances of this case.  When applying the percentage-of-the

3    fund method, the Ninth Circuit has established a benchmark percentage of 25 percent to be used

4    as the "starting point" for analysis.  *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 955

5    (9th Cir. 2015).  "That percentage amount can then be adjusted upward or downward depending

6    on the circumstances of the case."  *de Mira v. Heartland Emp't Serv., LLC*, 2014 WL 1026282,

7    at *1 (N.D. Cal. Mar. 13, 2014). Courts have recognized that "'in most common fund cases, the

8    award *exceeds* the benchmark.'"  *Id.* (quoting *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at

9    1047); *accord Burnthorne-Martinez v. Sephora USA, Inc.*, No. 4:16-CV-02843-YGR, 2018 WL

10   5310833, at *2 (N.D. Cal. May 16, 2018).  At bottom, the Ninth Circuit asks district courts to

11   "consider[] all of the circumstances of the case" and "reach[] a reasonable percentage."  *Online*

12   *DVD*, 779 F.3d at 949.

13       The Ninth Circuit instructs that courts may consider the following factors: (1) whether

14   counsel achieved exceptional results for the class; (2) whether the case was risky for class

15   counsel; (3) whether the case was handled on a contingency basis; (4) the market rate for the

16   particular field of law; and (5) the burdens class counsel experienced while litigating the case.

17   *Id.* at 954-55.  As outlined in Class Counsel's motion for attorneys' fees (Dkt. 152) each of these

18   factors supports Class Counsel's request for a fee award of 25 percent of the common fund.

19       Plaintiff's counsel achieved an excellent result for the Class after undertaking substantial

20   risk in prosecuting this action on a pure contingency basis, and they should be fairly

21   compensated.  Thus, the Settlement is reasonable in light of this factor.

22       **D.    The Settlement Class Should be Finally Certified.**

23       In the Preliminary Approval Order, the Court conditionally approved certification of the

24   Settlement Class but only after careful scrutiny of the Settlement which took place over the

25   *Footnote continued from previous page*
     1989) (application of the lodestar method may encourage "abuses such as unjustified work" and therefore "does not

26   achieve the stated purposes of proportionality, predictability and protection of the class").

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826                                    -23-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1    course of approximately ten (10) months. *See* Dkts. 142, 151.  The Parties have successfully

2    implemented the Class Notice Program and the Settlement has been well-received by the Class

3    Members with virtually no opposition.  For all the reasons set forth in Plaintiffs' preliminary

4    approval briefing (Dkt. 139) and the Preliminary Approval Order, the Court should finally certify

5    the Settlement Class.

6    **VI.    CONCLUSION**

7          The Settlement is fair, adequate, and reasonable in all respects. Therefore, Plaintiff

8    respectfully requests that the Court grant final approval to the Settlement.

9    Dated: September 21, 2020                    **KEVIN PINE**

10

11                                   By:    */s/ Michael C. Subit*
                                          One of his Attorneys

12                                   **FRANK FREED SUBIT &**
13                                   **THOMAS LLP**
                                     Michael C. Subit, WSBA #29189
14                                   705 Second Avenue, Suite 1200
                                     Seattle, Washington 98104
15                                   Telephone: (206) 682-6711
                                     Facsimile: (206) 682-0401
                                     Email: msubit@frankfreed.com
16

17                                   **LIEFF CABRASER HEIMANN &**
                                     **BERNSTEIN, LLP**
18                                   Daniel M. Hutchinson
                                     275 Battery Street, 29th Floor
19                                   San Francisco, CA  94111-3339
                                     Telephone:  (415) 956-1000
20                                   Facsimile:  (415) 956-1008
                                     E-mail: dhutchinson@lchb.com
21

22

23

24

25

26

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT                    -24-
Case No. 17-cv-1826

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Jonathan D. Selbin
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592
E-mail:  jselbin@lchb.com


**MASON LIETZ & KLINGER LLP**
Gary M. Klinger
227 W. Monroe Street, Ste. 2100
Chicago, Illinois 60606
Telephone: (202) 975-0477
E-mail:  gklinger@masonllp.com

**HUSSIN LAW**
Tammy Gruder Hussin
Email: Tammy@HussinLaw.com
1596 N Coast Highway
Encinitas, CA 92024
Telephone: (877) 677-5397
Facsimile: (877) 667- 1547

*Counsel for Plaintiff and the Proposed Class*

PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF SETTLEMENT
Case No. 17-cv-1826

-25-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008