1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

10

11

12

13

14

15

16

KEVIN PINE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

A PLACE FOR MOM, INC., a Delaware corporation,

Defendant.

C17-1826 TSZ

**ORDER**

17

18

19

20

21

22

23

24

25

26

THIS MATTER comes before the Court on plaintiff Kevin Pine's unopposed motion for final approval of a class action settlement, docket no. 158, plaintiff's unopposed motion for attorneys' fees, costs, and service awards, docket no. 152, and the parties' joint motion for supplemental class notice, docket no. 163.  Having considered all papers filed in connection with the pending motions, and having conducted a virtual hearing on October 1, 2020, notice of which was provided in accordance with the Order entered December 5, 2019, docket no. 142, and the Minute Orders entered February 12, 2020, May 12, 2020, May 27, 2020, June 15, 2020, and September 17, 2020, docket nos. 144, 148, 151, 156, and 157 (collectively, the "Preliminary Approval Orders"), except as outlined below, the Court enters the following Order.

ORDER - 1

On December 5, 2019, subject to a 14-day period for the parties to object and seek amendment or decertification, the Court certified the following class for settlement purposes:

> SETTLEMENT CLASS:  All persons within the United States who, between August 7, 2013 and August 15, 2019, received, without their consent, a non-emergency call from defendant A Place for Mom, Inc., or any party acting on defendant's behalf, to a cellular telephone.

Order at 6, ¶ 2 (docket no. 142).  The parties subsequently agreed with the Court's modifications to their proposed class definition.  Minute Order at ¶ 1(a) (docket no. 144).  On December 5, 2019, the Court also appointed plaintiff Kevin Pine as Class Representative and the following law firms as Class Counsel:  Lieff Cabraser Heimann & Bernstein, LLP; Kozonis & Klinger, Ltd.; Hussin Law Firm; and Frank Freed Subit & Thomas LLP.  Order at 6, ¶ 3 (docket no. 142).  The law firm of Mason Lietz & Klinger LLP was later substituted for Kozonis & Klinger, Ltd. Minute Order at ¶ 1(b) (docket no. 151).  Kurtzman Carson Consultants LLC ("KCC") was appointed as Settlement Administrator, Order at 7, ¶ 4 (docket no. 142), and its division known as "KCC Class Action Services" has served as Settlement Administrator, *see* Minute Order at ¶ 1(a) (docket no. 151); Fellner Decl. at ¶ 1 (docket no. 158-1).

The Court approved a postcard notice, in the form attached as Exhibit A to the Supplemental Declaration of Carla A Peak ("Peak Declaration"), docket no. 150, to be sent via U.S. mail to one group of class members (Group 1), and a different notice, in the form attached as Exhibit B to the Peak Declaration, to be sent via email to another group of class members (Group 2), as well as any members of Group 1 for whom a postal address could not be identified. Minute Order at ¶ 1(c) (docket no. 151).  The Court also approved a notice, in the form attached as Exhibit C to the Peak Declaration, to be published in the national edition of *USA Today*, as well as in *Provider*, *Today's Caregiver*, *McKnight's Long-Term Care News*, and *McKnight's Senior Living*.  *Id.*; *see also* Peak Decl. at ¶¶ 16-17 (docket no. 150).

ORDER - 2

According to the Settlement Administrator, postcard notices were mailed on June 19, 2020, to 53,746 class members.  Fellner Decl. at ¶ 6 (docket no. 158-1).  Of these notices, 179 were returned with forwarding addresses and 8,541 were returned as undeliverable.  Fellner Supp. Decl. at ¶¶ 7-8 (docket no. 162).  Of the 8,541 mailings returned as undeliverable, KCC was able to resend 1,179 postcards to updated addresses.  *Id.* at ¶ 8.  As a result of an oversight, KCC failed to subsequently email notices to any of the 7,362 class members in Group 1 for whom no physical address could be identified after their postcard notices were returned.  *Id.* at ¶ 13.[1]  KCC has email addresses for 7,340 of these individuals.  *Id.* at ¶ 14.  For the remaining 22 members of Group 1, KCC currently has neither a physical nor an email address, but it can engage in further efforts to locate contact information.  *Id.* at ¶ 16.

On June 19, 2020, the Settlement Administrator also distributed email notices to 8,501 class members in Group 1 for whom no postal address was then available and to 2,552,594 class members in Group 2.  Fellner Decl. at ¶ 9 (docket no. 158-1).  Of these emailed notices, a total of 539,177 "bounced," including 2,116 emails directed to class members in Group 1.  *Id.* at ¶ 10; Fellner Supp. Decl. at ¶ 11 (docket no. 162).  KCC resent emails to 157,989 updated addresses, including 277 for members of Group 1.  Fellner Decl. at ¶ 10 (docket no. 158-1); Fellner Supp. Decl. at ¶ 11 (docket no. 162).  The number of class members who did not receive notice via either postcard or email is as follows:

| Class Members | Number |
| --- | --- |
| Group 1: KCC has email addresses | 7,340 |
| Group 1: KCC does not currently have email addresses (22 + 1,839) | 1,861 |
| Group 2: KCC does not currently have email addresses | 379,349 |
| **TOTAL** | **388,550** |

[1] At the hearing on October 1, 2020, counsel attempted to represent that KCC had in fact sent follow-up emails to these members of Group 1.  *See* Tr. at 12:2-7, 13:3-7, & 14:16-18, Ex. B to Joint Motion (docket no. 163-2).

ORDER - 3

1    With respect, however, to at least 2,226,291 million individuals, actual notice was

2  provided in one form or the other.  In addition, constructive notice was effected as follows:

3  notice was published in the "Legal Monday" section of _USA Today_ during four consecutive

4  weeks, namely on July 6, 13, 20, and 27, 2020, in the August 2020 issue of _Provider_, which was

5  available as of July 27, 2020, in the July/August 2020 edition of _McKnight's Long-Term Care_

6  _News_, and in the August 2020 edition of _McKnight's Senior Living_.  Fellner Decl. at ¶ 11 & Ex. C

7  (docket no. 158-1).  As a result of Coronavirus Disease 2019 (COVID-19), _Today's Caregiver_

8  did not print its summer edition before the deadlines for opting out or objecting to the proposed

9  settlement expired.  _Id._  The Court hereby MODIFIES the plan for notice by publication, and

10  DIRECTS that KCC cease efforts to place a notice in _Today's Caregiver_.  Any associated cost

11  savings shall be reflected in the net settlement fund.

12    Since early June 2020, the Settlement Administrator has maintained a website dedicated to

13  this matter (www.APFMTCPAsettlement.com).  _Id._ at ¶ 12.  As of September 15, 2020, the

14  website had been visited 61,332 times.  _Id._  Between June 19, 2020, when the Settlement

15  Administrator's toll-free telephone number (866-757-7934) or "hotline" became operational, and

16  September 15, 2020, the hotline received 282 calls.  _Id._ at ¶ 13.  On September 16, 2020, the

17  hotline began playing a pre-recorded message indicating that the relevant deadlines had passed

18  and that details about the proposed settlement could be found on the website.  _Id._ at ¶ 14.

19    As of September 21, 2020, 23 individuals asked to be excluded from the class; a list of

20  those persons is attached as Exhibit D to the Declaration of Victoria Fellner, docket no. 158-1.[2]

21  One class member submitted a written objection, see Ex. E to Fellner Decl. (docket no. 158-1),

22  indicating a belief that defendant A Place for Mom, Inc. is an "outstanding" and "law abiding"

23

---

24  [2] Because Exhibits D and E to Ms. Fellner's declaration contained contact information for the persons
wishing to be excluded from the Settlement Class and/or raising an objection to the proposed settlement,

25  the declaration has been sealed.  Counsel are DIRECTED to arrange for an appropriately redacted version
of Ms. Fellner's declaration to be filed in the public record.

26

ORDER - 4

entity, that defendant "always" called on the number that the class member provided, and that the settlement is "bogus" and proposed by people "looking to cash in where they think they can."[3] Based on (i) the number of notices distributed via postcard to class members in Group 1 (46,384), who are entitled to automatic payment, (ii) the number of claim forms returned by class members who received notice via email,[4] and (iii) the number of class members who have excluded themselves (23), the Settlement Administrator has estimated a pro rata award to each class member of roughly $50, after deducting the estimated amounts of attorney's fees, costs, service awards, and settlement administration expenses from the $6 million settlement fund.

Pursuant to 28 U.S.C. § 1715(b), in August 2019, the Settlement Administrator sent to the United States Attorney General and the Attorneys General of each of the 50 States, the District of Columbia, and the five recognized U.S. Territories a read-only compact disc ("CD-ROM") containing various documents, including the operative pleadings and the proposed Settlement Agreement.  Chernila Decl. at ¶¶ 2-3 (docket no. 141).  In November 2019, the Settlement Administrator sent supplemental notice packets to each previously identified Attorney General. *Id.* at ¶ 4-5.  The § 1715(b) notice and supplemental notice packets predated the Court's Order and Minute Order redefining the class and certifying the class as amended, as well as the Court's subsequent rulings in this matter.  Nevertheless, the Court is satisfied that the notice requirements of 28 U.S.C. § 1715(b) were substantially met, and that the 90-day period described in § 1715(b), between service of the notice and supplemental notice and the date of issuance of this Order and Judgment, has elapsed without objection or comment from any of the Attorneys General.

---

[3] The Court has considered this objection and concludes that it does not form a basis for rejecting the proposed class action settlement.  Whether defendant complied with the applicable laws and/or regulations and whether plaintiff's claims had merit (or were "bogus") are matters each side took into account in reaching the proposed settlement.

[4] KCC received 37,066 timely and 191 tardy submissions, for a total of 37,257 claim forms, of which 372 were from members of Group 1 and the remainder were from individuals in Group 2.  Fellner Supp. Decl. at ¶ 20 (docket no. 162).

ORDER - 5

1    In light of the foregoing information, the Court ORDERS as follows:

2    1.  Plaintiff's unopposed motion for final approval of class action settlement, docket

3 no. 158, is GRANTED in part and DEFERRED in part.  The deferred portion of the motion is

4 RENOTED to December 11, 2020.

5    2.  For purposes of the Settlement Class only, the Court finds that the prerequisites for

6 a class action under Federal Rule of Civil Procedure 23(a) have been satisfied in that: (a) the

7 Settlement Class is so numerous that joinder of all members is impracticable; (b) questions of law

8 and fact common to all Settlement Class members exist; (c) the claims of the Class

9 Representative are typical of the claims of the Settlement Class members; and (d) the Class

10 Representative and Class Counsel meet the requirements for fair and adequate representation.

11    3.  For purposes of the Settlement Class only, the Court further finds that the

12 prerequisites for class certification under Federal Rule of Civil Procedure 23(b)(3) have been

13 satisfied in that (A) questions of law and fact that are common to the Settlement Class members

14 predominate over any questions affecting only individual Settlement Class members; and (B) a

15 class action is superior to other available methods for the fair and efficient adjudication of the

16 controversy.

17    4.  The Court previously concluded that the Amended Settlement Agreement and

18 Release executed by Class Representative Kevin Pine and defendant A Place for Mom, Inc.,

19 docket no. 139-1 (the "Settlement Agreement"), was not obviously deficient, and that no evidence

20 existed at that time of any fraud, collusion, overreaching, or disregard of the rights of absent class

21 members on the part of any party.  Minute Order at ¶ 1(e) (docket no. 151).  The Court hereby

22 confirms its prior findings, which reflect that the Settlement Agreement is the product of arm's-

23 length settlement negotiations between the Class Representative and Class Counsel, on one side,

24 and defendant A Place for Mom, Inc., on the other.

25

26

ORDER - 6

5.      The Court hereby finds and concludes that notice was disseminated to putative members of the Settlement Class in substantial compliance with the Preliminary Approval Orders, except as identified earlier in this Order.

6.      The Court further finds and concludes that, except as to members of Group 1 to whom KCC did not send either a postcard or an email, Settlement Class members received the "best notice that is practicable under the circumstances."  *See* Fed. R. Civ. P. 23(c)(2)(B).  Of the 62,247 class members in Group 1, all but 9,201 received notice via either postcard or email.  With respect to the 9,201 Settlement Class members in Group 1 to whom no postcard or email was distributed, their individual rights can be adequately protected as follows.  Within fourteen (14) days of the date of this Order, the Settlement Administrator shall send emails to the 7,340 class members in Group 1 whose postcard notices were returned as undeliverable and could not be re-mailed, and for whom KCC currently has email addresses.  The Settlement Administrator shall also endeavor to send emails (or postcards) to the 1,861 individuals in Group 1 for whom it currently does not have email (or street) addresses by using reverse lookups and additional means of locating contact information other than outbound calling.  Attached to all supplemental emails shall be a suitable form of notice,[5] the applicable forms, and a copy of this Order.  On or before December 7, 2020, recipients of supplemental notices may opt out of the proposed settlement, submit a written objection to the Settlement Administrator, and/or provide a physical address or other method by which payment of their pro rata share of the settlement proceeds may be made.

7.      The parties' joint motion for supplemental class notice, docket no. 163, is GRANTED as set forth in Paragraph 6, above.

---

[5] The parties are DIRECTED to revise their proposed form of notice, Ex. A to Joint Motion (docket no. 163-1), to conform to the terms of this Order, and to send, within three (3) days of the date of this Order, a Word version of the modified form of notice to ZillyOrders@wawd.uscourts.gov.  Any changes to the form required by the Court will be transmitted to counsel via email, with an attached redlined document.

ORDER - 7

1    8.    The Court DEFERS ruling on whether members of Group 1 who did not receive

2   postcard notice and for whom the Settlement Administrator cannot identify valid email addresses

3   will be bound by this settlement.  On or before December 11, 2020, the Settlement Administrator

4   shall file a declaration describing its efforts to comply with Paragraph 6, above, and shall compile

5   and file **under seal** a list of the names of Settlement Class members in Group 1 to whom notice

6   was not sent via either postcard or email.

7    9.    With respect, however, to Settlement Class members in Group 2 who did not

8   receive actual notice via email, and who would have been required to return a completed claim

9   form to obtain any portion of the settlement proceeds, the Court is satisfied that the provisions for

10  providing constructive notice by publication satisfied the requirements of due process and those

11  Group 2 Settlement Class members shall be bound by the terms of this settlement.  In all other

12  respects, the motion for final approval of the proposed settlement and entry of judgment pursuant

13  to Federal Rules of Civil Procedure 58 and 79 is DEFERRED.

14   10.    Plaintiff's unopposed motion for attorneys' fees, costs, and service awards, docket

15  no. 152, is GRANTED in part and DEFERRED in part as follows.  Class Representative Kevin

16  Pine is AWARDED $10,000, and former plaintiff Andrew Kim is AWARDED $2,500, as service

17  awards.  These awards include any amounts to which Messrs. Pine and Kim would otherwise be

18  entitled as members of the Settlement Class.  The motion is otherwise deferred and RENOTED to

19  December 11, 2020.

20    IT IS SO ORDERED.

21    Dated this 22nd day of October, 2020.

22

23   _____
     Thomas S. Zilly
24    United States District Judge

25

26

ORDER - 8