UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN PINE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

A PLACE FOR MOM, INC.,

Defendant.

C17-1826 TSZ

ORDER AND JUDGMENT

THIS MATTER comes before the Court on the deferred portion of plaintiff Kevin Pine's unopposed motion for final approval of a class action settlement, docket no. 158, and the deferred portion of plaintiff's unopposed motion for attorneys' fees, costs, and service awards, docket no. 152.  In this matter, the Settlement Class, as defined by the Order entered December 5, 2019 (docket no. 142); <u>see also</u> Minute Order at ¶ 1(a) (docket no. 144), was divided into two groups; the remaining issues in this matter involve only Group 1.  The Settlement Administrator, Kurtzman Carson Consultants LLC and its division known as KCC Class Action Services, had been directed to send notices to individuals in Group 1 via U.S. mail.  <u>See</u> Minute Order at ¶¶ 1(a) & (c) (docket no. 151). The Settlement Administrator successfully did so with respect to 46,384 of the 62,247 members of Group 1.  <u>See</u> Order at 3 (docket no. 164).  With respect to another 6,662

ORDER AND JUDGMENT - 1

individuals in Group 1, for whom no postal address was available, the Settlement Administrator distributed notices via email.  *Id.*  Through inadvertence, however, as of the date of the hearing conducted on October 1, 2020, the purpose of which was to consider whether to approve the proposed class action settlement, at least 9,201 members of Group 1 had not received notice via either postcard or email.  *Id.*  The Court therefore directed the Settlement Administrator to engage in further efforts to provide notice to such persons.  *See* Order at ¶ 6 (docket no. 164).

The Settlement Administrator has now reported as follows.  Of the 9,201 individuals who did not previously receive notice, 81 are deceased, and another 205 could not be reached via U.S. mail, email, or social media.  *See* Fellner Decl. at ¶¶ 7-9, 11-12, 14-22 (docket no. 169).  All other members of Group 1 have received direct notice via one method or another, reflecting a success rate of 99.67%, when the deceased persons are excluded from the calculation (*i.e.*, service effected as to 61,961 of 62,166 individuals).  The post-hearing round of notices has resulted in at least 99 additional members of Group 1 being eligible to receive a share of the settlement proceeds.  *See id.* at ¶¶ 11-12, 15, 17, 21, & 26 (indicating that the Settlement Administrator identified 46 postal addresses for individuals in Group 1 and received updated address forms from another 53 members).  Prior to the extended deadline set by the Court, December 7, 2020, the Settlement Administrator received no additional exclusions forms[1] and no further

---

[1] Prior to the October 2020 hearing, 23 individuals had asked to be excluded from the Settlement Class.  *See* Fellner Decl. at ¶ 16 & Ex. D (docket no. 158-1).

ORDER AND JUDGMENT - 2

objection to the proposed settlement.[2]  *Id.* at ¶¶ 24 & 25.  In light of the results of the Settlement Administrator's supplementary attempts to notify all persons in Group 1 of the proposed settlement, the Court ORDERS as follows:

(1) The deferred portion of plaintiff's unopposed motion for final approval of class action settlement, docket no. 158, is GRANTED.

(2) The Court FINDS that, to the extent possible, notice was disseminated to all members of the Settlement Class.  The Court further CONCLUDES that the notice plan outlined in the Preliminary Approval Orders,[3] as supplemented by the Order entered October 22, 2020, docket no. 164, with which the Settlement Administrator has fully complied, provided the "best notice that is practicable under the circumstances," *see* Fed. R. Civ. P. 23(c)(2)(B), and comports with the requirement of due process.

(3) The Court hereby APPROVES the Amended Settlement Agreement and Release executed by Class Representative Kevin Pine and defendant A Place for Mom, Inc., docket no. 139-1 (the "Settlement Agreement"), FINDS that the Settlement Agreement memorializes a fair, reasonable, and adequate settlement as to all Settlement Class members in accordance with Federal Rule of Civil Procedure 23, and DIRECTS that the Settlement Agreement be consummated pursuant to its terms and conditions.

---

[2] Only one objection has been received to date, and the Court has already considered it and concluded that it does not form a basis for rejecting the proposed settlement.  *See* Order at 5 n. 3 (docket no. 164).

[3] The Preliminary Approval Orders include the Order entered December 5, 2019, docket no. 142, and the Minute Orders entered February 12, 2020, May 12, 2020, May 27, 2020, June 15, 2020, and September 17, 2020, docket nos. 144, 148, 151, 156, and 157.

ORDER AND JUDGMENT - 3

(4) The claims of each Settlement Class member that were or could have been asserted in this action are hereby DISMISSED with prejudice, and the release of claims set forth in the Settlement Agreement shall have binding effect, provided, however, that the individuals identified in Exhibit D to the Declaration of Victoria Fellner, docket no. 158-1, who have opted out of the Settlement Class, are not bound by this dismissal or the terms of the Settlement Agreement and shall not receive any of the proceeds of the settlement.

(5) In light of Paragraph 4, above, defendant's motion, docket no. 172, for supplemental briefing concerning any exclusion of individuals in Group 1 to whom notice could not be delivered, is STRICKEN as moot.

(6) The deferred portion of plaintiff's unopposed motion for attorney's fees, costs, and service awards, docket no. 152, is GRANTED.  Class Counsel, Lieff Cabraser Heimann & Bernstein, LLP, Mason Lietz & Klinger LLP, Hussin Law Firm, and Frank Freed Subit & Thomas LLP, are collectively AWARDED $1,500,000 in attorneys' fees and $55,080.60 in costs.  The Court CONCLUDES that the attorneys' fees and costs are fair and reasonable in light of the work performed, the results achieved, and the purposes of the Telephone Consumer Protection Act, pursuant to which this action was brought.

(7) Pursuant to the parties' agreement, and no objection having been made by a member of the Settlement Class, the Electronic Frontier Foundation is DESIGNATED as the *cy pres* beneficiary.  Any proceeds of the Settlement Fund, *see* Settlement Agreement at ¶ 2.40 (docket no. 139-1), that remain after 180 calendar days from the date on which

the last check for a Settlement Award, <u>see id.</u> at ¶ 2.36, was issued shall be paid to the Electronic Frontier Foundation.  <u>See id.</u> at ¶ 7.5(e).

  (8) The Preliminary Approval Orders and the Order entered October 22, 2020, docket no. 164, are INCORPORATED herein by reference.

  (9) Judgment is hereby ENTERED for purposes of Federal Rules of Civil Procedure 58 and 79, and the time period for filing any notice of appeal shall commence on the date of entry of this Order and Judgment.  Without affecting the finality of this Order and Judgment, the Court retains continuing and exclusive jurisdiction over the interpretation, consummation, and enforcement of the Settlement Agreement and the distribution of payments required therein.

  (10) The Clerk is directed to send a copy of this Order and Judgment to all counsel of record and to CLOSE this case.

  IT IS SO ORDERED.

  Dated this 11th day of January, 2021.

Thomas S. Zilly<br>
United States District Judge

ORDER AND JUDGMENT - 5